UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01194-KMT

HAMKIM, INC. D/B/A VISTA INN,

        Plaintiff,

v.

AMGUARD INSURANCE COMPANY,

        Defendant.

### DEFENDANT AMGUARD INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant AmGUARD Insurance Company ("AmGUARD"), by and through counsel, Wilson Elser Moskowitz Edelman and Dicker LLP, hereby responds to Plaintiff's Complaint, as follows:

### PARTIES

1.    AmGUARD does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint, and, therefore, denies the same.

2.    AmGUARD admits that it is a foreign corporation with an active license in the State of Colorado; does not maintain a regular place of business in Colorado; and has a principal place located at 16 S. River Street, Wilkes-Barre, PA 18702.  The remaining allegations contained in Paragraph 2 of the Complaint state a legal conclusion and, therefore, no response is required.  To the extent a response is required, the statutes and rules set forth in Paragraph 2 speak for themselves.

### JURISDICTION AND VENUE

3.    Paragraph 3 of the Complaint states a legal conclusion, and, therefore, no response is required.  To the extent a response is required, AmGUARD is without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 3, and, therefore, deny the same.

4. Paragraph 3 of the Complaint states a legal conclusion, and, therefore, no response is required. To the extent a response is required, AmGUARD is without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 3, and, therefore, deny the same.

## GENERAL ALLEGATIONS

5. AmGUARD admits the allegations contained in Paragraph 5 of the Complaint.

6. AmGUARD states the Policy set forth in Paragraph 6 of the Complaint speaks for itself.

7. AmGUARD is without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 7 of the Complaint, and, therefore, denies the same.

8. AmGUARD admits the allegations contained in Paragraph 8 of the Complaint.

9. AmGUARD is without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 9 of the Complaint, and, therefore, denies the same.

10. AmGUARD is without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 10 of the Complaint, and, therefore, denies the same.

11. AmGUARD admits the allegations contained in Paragraph 11 of the Complaint.

12. AmGUARD admits the allegations contained in Paragraph 12 of the Complaint.

13. AmGUARD denies the allegations contained in Paragraph 13 of the Complaint.

14. AmGUARD denies the allegations contained in Paragraph 14 of the Complaint.

15. AmGUARD denies the allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint states a legal conclusion, and, therefore, no response is required. To the extent a response is required, AmGUARD is without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 16 of the Complaint, and, therefore, denies the same.

17. Paragraph 17 of the Complaint states a legal conclusion, and, therefore, no response is required. To the extent a response is required, AmGUARD denies the allegations contained in Paragraph 17 of the Complaint. Answering further, AmGUARD states the statutes set forth in Paragraph 17 speak for themselves.

18. Paragraph 18 of the Complaint states a legal conclusion, and, therefore, no response is required. To the extent a response is required, AmGUARD denies the allegations contained in Paragraph 18 of the Complaint. Answering further, AmGUARD states the statutes set forth in Paragraph 18 speak for themselves.

19. Paragraph 19 of the Complaint states a legal conclusion, and, therefore, no response is required. To the extent a response is required, AmGUARD denies the allegations contained in Paragraph 19 of the Complaint. Answering further, AmGUARD states the statutes set forth in Paragraph 19 speak for themselves.

20. Paragraph 20 of the Complaint states a legal conclusion, and, therefore, no response is required. To the extent a response is required, AmGUARD denies the allegations contained in Paragraph 20 of the Complaint. Answering further, AmGUARD states the statutes set forth in Paragraph 20 speak for themselves.

21. Paragraph 21 of the Complaint states a legal conclusion, and, therefore, no response is required. To the extent a response is required, AmGUARD denies the allegations contained in Paragraph 21 of the Complaint. Answering further, AmGUARD states the statutes set forth in Paragraph 21 speak for themselves.

22. Paragraph 22 of the Complaint states a legal conclusion, and, therefore, no response is required. To the extent a response is required, AmGUARD denies the allegations contained in Paragraph 22 of the Complaint. Answering further, AmGUARD states the statutes set forth in Paragraph 22 speak for themselves.

23. Paragraph 23 of the Complaint states a legal conclusion, and, therefore, no response is required. To the extent a response is required, AmGUARD denies the allegations contained in Paragraph 23 of the Complaint. Answering further, AmGUARD states the statutes set forth in Paragraph 23 speak for themselves.

