Civil Action No. 1:20-cv-01194-DDD-KMT

HAMKIM, INC. D/B/A VISTA INN,

    Plaintiff,

v.

AMGUARD INSURANCE COMPANY A/K/A

BERKSHIRE HATHAWAY INSURANCE COMPANIES

A/K/A BERKSHIRE HATHAWAY INC.

    Defendant.

## FIRST AMENDED COMPLAINT AND JURY DEMAND

COMES NOW PLAINTIFF, HamKim Inc. d/b/a Vista Inn (herein after referred to as "Plaintiff"), by and through its attorney, Michael Y. Kim, The Michael Kim Law Firm, PLLC, 7700 E. Arapahoe Road, Suite 255, Centennial, CO 80112, and Complains against the above named Defendant as follows:

### PARTIES

1. Plaintiff, HamKim, Inc. d/b/a Vista Inn, is a domestic corporation with its principal office located at 4005 N. Elizabeth St., Pueblo, Colorado 81008. At the time of the formation of the contract in question, Plaintiff's principal office was in Pueblo County, Colorado.

2. Defendant, AmGUARD Insurance Company a/k/a Berkshire Hathaway Insurance Companies a/k/a Berkshire Hathaway Inc. (herein after referred to as "Defendant"), is a foreign corporation, with an active license in the State of Colorado, who upon information and belief does not maintain a regular place of business in this state, and whose principal

office address is 16 S. River Street, Wilkes-Barre, PA 18702. Defendant was duly served and has made an appearance herein.

## JURISDICTION AND VENUE

3. This court has personal jurisdiction over Defendant, because at all times material hereto it acted as an insurance company doing business in the State of Colorado, and Plaintiff's causes of action arise out of Defendant's in-state business activities.

4. Venue is proper in this district because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACT ALLEGATIONS

5. Plaintiff is the owner of insurance policy number HABP014417, issued by Defendant (hereinafter referred to as the "Policy").

6. The Policy's effective date was from February 23, 2019 through February 23, 2020 (herein referred to as the "Policy Period").

7. Plaintiff owned the insured property, which is specifically located at 4005 N. Elizabeth St., Pueblo, Colorado 81008 (hereinafter referred to as the "Property"), during the Policy Period.

8. Defendant or its agent sold the Policy, insuring the Property, to Plaintiff.

9. The Policy covers, among other things, direct physical loss to the Property due from wind, hail, or rain.

10. During the Policy Period a wind, hail and rain storm struck the area surrounding the Property, causing severe damages to homes and businesses throughout the area, including the Property (herein referred to as the Storm).

11. Plaintiff timely submitted its claim to Defendant against the Policy for damage that the Property sustained from the Storm (herein after referred to as the "Claim"). Pursuant to all available policy coverages, Plaintiff asked that Defendant cover the cost of repairs to the Property related to the Storm.

12. Defendant assigned claim number HABP014417-002-002-002 to the Claim.

13. Defendant assigned, William Ardonline, its claims representative and/or adjuster, to the Claim.

14. Mr. Ardonline then hired a third-party adjusting company, Sedgwick, to adjust the claim. Originally, Anthony Bartoli with Sedgwick was assigned to the Claim. Sometime thereafter, it was reassigned to Jeff Taylor.

15. Mr. Taylor inspected the Property on or about July 31, 2019. At this time, Plaintiff does not know the full extent of damages found by Mr. Taylor because Defendant has failed to produce Mr. Taylor's initial report and findings. What Plaintiff does know is that Mr. Taylor's initial report was sent to the Defendant on or about August 17, 2019.

16. Defendant then hired an engineer from HAAG to inspect the Property, likely to underpay/deny the Claim (especially in light of the fact that, to date, Defendant has refused to produce Mr. Taylor's initial report and findings).

