IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01194-DDD-KMT

HAMKIM INC. d/b/a VISTA INN,

    Plaintiff,

v.

AMGUARD INSURANCE COMPANY,

    Defendant.

---

## NOTICE OF PLAINTIFF'S FIRST AMENDED
## DESIGNATION OF AFFIRMATIVE RELIEF EXPERTS

---

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

    COMES NOW HamKim, Inc. d/b/a Vista Inn, Plaintiff in the above-styled and numbered cause ("Plaintiff"), and pursuant to Federal Rule of Civil Procedure 26(a)(2), hereby files and serves this, its Notice of Plaintiff's First Amended Designation of Affirmative Relief Experts, disclosing Plaintiff's affirmative relief expert witnesses, as required by the Court's November 13, 2020 Minute Order (Doc. 25), the Court's January 26, 2021 Minute Order (Doc. 30), and the Federal Rules of Civil Procedure.

    1.    Plaintiff hereby designates the following witnesses that Plaintiff intends to use at trial to present evidence under the Federal Rules of Evidence 702, 703, or 705:

    2.    a.    Thomas J. Irmiter
                    Forensic Building Science, Inc.
                    2168 Juliet Avenue
                    St. Paul, Minnesota 55105

Mr. Irmiter's report and estimate, along with the exhibits thereto, if any, as well as his curriculum vitae, are being produced in conjunction with this disclosure via electronic mail and certified mail, return receipt requested, to Defendant and are fully incorporated herein by this specific reference. Mr. Irmiter's report, estimate, exhibits, and curriculum vitae contain matters set forth in Fed. R. Civ. P. 26(a)(2) and are incorporated herein by this specific reference.

      b.      Michael Y. Kim
                 The Michael Kim Law Firm, PLLC
                 d/b/a MKim Legal
                 1001 Bannock Street, Unit 507
                 Denver, Colorado 80204
                 (720) 319-8311
                 (214) 357-7531 Facsimile

Mr. Kim is Plaintiff's counsel in this matter and is being designated herein to testify to the reasonableness and necessity of the attorneys' fees incurred in this matter. In particular, Mr. Kim is expected to testify about the necessity and/or reasonableness of the amounts of fees and/or costs charged to and/or incurred by Plaintiff in this cause. Mr. Kim is also expected to testify in rebuttal to any and all attorneys' fees and costs evidence offered by Defendant in this cause. Mr. Kim is further expected to testify about the reasonable and necessary attorneys' fees and costs for filing, briefing, and having an appeal heard on Plaintiff's affirmative relief claims. In addition to and/or in conjunction with the foregoing testimony, Mr. Kim is also expected to testify about his specialized expertise, knowledge, education, training, and/or experience with respect to the foregoing matters disclosed above, as well as any and all specialized expertise, knowledge, education, training, and/or experience required and/or necessary to handle the claims and/or issues involved in this cause. The general substance of the mental impressions and opinions of Mr. Kim are that the attorneys' fees and costs charged to and/or incurred by Plaintiff in this cause were reasonable and necessary. The mental impressions and opinions of Mr. Kim is based on: (a) his

specialized expertise, knowledge, education, training, and/or experience; (b) his experience and familiarity with fees customarily charged in Colorado, and in the District Court for Colorado, in cases of this type; (c) his personal knowledge, gained by his participation in this cause; (d) the reasonable and necessary legal services performed on behalf of Plaintiff in this cause; (e) his review of the billing records and/or time records for the time spent, the services rendered, and the amounts charged to and/or incurred by Plaintiff; (f) his review of their firm's files in this cause, including but not limited to pleadings, motions, briefs, other documents of record, written discovery, depositions, correspondence, and/or research.  The mental impressions and opinions of Mr. Kim are also based on their review and/or evaluation of the following factors: (a) the time and labor required to handle this case; (b) the relative difficulty and novelty of the legal and factual questions involved in this cause; (c) the skill, knowledge, and training requisite to handle this case properly; (d) the preclusion of other employment by Plaintiff's counsel inherent in taking this case; (e) the fees and/or costs customarily charged by attorneys and/or law firms for work of the nature involved in this case; (f) the fee arrangements between Plaintiff and The Michael Kim Law Firm, PLLC; (g) the amounts in controversy in this case, as well as the results sought by the client; (h) the time limits imposed by the circumstances in this case; (i) the nature and length of the relationship between Plaintiff and The Michael Kim Law Firm, PLLC; and (j) the experience, expertise, abilities, skill, knowledge, training, and reputation of the attorneys handling the work in this case.  Plaintiff expressly reserves his right to amend, supplement, modify, or alter Mr. Kim's opinions, mental impressions, conclusions, reports, and/or testimony.  Mr. Kim is expected to rely upon their personal experience and on the billing records and/or time records (which may be redacted as to certain privileged information) depicting the reasonable and necessary time spent by attorneys on behalf of Plaintiff, the services performed for and/or on behalf of Plaintiff, and the

reasonable and necessary fees and/or costs charged to and/or incurred by Plaintiff for such time and services. Due to the unique nature of expert testimony on attorneys' fees and costs, the litigation, billing, and/or time records of The Michael Kim Law Firm, PLLC are withheld and/or redacted as privileged, except to whatever limited extent may be necessary to prove up the reasonable and necessary attorneys' fees and costs in this cause. Mr. Kim is also expected to rely upon non-privileged information, such as the pleadings and other documents of record, the discovery exchanged, the documents produced and/or referenced by any and all parties and/or witnesses in this cause, and/or the testimony offered and/or provided by any and all parties and/or witnesses in this cause, all of which are hereby referenced and fully incorporated herein by this specific reference, to the extent necessary. The bibliography, CV, and/or resume of Mr. Kim will be made available upon request and/or are available at www.mkimlegal.com, and to the extent necessary, they are hereby referenced and fully incorporated herein by this specific reference. Because the total amount of attorneys' fees and costs, will continue to increase as this lawsuit continues, Plaintiff reserves the right to amend and/or supplement this Designation, and will supplement the documents, which support and/or evidence attorneys' fees and/or costs, and make such documents, to the extent necessary, available for inspection and copying by Defendant at the office of The Michael Kim Law Firm, PLLC, located at 4236 W. Lovers Lane, Dallas, Texas 75209, at a mutually agreeable date and time, as the need arises. Plaintiff reserves the right to supplement and/or amend this Designation in accordance with the Federal Rules of Civil Procedure.

