# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01194-DDD-KMT

HAMKIM, INC. D/B/A VISTA INN,

    Plaintiff,

v.

AMGUARD INSURANCE COMPANY A/K/A

BERKSHIRE HATHAWAY INSURANCE COMPANIES

A/K/A BERKSHIRE HATHAWAY INC.

    Defendant.

## PLAINTIFF'S PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Comes now HamKim, Inc. d/b/a Vista Inn, Plaintiff in the above-styled and numbered cause ("Plaintiff"), and pursuant to FED. R. CIV. P. 12(c), and 9(c), files this, its Motion for Partial Judgment on the Pleadings,[1] and in support thereof would respectfully show the Court as follows:

---

[1] Alternatively, pursuant to Fed. R. Civ. P. 12(f), Plaintiff moves this Court to strike certain of Defendant's affirmative defenses as set forth herein.

## TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................................. ii

    I.     INTRODUCTION ............................................................................................................. 1

    II.    FACTUAL BACKGROUND ............................................................................................ 2

    III.   EVIDENCE IN SUPPORT OF THIS MOTION ............................................................... 3

    IV.   STANDARD OF REVIEW ............................................................................................... 3

        A.   F ED. R. C IV. P. 12(c) ............................................................................................ 3

        B.   F ED. R. C IV. P. 12(f) ............................................................................................. 3

    V.    ARGUMENT AND AUTHORITIES ................................................................................ 4

        A.   Burdens of pleading and proof regarding conditions precedent .......................... 4

        B.   Plaintiff has satisfied all conditions precedent to its claims for affirmative relief ........... 6

        C.   Defendant failed to meet its burden demonstrating any applicable exclusion bars Plaintiff's claims ................................................................................................. 7

    VI.   CONCLUSION ................................................................................................................. 8

CERTIFICATE OF SERVICE ........................................................................................................... 9

# TABLE OF AUTHORITIES

**CASES**

*Adams v. Jones*,
  577 Fed.Appx. 778 (10th Cir. 2014) .................................................................................. 5

*Anderson v. Van Pelt,*
  2010 WL 5071998 (D. Colo. Dec. 7, 2010) ....................................................................... 6

*Bardill v. Owners Ins. Co.*,
  2019 WL 4744789 (D. Colo. Sept. 30, 2019) .................................................................... 7

*Ciber, Inc. v. ACE American Insurance Company*,
  261 F.Supp.3d 1119 (D. Colo. 2017) ................................................................................ 5

*Cont'l W. Ins. Co. v. Shay Const., Inc.*,
  805 F.Supp.2d 1125 (D. Colo. 2011) ................................................................................ 9

*Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*,
  90 P.3d 814 (Colo. 2004) ................................................................................................ 10

*Creative Consumer Concepts, Inc. v. Kreisler*,
  563 F.3d 1070 (10th Cir. 2009) ......................................................................................... 9

*Cribari v. Allstate Fire & Cas. Ins. Co.*,
  2021 WL 2255008 (10th Cir., June 3, 2021) ..................................................................... 7

*EEOC v. Continental Oil Co.*,
  393 F.Supp. 167 (D. Colo. 1975) ....................................................................................... 7

*Fernandez v. Clean House, LLC*,
  883 F.3d 1296 (10th Cir. 2018) ......................................................................................... 9

*Ginsburg v. Insurance Co. of North America*,
  427 F.2d 1318 (6th Cir. 1970) ........................................................................................... 8

*Gomez v. Toledo*,
  446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980) ...................................................... 9

*Gruber v. Regis Corp.*,
    2019 WL 1083699 (D. Colo., Jan. 31, 2019) ............................................................................ 7

*Hecla Mining Co. v. New Hampshire Ins. Co.*,
    811 P.2d 1083 (Colo. 1991) ................................................................................................... 10

*Jackson v. Seaboard Coast Line R.R. Co.*,
    678 F.2d 992 (11th Cir. 1982) ............................................................................................. 8, 9

*Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc.*,
    2008 WL 140488 (D. Colo. Jan. 11, 2008) .............................................................................. 6

*Liberles v. Cook County*,
    709 F.2d 1122 (7th Cir. 1983) ................................................................................................. 8

*Lumbermens Mutual Ins. Co. v. Bowman*,
    313 F.2d 381 (10th Cir. 1963) ............................................................................................. 8, 9

*Malibu Media, LLC v. Ryder*,
    2014 WL 1040478 (D. Colo. Mar. 18, 2014) .......................................................................... 6