24. Paragraph 24 of the Complaint states a legal conclusion, and, therefore, no response is required. To the extent a response is required, AmGUARD denies the allegations contained in Paragraph 24 of the Complaint. Answering further, AmGUARD states the statutes set forth in Paragraph 24 speak for themselves.

25. Paragraph 24 of the Complaint states a legal conclusion, and, therefore, no response is required. To the extent a response is required, AmGUARD is without sufficient information to form a belief as to the veracity of the allegations contained in Paragraph 25 of the Complaint, and, therefore, denies the same. Answering further, AmGUARD states the statutes set forth in Paragraph 24 speak for themselves.

26. AmGUARD denies the allegations contained in Paragraph 26 of the Complaint.

## CLAIM ONE
## BREACH OF CONTRACT

27.  AmGUARD incorporates its responses to Paragraphs 1-26 of the Complaint as though fully set forth herein.

28.  Paragraph 28 of the Complaint states a legal conclusion, and, therefore, no response is required.  To the extent a response is required, AmGUARD denies the allegations contained in Paragraph 28 of the Complaint.

29.  Paragraph 29 of the Complaint states a legal conclusion, and, therefore, no response is required.  To the extent a response is required, AmGUARD denies the allegations contained in Paragraph 29 of the Complaint.

## CLAIM TWO
## VIOLATION OF C.R.S. 10-3-1115(1)(A) AND C.R.S. 10-3-1116(1)

30.  AmGUARD incorporates its responses to Paragraphs 1-29 of the Complaint as though fully set forth herein.

31.  AmGUARD denies the allegations contained in Paragraph 31 of the Complaint.

32.  Paragraph 32 of the Complaint states a legal conclusion, and, therefore, no response is required.  To the extent a response is required, AmGUARD denies the allegations in Paragraph 32 of the Complaint.  Answering further, AmGUARD states the statute set forth in Paragraph 32 speaks for themselves.

## CLAIM THREE
## BAD FAITH BREACH OF INSURANCE CONTRACT

33.  AmGUARD incorporates its responses to Paragraphs 1-32 of the Complaint as though fully set forth herein.

34.  Paragraph 34 of the Complaint states a legal conclusion, and, therefore, no response is required.  To the extent a response is required, AmGUARD admits the existence of any duties imposed by Colorado law.

35.  Paragraph 35 of the Complaint states a legal conclusion, and, therefore, no response is required.  To the extent a response is required, AmGUARD admits the allegations in Paragraph 35 of the Complaint.  Answering further, AmGUARD states Colorado law regarding the implied covenant of good faith and fair dealing speaks for itself.

36. Paragraph 36 of the Complaint states a legal conclusion, and, therefore, no response is required. To the extent a response is required, AmGUARD denies the allegations in subparts a. through j. contained in Paragraph 36 of the Complaint.

37. AmGUARD denies the allegations contained in Paragraph 37 of the Complaint.

38. Paragraph 38 of the Complaint states a legal conclusion, and, therefore, no response is required. To the extent a response is required, AmGUARD denies the allegations in Paragraph 38 of the Complaint.

## DAMAGES

39. AmGUARD incorporates its responses to Paragraphs 1-38 of the Complaint as though fully set forth herein.

40. Paragraph 40 of the Complaint states a legal conclusion, and, therefore, no response is required. To the extent a response is required, AmGUARD denies the allegations in Paragraph 40 of the Complaint.

41. Paragraph 41 of the Complaint states a legal conclusion, and, therefore, no response is required. To the extent a response is required, AmGUARD denies the allegations in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint states a legal conclusion, and, therefore, no response is required. To the extent a response is required, AmGUARD denies the allegations in Paragraph 42 of the Complaint.

## JURY DEMAND

AmGUARD respectfully demand a jury trial on all issues so triable.

## PRAYER FOR RELIEF

AmGUARD denies all allegations contained in Plaintiff's Wherefore Clause, including its subparts (a) through (g).

## GENERAL DENIALS

AmGUARD denies all allegations contained in Plaintiff's Complaint not expressly admitted herein and/or not expressly directed to this answering Defendant.