17. The engineer inspected the Property on or about September 3, 2019 and issued his report on or about October 1, 2019.

18. In this report, the engineer readily admits that hail struck the Property and that the stucco finish on top of the parapet wall sustained hail damage, but he ultimately concluded that the roofing system did not sustain wind or hail damage.

19. It was clear from the engineer's report that he was hired to do one thing, deny that the roof had sustained hail damage. He noted important findings, including but not limited to the following: (1) the roof is water saturated; (2) there are bare membrane areas exposed to hail; (3) interior leaks in multiple rooms; (4) and hail impact damage to collateral property measuring up to 2 inches. Despite such, he merely dismisses these discoveries without any detailed explanation. Most notable was the fact that he uses CoreLogic as an indicator of whether hail fell at the Property during the Policy Period but did not verify the accuracy of the information by using a second source such as the National Oceanic Atmospheric Administration ("NOAA"), which he used to determine if wind occurred at the Property. CoreLogic is a third-party company often used by insurance carriers to determine if hail fell at a certain location. CoreLogic even admits in its own report that the "REPORT AND THE CORRESPONDING DATA ARE FURNISHED 'AS IS' WITHOUT WARRANTY OF ANY KIND . . . INCLUDING BUT NOT LIMITED TO . . . ACCURACY." The engineer did not verify CoreLogic's information by looking to NOAA's data and when researching wind data on NOAA he does not research the actual date of loss.

20. In or around December 2019, Plaintiff hired a public insurance adjuster, Bill Watterud, to assist with the Claim.

21. On or about December 10, 2019, Mr. Watterud requested a certified copy of the Policy, along with other relevant claim file documents; however, to date, Mr. Watterud, together with Plaintiff, have not been provided with a copy of the certified policy requested from Defendant and/or its agents and/or representatives.

22. On or about December 11, 2019, an adjuster with Defendant conveyed to Mr. Watterud

that Mr. Ardoline would contact him regarding the Claim.

23. By on or about January 12, 2020, Mr. Watterud had not heard from Mr. Ardoline, so Mr. Watterud sent a follow-up email asking Mr. Ardoline to contact him regarding the Claim.

24. The very next day, on or about January 13, 2020, Defendant issued its decision letter (the "Decision Letter")– five and half months after its initial inspection of the Property and the damage reported under the Claim.

25. In the Decision Letter, Defendant misrepresented the amount of damages caused by the Storm and represented in the Claim by completing and submitting an estimate of damages for an amount far less than the true costs to repair the Property to its condition prior to the Storm.

26. Defendant failed to properly inspect the Property, adjust the Claim, and Defendant denied, at least a portion of, the Claim without an adequate investigation, despite the fact that the Policy provided coverage for losses such as those sustained by Plaintiff as a result of the Storm.

27. Such false representations allowed Defendant to financially gain by wrongfully denying, at least in part, the Claim.

28. Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and/or refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the full scope of damages sustained by the Property, and despite all conditions precedent to recovery upon the Policy having been carried out and/or accomplished by Plaintiff.

29. Defendant misrepresented to Plaintiff that at least a portion of the damage to the Property was not covered under the terms of the Policy, even though the damage caused by the Storms constituted a covered occurrence based upon the Policy language. Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendant's conduct also constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

30. Defendant failed to make an attempt to settle the Claim in a fair manner, although they were aware of their liability and obligations to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendant's conduct further constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

31. Defendant also failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle the Claims. Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendant's conduct also constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

32. Defendant failed to affirm or deny coverage of the Claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding

the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendant's conduct further constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

33. Defendant refused to fully compensate Plaintiff under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of the Claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendant's conduct also constitutes a statutory delay and/or denial of the Claim under §10-3-1115 and §10-3-1116.

34. Defendant failed to meet its obligations under the Colorado Insurance Code regarding timely acknowledging the Claim, beginning an investigation of the Claims, and requesting all information reasonably necessary to investigate the Claims within a reasonable amount of time. Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claim Practices Act, C.R.S. §10-3-1104(h). Moreover, Defendant's conduct constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3-1116.