    c. Chris Crosier
       Kevin Kim
       HamKim, Inc. d/b/a Vista Inn
       4005 N. Elizabeth Street
       Pueblo, Colorado 81008
       (719) 543-8050

Mr. Crosier and/or Mr. Kim are non-retained experts. However, Plaintiff did not retain or

specifically employ the Mr. Crosier and/or Mr. Kim to provide expert testimony in this matter, and therefore, they are not subject to the expert report requirements of Rule 26(a)(2)(B) of the Federal Rule of Civil Procedure. Mr. Crosier and/or Mr. Kim are expected to testify as to the loss of occupancy suffered from loss of use due to damage to the property's roof. Mr. Crosier and/or Mr. Kim are also expected to testify to the amount of net profits lost due to the decrease in occupancy. Mr. Crosier and/or Mr. Kim are expected to testify about the necessity of the repairs that have been made and/or that need to be made to the property due to the damage, as well as the reasonableness of the costs that Plaintiff has incurred and/or will incur for those repairs. Mr. Crosier and/or Mr. Kim are also expected to testify to the extent of the loss in net profits which will result from shutting the hotel for repair and remediation to the roof.

At this time, Mr. Crosier and/or Mr. Kim are expected to rely upon their experience in operating the business of the property, including but not limited to the usual income received minus overhead expenses. Mr. Crosier and/or Mr. Kim are also expected to rely upon the discovery exchanged, the documents produced and/or referenced by any and all parties and/or witnesses in this case, and/or the testimony offered and/or provided by any and all parties and/or witnesses in this case, all of which are hereby referenced and fully incorporated herein by this specific reference, to the extent necessary.

    d.    William Cox
Insurance Adjusters Group LLC
P.O. Box 672
Fulton, MO 65251
(866) 362-3929

Mr. Cox is a non-retained expert. However, Plaintiff did not retain or specifically employ Mr. Cox to provide expert testimony in this matter, and therefore, Mr. Cox is not subject to the expert report requirements of Rule 26(a)(2)(B) of the Federal Rule of Civil Procedure. Mr. Cox

is a public adjuster who may testify as to the extent of damages, reasonableness of the cost to repair Plaintiff's property, depreciation of the materials used to repair the property, and industry standards of claims handling.

At this time, Mr. Cox is expected to rely upon his experience as a public adjuster. Mr. Cox is also expected to rely upon the discovery exchanged, the documents produced and/or referenced by any and all parties and/or witnesses in this case, and/or the testimony offered and/or provided by any and all parties and/or witnesses in this case, all of which are hereby referenced and fully incorporated herein by this specific reference, to the extent necessary.

3. Plaintiff reserves the right to call any and all undesignated rebuttal experts, as permitted by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the common law relating to the same, the rulings of the Court, the local rules of the Court, and/or the agreement of the parties, whose testimony cannot be reasonably foreseen until the time of trial and/or the presentation of evidence by Defendant in this matter.

4. Plaintiff also reserves the right to withdraw the designation of any experts, which Plaintiff may have had in this matter, and to aver positively that any such previous designated expert will not be called to testify in this matter, and further, to re-designate any such withdrawn testifying expert as a consulting expert.

5. Plaintiff also reserves the right to elicit any and all expert opinions and/or lay opinion testimony at the time of trial, which would meet the requisite requirements, would be of benefit to the trier-of-fact, and would not violate the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the common law relating to the same, the rulings of the Court, the local rules of the Court, and/or the agreement of the parties.

6. Plaintiff also reserves any and all rights that it may have with respect to experts pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the common law relating to same, the rulings of the Court, the local rules of the Court, and/or the agreement of the parties.

7. Additionally, Plaintiff reserves the right to supplement and/or amend its Designation of Experts, as allowed by and/or pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the common law relating to same, the rulings of the Court, the local rules of the Court, and/or the agreement of the parties.

Respectfully submitted,

/s/ *Michael Y. Kim*
Michael Y. Kim
The Michael Kim Law Firm, PLLC
d/b/a MKim Legal
1001 Bannock Street, Unit 507
Denver, Colorado 80204
(720) 319-8311
(214) 357-7531 Facsimile
mkim@mkimlegal.com

ATTORNEY FOR PLAINTIFF
HAMKIM INC. d/b/a VISTA INN

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2021, the foregoing document was served in accordance with the Federal Rules of Civil Procedure via electronic mail, certified mail, return receipt requested, and/or the Court's CM/ECF system for the United States District court for the District of Colorado to the following counsel of record:

    Robert B. Hinckley, Jr.
    Laura J. Ellenberger
    Wilson Elser Moskowitz Edelman & Dicker, LLP
    1225 17th Street, Suite 2750
    Denver, Colorado 80202
    (303) 572-5300
    Robert.Hinckley@wilsonelser.com
    Laura.Ellenberger@wilsonelser.com.

    /s/ *Michael Y. Kim*
    Michael Y. Kim