*Nat'l Union Fire Ins. Co. of Pittsburgh v. DISH Network, L.L.C.*,
    445 F.Supp.3d 1191 (D. Colo. 2020) ...................................................................................... 9

*Nelson v. State Farm Mut. Auto Ins. Co.*,
    419 F.3d 1117, (10th Cir. 2005) .............................................................................................. 5

*Omnibank Parker Rd., N.A. v. Emps. Ins. Of Wausau*,
    961 F.2d 1521 (10th Cir. 1992) ............................................................................................. 10

*Pac. Specialty Ins. Co. v. Poirier*,
    408 F.Supp.3d 1241 (D. Colo. 2019) .................................................................................... 10

*Park Univ. Enters. v. Am. Cas. Co.*,
    442 F.3d 1239 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co.*, 545 Fed.Appx. 750, 753 (10th Cir. 2013) ......................................................... 5

*Praetorian Ins. Co. v. Axia Contracting, LLC*,
    488 F.Supp.3d 1042 (D. Colo. 2020) ...................................................................................... 8

*Rosales v. AT & T Info. Sys., Inc.*,
  702 F. Supp. 1489 (D. Colo. 1988) .................................................................................... 7

*Unger v. U.S. West, Inc.*,
  889 F.Supp. 419 (D. Colo. 1995) ....................................................................................... 6

*United States v. Shell Oil Co.*,
  605 F.Supp. 1064 (D. Colo. 1985) ..................................................................................... 6

*Vanderhurst v. Colo. Mountain Coll. Dist.*,
  16 F.Supp.2d 1297 (D. Colo. 1998) ................................................................................... 6

*Walton v. Nalco Chemical Co.*,
  272 F.3d 13 (1st Cir. 2001) ................................................................................................ 8


**RULES**

Fed. R. Civ. P. 8 (2021) ........................................................................................... 3, 6, 9, 10

Fed. R. Civ. P. 9 (2021) ..................................................................................................... 7, 8

Fed. R. Civ. P. 12 (2021) ..................................................................................................... 3, 5


**SECONDARY AUTHORITIES**

5A Charles Alan Wright & Arthur R. Miller,
  Federal Practice and Procedure § 1304 (3d ed. 2004) ...................................................... 7

# I.
# INTRODUCTION

Plaintiff is entitled to judgment on the pleadings on Defendant's affirmative defenses 8, 9, and 10 as asserted in its Answer To Plaintiff's First Amended Complaint And Jury Demand. AmGuard Insurance Company a/k/a Berkshire Hathaway Insurance Companies a/k/a Berkshire Hathaway Inc., Defendant in the above-styled and numbered cause ("Defendant"), has failed to meet the pleading standards under FED. R. CIV. P. 8(c) to sufficiently put Plaintiff on notice. Defendant wholly failed to identify any alleged condition precedent that Plaintiff failed to meet or identify with any specificity any alleged exclusion upon which it based its affirmative defenses #9 and #10. *See* Defendant Amguard Insurance Company's Answer to Plaintiff's First Amended Complaint and Jury Demand ("Defendant's Answer"), p.8 [Doc #22], which is on file with the Court and fully incorporated herein by this specific reference. Contrastingly, Plaintiff specifically plead that "all conditions precedent to recovery upon the Policy [have] been carried out and/or accomplished by Plaintiff." *See* First Amended Complaint and Jury Demand ("Plaintiff's First Amended Complaint"), ¶ 28, which is on file with the Court and fully incorporated herein by this specific reference.

Essentially, Defendant asserted a general denial as to affirmative defense #8, #9, and #10, and failed to assert such affirmative defenses that identified, with particularity, the conditions precedent which were allegedly not met, or any specific exclusion upon which Defendant is attempting to negate coverage. *See* Defendant's Answer, p.8. As such, Plaintiff is entitled to judgment on the pleadings as to the aforementioned affirmative defenses, and Defendant shall be prohibited from denying that Plaintiff's claims are barred based upon such affirmative defenses.[2]

---

[2] As previously set forth, in the alternative, Plaintiff requests the Court strike these affirmative defenses pursuant to FED. R. CIV. P. 12(f).