## DEFENSES AND AFFIRMATIVE DEFENSES

By way of further answer and without admitting any allegation previously denied, AmGUARD asserts the following affirmative defenses. These matters are set forth to apprise Plaintiff of certain potentially applicable defenses. However, by listing any matter as an affirmative defense, AmGUARD does not assume the burden of proving any matter upon which Plaintiff bears the burden of proof.

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, release, and/or estoppel.

3. Plaintiff's claims are barred to the extent that they failed to mitigate, minimize, or avoid any damages it allegedly sustained.

4. Plaintiff's claims may be barred, in whole or in part, by the doctrine of laches.

5. Plaintiff has failed to join necessary and indispensable parties under Fed. R. Civ. P. 19 .

6. AmGUARD acted reasonably at all relevant times with respect to Plaintiff's alleged claims.

7. AmGUARD did not unreasonably delay or deny payment of benefits to Plaintiff.

8. To the extent that Plaintiff has failed to satisfy all conditions precedent to obtaining coverage, there is no coverage under the Policy.

9. Plaintiff's claims may be barred, in whole or in part, to the extent any alleged loss is not covered under any term or condition contained in the Policy.

10. To the extent Plaintiff may have failed to fully perform all of the obligations under the Policy, or to fully comply with the terms, conditions, obligations, limitations, exclusions and endorsements contained in the Policy, AmGUARD's obligation to Plaintiff, if any at all, may be limited or reduced, in whole or in part.

11. Plaintiff's claims are barred, in whole or in part, by the fairly debatable doctrine. *See Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1275 (Colo. 1985); *Pham v. State Farm Mut. Auto. Ins. Co.*, 70 P.3d 567 (Colo. App. 2003).

12. Third parties other than AmGUARD may be responsible for the allegations set forth in the Complaint.

13. To the extent that other insurance applies to the claim, any obligations of AmGUARD, which are denied, are minimized by such other insurance.

14. Any alleged noneconomic damages are limited pursuant to C.R.S. § 13-21- 102.5.

15. Plaintiff's claims are barred by payment.

16. Plaintiff failed to satisfy its duties under the Policy to cooperate and assist AmGUARD in its investigation and adjustment of Plaintiff's claim by, including, but not limited to, failing to provide AmGUARD with full and accurate information regarding the claim. *See State Farm Mut. Auto. Ins. Co. v. Secrist*, 33 P.3d 1272, 1275 (Colo. App. 2001).

17. Plaintiff's claim under C.R.S. § 10-3-1115 is groundless and frivolous. Therefore, AmGUARD is entitled to an award of its costs and attorney's fees under C.R.S. § 10-3-1116(5).

18. The Complaint contains insufficient information to permit AmGUARD to raise all appropriate defenses and, therefore, AmGUARD reserves the right to amend and/or supplement these defenses and to assert additional defenses.

## **DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, AmGUARD prays the Court for the following relief:

1. Order that Plaintiff take nothing by way of its Complaint or for any of their claims for relief alleged therein;

2. Dismiss Plaintiff's Complaint with prejudice;

3. Award AmGUARD its costs, expenses, and attorneys' fees in this action to the fullest extent allowed by law; and

4. Award AmGUARD such relief that this Court may deem just and proper.

RESPECTFULLY submitted this 6th day of May, 2020.

By: /s/ *Robert B. Hinckley, Jr.*
Robert B. Hinckley, Jr., Reg. #33726
Laura J. Ellenberger, #43931
Wilson Elser Moskowitz Edelman & Dicker, LLP
1225 17th Street, Suite 2750
Denver, CO 80202
(303) 572-5300
(303) 573-5301 (fax)
Robert.Hinckley@wilsonelser.com
Laura.Ellenberger@wilsonelser.com
*Attorneys for Defendant AmGUARD Insurance Company*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 6th day of May, 2020, a true and correct copy of the foregoing was filed with the Clerk of the United States District Court using the CM/ECF system, and served to the following:

Michael Y. Kim, #53637
The Michael Kim Law Firm, PLLC
7700 E. Arapahoe Road, Suite 255
Centennial, CO 80112
*Attorney for Plaintiff*

                                             *Robert B. Hinckley Jr.*
                                             Robert B. Hinckley, Jr.