35. Defendant failed to meet its obligations under the Colorado Insurance Code regarding payment of claims without delay. Specifically, Defendant delayed full payment of the Claim for a period longer than allowed. Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendant's conduct further constitutes a statutory delay and/or denial of the claim under

§10-3-1115 and §10-3-1116.

36. At the time the Claim was presented to Defendant, the liability of Defendant to pay the full value of the in accordance with the terms of the Policy was reasonably clear. However, Defendant refused to pay Plaintiff, in full, despite the absence of any basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h). Defendant's conduct also constitutes a statutory delay and/or denial of the claim under §10-3-1115 and §10-3- 1116.

37. Due to Defendant's wrongful acts and/or omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action. Defendant's conduct constitutes a violation of the Colorado Insurance Code and Unfair Claims Practices Act, C.R.S. §10-3-1104(h).

38. Plaintiff's experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling similar claims to the Claims upon which this matter is based. Defendant's entire process for handling such claims is unfairly designed to reach favorable outcomes for the insurance company at the expense of the policyholder, like Plaintiff.

## CLAIM ONE
## BREACH OF CONTRACT

39. Paragraphs 5 through 38 of this pleading are incorporated herein by reference, the same as if fully set forth verbatim.

40. As set forth above, Plaintiff and Defendant entered into an insurance policy covering direct

physical damage to the Property.

41. Plaintiff paid valuable consideration for the Policy and performed all obligations thereunder.

42. A wind, hail and rainstorm struck and significantly damaged the Property during the Policy Period.

43. Subsequently, Defendant failed to perform its contractual duty to Plaintiff under the Policy by failing to adequately compensate Plaintiff under the terms of the Policy for the damage.

44. Defendant also breached its obligations and responsibilities to timely and/or promptly handle and/or pay the Claims.

45. As a result of Defendant's breach, Plaintiff has been damaged, and hereby seeks all available relief, including but not limited to its damages from Defendant, in an amount within the jurisdictional limits of this Court, to be proved at the time of trial.

### CLAIM TWO
### VIOLATION OF C.R.S. 10-3-1115(1)(A) AND C.R.S. 10-3-1116(1)

46. Paragraphs 5 through 45 of this pleading are incorporated herein by reference, the same as if fully set forth verbatim.

47. As set forth herein, Defendant's acts and/or omissions constituted an unreasonable delay and/or denial of payment of the Claims. Defendant delayed and/or denied full payment of the Claims without a reasonable basis for such action.

48. Defendant received notice of the claim in or around July 2019, but failed to render a final decision until January 13, 2020. Defendant had all information it relied upon for its decision by on or about October 1, 2019, and still waited months to ultimately deny the Claim. This was unreasonable.

49. Defendant also failed to fully investigate the damages. It is clear from the engineer's report that further investigation should have taken place. Defendant's engineer conducted a substandard investigation. He found indications that hail and wind damaged the property but dismissed those findings without explanation. Defendant's engineer also failed to investigate why the roof was water saturated and why a significant number of leaks occurred. Instead, he merely claimed that they happened without additional explanation. Defendant's engineer also failed to investigate the weather data available to him at the time. Defendant received the engineer's report and should have further investigated, but merely accepted his favorable findings, waited several months, and then issued its denial letter.

50. As a result of Defendant's acts and/or omissions, Plaintiff has been damaged, and hereby seeks all available relief, including but not limited to its damages, in an amount within the jurisdictional limits of this Court, to be proved at the time of trial. Additionally, pursuant to C.R.S. §10-3-1116(1), Plaintiff is entitled to reasonable attorneys' fees, costs, and two times the covered benefit.

## CLAIM THREE
## BAD FAITH BREACH OF INSURANCE CONTRACT

51. Paragraphs 5 through 50 of this pleading are incorporated herein by reference, the same as if fully set forth verbatim.