1

## II.
## FACTUAL BACKGROUND

Plaintiff is the owner of insurance policy number HABP014417, issued by Defendant (hereinafter referred to as the "Policy"). *See* Plaintiff's First Amended Complaint, ¶ 5. The Policy's effective date was from February 23, 2019 through February 23, 2020 (herein referred to as the "Policy Period"). *Id*. at ¶ 6. Plaintiff owned the insured property, which is specifically located at 4005 N. Elizabeth St., Pueblo, Colorado 81008 (hereinafter referred to as the "Property"), during the Policy Period. *See id*. at ¶ 7. Defendant or its agent sold the Policy, insuring the Property, to Plaintiff. *Id.* at ¶ 8. The Policy covers, among other things, direct physical loss to the Property due from wind, hail, or rain. *Id*. at ¶ 9. Plaintiff originally filed suit against its insurance carrier, Defendant, following a hail and windstorm that hit Pueblo County, Colorado, causing significant damage to one of Plaintiff's commercial properties. *See generally* Plaintiff's First Amended Complaint. Within the First Amended Complaint, Plaintiff plead that all conditions precedent to its recovery had been performed. *See* Plaintiff's First Amended Complaint, ¶ 28.

Defendant filed Defendant's Answer on or about July 16, 2020. In Defendant's Answer, Defendant simply asserted a general denial as to Plaintiff's claims that all conditions precedent had been satisfied, and moreover, wholly failed to identify any alleged exclusions which formed the basis for several of its affirmative defenses. *See* Defendant's Answer, p.8. To date, Defendant has failed to amend to specify which conditions precedent it claims were not met, nor has it specified which alleged exclusions to the Policy bar Plaintiff's claims. *Id*. The deadline for amendment of pleadings has long expired. *See* Scheduling Order, which is on file with the Court and fully incorporated herein by this specific reference.

2

# III.
# EVIDENCE IN SUPPORT OF THIS MOTION

As this is a motion for partial judgment on the pleadings, the Court should examine only the allegations found in the pleadings on file with the Court. *See Ciber, Inc. v. ACE American Insurance Company*, 261 F.Supp.3d 1119, 1125 (D. Colo. 2017). Additionally, Plaintiff asks the Court to take judicial notice of the pleadings, documents of record, and any exhibits attached thereto, in the above-styled and numbered cause, which are hereby referenced and fully incorporated herein by this specific reference.

# IV.
# STANDARD OF REVIEW

**A.  FED. R. CIV. P. 12(c)**

After the pleadings are closed but within such time as to not delay trial, any party may move for judgment on the pleadings. FED. R. CIV. P. 12(c). A motion for judgment on the pleadings under Rule 12(c) is subject to "the standard of review applicable to a Rule 12(b)(6) motion to dismiss." *Nelson v. State Farm Mut. Auto Ins. Co.*, 419 F.3d 1117, 1119 (10th Cir. 2005). In so doing, a court must accept all facts pleaded by the non-moving party as true and grant all reasonable inferences from the pleading in favor the same. *See Park Univ. Enters. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co.*, 545 Fed.Appx. 750, 753 (10th Cir. 2013). A motion for judgment on the pleadings "should not be granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Adams v. Jones*, 577 Fed.Appx. 778, 781–82 (10th Cir. 2014) (quoting *Park*, 442 F.3d at 1244).

**B.  FED. R. CIV. P. 12(f)**

"Rule 12(f) permits the Court to 'strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.' 'The purpose of Rule 12(f) is to save

3

the time and money that would be spent litigating issues that will not affect the outcome of the case.'" *Malibu Media, LLC v. Ryder*, 2014 WL 1040478, at *2 (D. Colo. Mar. 18, 2014) (citing *Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc.,* 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Shell Oil Co.,* 605 F.Supp. 1064, 1085 (D. Colo. 1985)))). "Whether to strike an affirmative defense rests within the discretion of the trial court." *Malibu*, 2014 WL 1040478, at *2 (citing *Anderson v. Van Pelt,* 2010 WL 5071998, at *1 (D. Colo. Dec. 7, 2010) (citing *Vanderhurst v. Colo. Mountain Coll. Dist.,* 16 F.Supp.2d 1297, 1303 (D. Colo. 1998))).

"An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance." *Unger v. U.S. West, Inc.,* 889 F.Supp. 419, 422 (D. Colo. 1995). "The standard articulated in *Unger* continues to be the appropriate standard. For the following reasons, the Court holds that an affirmative defense is sufficient if stated "in short and plain terms" pursuant to Rule 8(b)(1)(A), and if the movant fails to demonstrate that the defense cannot succeed under any circumstance." *Malibu Media, LLC v. Ryder*, 2014 WL 1040478, at *2 (D. Colo. Mar. 18, 2014).

## V.

## ARGUMENT AND AUTHORITIES

A.   **Burdens of pleading and proof regarding conditions precedent.**

Federal Rule of Civil Procedure 9(c) governs pleading conditions precedent, and provides in its entirety the following:

> Conditions Precedent. In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. ***But when denying that a condition precedent has occurred or been performed, a party must do so with particularity***.