52. As a provider of insurance services to the public, Defendant at all times had a duty to act in good faith and fair dealing in everything pertaining thereto, abstain from deceptive or misleading practices and keep, observe, and practice the principles of law and equity in all matters pertaining to the business of insurance.

53. Under Colorado law, every insurance contract contains an implied covenant of good faith

and fair dealing and imposes on insurers a duty to act in good faith with their insured's. Pursuant to its implied duty of good faith and fair dealing, Defendant owed Plaintiff an obligation to treat Plaintiff's interests with equal consideration to their own interests.

54. Defendant breached its duty of good faith and fair dealing owed to Plaintiff, including but not limited to:

   a. Failing to give equal consideration to the interest of Plaintiff, its insured;

   b. When investigating Plaintiff's claims, failing to diligently search for evidence that supported Plaintiff's claims;

   c. Seeking to discover only evidence that defeated Plaintiff's Claims;

   d. Unreasonably delaying and/or withholding benefits under the Policy without a reasonable basis for delaying and/or withholding benefits when it had all information it needed months before rendering a decision letter, with knowledge or reckless disregard of a lack or reasonable basis for delaying and/or withholding benefits;

   e. Refusing to pay the Claim without conducting a reasonable investigation based upon all available information as shown in detail in the "Fact Allegations" of this pleading;

   f. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims after its liability became reasonably clear;

   g. Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy;

   h. Forcing Plaintiff into the costly and lengthy process of litigation; and

      i.      Any further acts which may be discovered.

55. Defendant's aforementioned conduct was unreasonable, and Defendant knew such conduct either was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

56. As a result of Defendant's breach, Plaintiff has been damaged, and hereby seeks all available relief, including but not limited to its damages, in an amount within the jurisdictional limits of this Court, to be proved at the time of trial.

## **DAMAGES**

57. Paragraphs 5 through 56 of this pleading are incorporated herein by reference, the same as if fully set forth verbatim.

58. As a direct and proximate result of Defendant's breach of the Policy, Plaintiff has incurred and seeks to recover all of its compensatory damages in an amount to be proved at the time of trial.

59. As a direct and proximate result of Defendant's violation of C.R.S. §10-3-1115 and C.R.S. §10-3-1116, Plaintiff incurred and is seeking damages in the amount of two times the covered benefit, attorneys' fees, and costs.

60. As a direct and proximate result of Defendant's bad faith breach of its duty of good faith and fair dealing owed to Plaintiff, Plaintiff has incurred and seeks to recover all of its compensatory damages for economic and non-economic losses, as well as punitive damages, in an amount to be proved and/or awarded at the time of trial.

## JURY DEMAND

61. Plaintiff hereby demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of Plaintiff and against Defendant as follows:

    a. Damages in an amount to be proven by Plaintiff;

    b. Punitive damages;

    c. Costs of Court;

    d. Expert witness fees;

    e. Attorneys' fees;

    f. Statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law; and

    g. such other and further relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ *Michael Y. Kim*
Michael Y. Kim, #53637
The Michael Kim Law Firm, PLLC
d/b/a MKim Legal
7700 E. Arapahoe Road, Suite 255
Centennial, Colorado 80112
(720) 356-4002
(214) 357-7531 Facsimile
mkim@mkimlegal.com

ATTORNEY FOR PLAINTIFF
HAMKIM INC. d/b/a VISTA INN

# CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Robert B. Hinckley, Jr., #33726
Laura J. Ellenberger, #43931
Wilson Elser Moskowitz Edelman & Dicker, LLP
1225 17th Street, Suite 2750
Denver, Colorado 80202
(303) 572-5300
(303) 573-5301 Facsimile
Robert.Hinckley@wilsonelser.com
Laura.Ellenberger@wilsonelser.com.

/s/ *Michael Y. Kim*
Michael Y. Kim