4

FED. R. CIV. P. 9(c) (emphasis added).   As such, Rule 9(c) expressly allows a party to "allege generally that all conditions precedent have occurred or been performed."   FED. R. CIV. P. 9(c); *EEOC v. Continental Oil Co.*, 393 F.Supp. 167, 171 (D. Colo. 1975).

Plaintiff's general allegation that all conditions precedent to filing suit have been fulfilled complies with Rule 9(c), which permits parties to "allege generally that all conditions precedent have occurred or been performed." FED. R. CIV. P. 9(c). In contrast to an affirmative allegation that conditions precedent were met, Rule 9(c) requires that "when denying that a condition precedent has occurred or been performed, a party *must do so with particularity*." *Cribari v. Allstate Fire & Cas. Ins. Co.*, 2021 WL 2255008, at *9 (10th Cir., June 3, 2021) (emphasis added); *Continental Oil Co.*, 393 F.Supp. at 171. "A party who intends to controvert the claimant's general allegation of performance or occurrence [of conditions precedent] thus *is given the burden of identifying those conditions that the denying party believes are unfulfilled* and wishes to put into issue." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1304, at 330 (3d ed. 2004) (emphasis added); *see also Continental Oil Co.*, 393 F.Supp. at 171 (holding that Rule 9(c) permits a plaintiff in its pleadings to aver generally that all conditions precedent have been satisfied, but it requires that when denying a condition precedent has occurred or been performed, a party must do so with particularity); *Cribari.*, 2021 WL 2255008, at *9; *Bardill v. Owners Ins. Co.*, 2019 WL 4744789, at *6 (D. Colo. Sept. 30, 2019); *Rosales v. AT & T Info. Sys., Inc.*, 702 F. Supp. 1489, 1503-04 (D. Colo. 1988); *Gruber v. Regis Corp.*, 2019 WL 1083699, at *10 (D. Colo., Jan. 31, 2019).

It is well-established that if a party fails to deny satisfaction of conditions precedent with specificity, satisfaction of those conditions is deemed admitted and cannot be challenged later. *See, e.g., Lumbermens Mutual Ins. Co. v. Bowman*, 313 F.2d 381, 387 (10th Cir. 1963) (holding

5

failure of defendant-insurer to specifically deny condition precedent of filing of proof of loss rendered it "not an issue in the case and no evidence in that connection should have been received"); *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1009 (11th Cir. 1982); *Walton v. Nalco Chemical Co.*, 272 F.3d 13, 21 (1st Cir. 2001) ("[P]rovided the complaint includes a general averment that all conditions precedent to suit or recovery have been met, and the defendant does not deny the satisfaction of the preconditions specifically and with particularity, then the plaintiff's allegations are assumed admitted, and the defendant cannot later assert that a condition precedent has not been met.") (quoting *Jackson*); *Liberles v. Cook County*, 709 F.2d 1122, 1125 (7th Cir. 1983); *Ginsburg v. Insurance Co. of North America*, 427 F.2d 1318, 1322 (6th Cir. 1970) (holding general denial of conditions precedent insufficient under Rule 9(c) to make such conditions an issue in the case).

**B.     Plaintiff has satisfied all conditions precedent to its claims for affirmative relief.**

In an action on an insurance policy, the insured policyholder may generally plead compliance with all conditions precedent, but the insurer must plead the insured's failure to comply with particularity. *See* Fed. R. Civ. P. 9(c). The burden is on the insurer to prove a failure to comply either with a condition precedent or an exclusion. *See Praetorian Ins. Co. v. Axia Contracting, LLC,* 488 F.Supp.3d 1042, 1048–49 (D. Colo. 2020).

Plaintiff included an allegation in its live complaint that it had met all conditions precedent, satisfying the requirement of Rule 9(c).  *See* Plaintiff's First Amended Complaint, ¶ 28.  In its live answer, Defendant denied generally that Plaintiff had met conditions precedent, but did not plead any specific allegations as to what conditions precedent had not been met. *See* Defendant's Answer, p.8.

6

Given that Defendant has failed to articulate, with particularity, which conditions precedent it alleges have not been met, all conditions precedent are deemed admitted, and Plaintiff is entitled to judgment as a matter of law as to its meeting the conditions precedent. *See Bowman*, 313 F.2d at 387; *see also Jackson*, 678 F.2d at 1009 ("If the party does not deny the satisfaction of the conditions precedent specifically and with particularity, however, the allegations are *assumed admitted and cannot be attacked*.") (emphasis added). Defendant is thus barred from asserting at trial that all conditions precedent have not been met, and Plaintiff is entitled to a judgment on the pleadings striking such affirmative defense.

## C.  Defendant failed to meet its burden demonstrating any applicable exclusion bars Plaintiff's claims.

"'In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense. . .' and it is the defendant's burden to plead an affirmative defense." *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1298-99 (10th Cir. 2018) (citing *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980) ("[T]he burden of pleading [affirmative defenses] rests with the defendant.")). "Rule 8(c)'s ultimate purpose is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009).

"An insurer claiming that a policy exclusion avoids coverage must establish that the exclusion applies and that the exclusion is not subject to any other reasonable interpretation." *Nat'l Union Fire Ins. Co. of Pittsburgh v. DISH Network, L.L.C.*, 445 F.Supp.3d 1191, 1197 (D. Colo. 2020). "If the insurer claims that coverage does not exist because of an exclusion, the insurer 'must establish that the exemption claimed applies in the particular case, and that the exclusions are not subject to any other reasonable interpretation.'" *Cont'l W. Ins. Co. v. Shay Const., Inc.*,

7

805 F.Supp.2d 1125, 1128 (D. Colo. 2011) (citing *Hecla Mining Co. v. New Hampshire Ins. Co.*, 811 P.2d 1083, 1090 (Colo. 1991)).  Additionally, "[w]here policy exclusions are implicated, 'the insurer bears the burden of establishing that "the allegations in the complaint are solely and entirely within the exclusions in the insurance policy.'" *Pac. Specialty Ins. Co. v. Poirier*, 408 F.Supp.3d 1241, 1246 (D. Colo. 2019) (citing *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.*, 90 P.3d 814, 829 (Colo. 2004)).  In this same regard, "exclusionary clauses must be clear and specific." *Omnibank Parker Rd., N.A. v. Emps. Ins. Of Wausau*, 961 F.2d 1521, 1523 (10th Cir. 1992).

As set forth above, Defendant wholly failed to identify any alleged exclusion upon which it relies upon as an affirmative defense, nor did it allege any specific act of Plaintiff which would fall under any such exclusion.  *See* Defendant's Answer, p.8.  Instead, Defendant leaves Plaintiff to guess, speculate and surmise what defenses it may try to raise at the time of trial, which has precluded Plaintiff's ability to prepare for trial and know what issues will be litigated, in direct conflict with the purpose of the pleading required pursuant to FED. R. CIV. P. 8(c).  As the burden lies with Defendant to plead and prove the applicability of any <u>alleged</u> exclusion, and as Defendant wholly failed to allege any specific exclusion, nor offer any proof in support thereof, Plaintiff is entitled to a judgment on the pleadings on affirmative defense #9 and #10, and Defendant should be precluded from offering any evidence or testimony with regard to exclusions Defendant may claim are applicable to bar Plaintiff's claims in this litigation.

## VI.
## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that its Motion for Partial Judgment on the Pleadings be granted, and that the Court find that Plaintiff has satisfied its conditions precedent to its right to recover, that Defendant has failed to meet its burden to establish its affirmative defense #8, that Defendant has failed to meet its burden with regard to affirmative

8

defenses #9 and #10 as it wholly failed to plead and prove the applicability of any exclusion, and for such other and further relief to which Plaintiff may show itself to be justly entitled.

Respectfully submitted,

By: /s/*Michael Y. Kim*
Michael Y. Kim, #53637
The Michael Kim Law Firm, PLLC
d/b/a MKim Legal
7700 E. Arapahoe Road, Suite 255
Centennial, Colorado 80112
(720) 356-4002
(214) 357-7531 Facsimile
mkim@mkimlegal.com

*/s/Preston J. Dugas III*
Preston J. Dugas III
State Bar No. 24050189
preston@pjdlawfirm.com
**PRESTON DUGAS LAW FIRM, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone:     (817) 945-3061
Facsimile:      (682) 219-0761

ATTORNEYS FOR PLAINTIFF
HAMKIM INC. d/b/a VISTA INN

**CERTIFICATE OF SERVICE**

This is to certify that on July 16, 2021 I electronically filed the foregoing Motion for Partial Judgment on the Pleadings with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Robert B. Hinckley, Jr., #33726
Laura J. Ellenberger, #43931
Wilson Elser Moskowitz Edelman & Dicker, LLP
1225 17th Street, Suite 2750
Denver, Colorado 80202
(303) 572-5300
(303) 573-5301 Facsimile
Robert.Hinckley@wilsonelser.com
Laura.Ellenberger@wilsonelser.com.

/s/*Michael Y. Kim*
Michael Y. Kim

9