**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLORADO**

Civil Action No. 2020-cv-01194-DDD-KMT

HAMKIM, INC. D/B/A VISTA INN,

    Plaintiff,

v.

AMGUARD INSURANCE COMPANY a/k/a
BERKSHIRE HATHAWAY INSURANCE COMPANIES
a/k/a BERKSHIRE HATHAWAY INC.,

    Defendant.

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
PARTIAL MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Defendant, AmGUARD Insurance Company ("AmGUARD" or "Defendant"), through its undersigned counsel, respectfully submits this Response in Opposition to Plaintiff's Partial Motion for Judgment on the Pleadings [*Doc 32*] ("Motion"), and in support states as follows.

### I.    INTRODUCTION

Plaintiff's Motion seeks the entry of judgment on the pleadings in Plaintiff's favor pursuant to Fed. R. Civ. P. 12(c), or in the alternative, requests that the Court strike certain of Defendant's affirmatives defense pursuant to Fed. R. Civ. P. 12(f). Plaintiff argues that three of Defendant's affirmative defenses, as pled, do not meet the pleadings standards of Fed. R. Civ. P. 8(c) to sufficiently put Plaintiff on notice. For all the following reasons, Plaintiff's Motion fails and should be denied on either basis.

## II. BACKGROUND

Plaintiff owns the real property, a hotel known as the Vista Inn, located at 4005 N. Elizabeth St., Pueblo, Colorado 81008 (the "Property"). Defendant AmGUARD issued insurance policy number HABP014417 (the "Policy") to Plaintiff, effective February 23, 2019 through February 23, 2020 (the "Policy Period"), which provides, *inter alia*, coverage for physical loss to the Property in certain instances, and excludes such coverage in other instances. Plaintiff submitted a claim to Defendant against the Policy on or about July 23, 2019, for damage to the Property Plaintiff claims it sustained from a wind, hail and rain storm that occurred "during the Policy Period" (the "Claim"). Following an investigation of the Claim, including an inspection of the Property by a local claims adjuster and a subsequent inspection by a licensed professional engineer, Defendant concluded that there was partially no coverage afforded to Plaintiff under the Policy for the damages Plaintiff asserted.

Defendant notified Plaintiff of the results of this investigation of the Claim via a coverage determination letter addressed to Plaintiff on or about January 13, 2020, which states:

> This letter is to advise you that based upon careful review of the facts surrounding this loss, and the terms, conditions, limitations, exclusions and/or endorsements of the Policy, we have concluded that there is partially no coverage afforded to HAMKIM INC under the AmGUARD Policy for the damages asserted. Accordingly, for the reasons set forth in greater detail below, AmGUARD Insurance Company respectfully disclaims any duty to indemnify (NAMED INSURED) for claims related to this loss.

*See* Excerpts of the June 17, 2021 Rule 30(b)(6) Deposition of Plaintiff HamKim, Inc., attached hereto as **Exhibit A**, and **Deposition Exhibit 17** attached thereto.

Plaintiff did not notify or otherwise communicate to Defendant that it disputed Defendant's determination of partially no coverage for the Claim. Instead, Plaintiff filed a Complaint on or

about April 1, 2020 in the Pueblo County District Court, State of Colorado, alleging breach of contract, violations of C.R.S. § 10-3-1115(1)(A) and § 10-3-1116, and bad faith breach of insurance contract claims against Defendant.  Defendant removed the case to the United States District Court for the District of Colorado, where the case is now pending before this Court.

Counsel for the Parties met and conferred pursuant to Fed. R. Civ. P. 26(f) on May 15, 2020, and submitted a proposed Scheduling Order with the Court on June 3, 2020 [*Doc. 16*], which the Court entered on June 5, 2020 [*Doc. 18*].  In the Scheduling Order, Defendant AmGUARD's Statement of Defenses states:

> Defendant AmGUARD acted reasonably and in good faith with respect to its inspection, investigation, and adjustment of the Claim. AmGUARD did not unreasonably delay or deny payment of benefits to Plaintiff. ***The Policy specifically excludes coverage for loss or damage caused, among other causes, by or resulting from wear and tear, or negligent design, repair, construction, or renovation.*** AmGUARD retained an engineer to inspect the Property, which engineer concluded that the Property's roof showed signs of normal wear and tear for a surface of its age (more than ten years old) and signs of deferred maintenance. Plaintiff's claim under C.R.S. § 10-3- 1115 is groundless and frivolous. Therefore, AmGUARD is entitled to an award of its costs and attorney's fees under C.R.S. § 10-3-1116(5).

Scheduling Order [*Doc. 18*] at p. 3, ¶ 3.b. (emphasis added).

Plaintiff's filed its operative Amended Complaint on July 2, 2020 [*Doc. 21*], and Defendant filed its Answer to Plaintiff's Amended Complaint on July 16, 2020. [*Doc. 22*] ("Answer").  In its Answer, Defendant asserted several affirmative defenses, including, as relevant here:

8. To the extent that Plaintiff has failed to satisfy all conditions precedent to obtaining coverage, there is no coverage under the Policy.

9. Plaintiff's claims may be barred, in whole or in part, to the extent any alleged loss is not covered under any term or condition contained in the Policy.

3

10.     To the extent Plaintiff may have failed to fully perform all of the obligations under the Policy, or to fully comply with the terms, conditions, obligations, limitations, exclusions and endorsements contained in the Policy, AmGUARD's obligation to Plaintiff, if any at all, may be limited or reduced, in whole or in part.

*See* Answer at p. 8.

Following the pleading stage, the Parties engaged in written discovery, exchanged expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2), and Defendant took the Rule 30(b)(6) deposition of Plaintiff HamKim, Inc., through Plaintiff's designated representative, Chris Crosier. The discovery period closed on June 25, 2021, per the Court's Minute Order dated January 26, 2020 [*Doc. 30*]. Also pursuant to that Minute Order, the dispositive motion deadline was extended to July 16, 2021. On that deadline, July 16, 2021, and exactly a year after Defendant filed its Answer to Plaintiff's Amended Complaint, Plaintiff filed the subject Motion, arguing these three affirmative defenses stated in Defendant's Answer are insufficient pursuant to Fed. R. Civ. P. 8(c).

At this time, no pre-trial conference or trial date has been scheduled in this matter.

### III.     LEGAL STANDARDS

Under Colorado law, it is the Plaintiff's burden to prove it is entitled to recover under the general provisions of the policy at issue. *See Rodriguez v. Safeco Ins. Co.*, 821 P.2d 849, 853 (Colo. App. 1991).

#### A.     Affirmative Defense Pleading Standard Pursuant to Rule 8(c)

Pleading of affirmative defenses is governed by Fed. R. Civ. P. 8(c), which requires only that a defendant "affirmatively state any avoidance or affirmative defense." The general rule is that a party waives its right to raise an affirmative defense at trial when the party fails to raise the defense in its pleadings. *Hassan v. U.S. Postal Service*, 842 F.2d 260, 263 (10th Cir. 1988). However, in considering this rule, we must keep in perspective that "the liberal pleading rules

4

established by the Federal Rules of Civil Procedure apply to the pleading of affirmative defenses." *Id*. Therefore, "[w]e must avoid hypertechnicality in pleading requirements and focus, instead, on enforcing the actual purpose of the rule." *Id*. "Rule 8(c)'s ultimate purpose is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it. When a plaintiff has notice that an affirmative defense will be raised at trial, the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice. And, when the failure to raise an affirmative defense does not prejudice the plaintiff, it is not error for the trial court to hear evidence on the issue." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009).

Further, Rule 8(c) does not mirror the language of Rule 8(a), which requires a "short and plain statement of the claim showing the pleader is entitled to relief…" Fed. R. Civ. P. 8(a). Nor does it include the "short and plain terms" requirement of Rule 8(b) for admissions or denials to specific allegations. *See Lane v. Page*, 272 F.R.D. 581, 592 (D.N.M. 2011); *see also Holdbrook v. SAIA Motor Freight Line, LLC*, No. 09-cv-02870-LTB-BNB, 2010 U.S. Dist. LEXIS 29377, 2010 WL 865380, at *2-5 (D. Colo. Mar. 8, 2010) (declining to apply *Twombly* and *Iqbal* to affirmative defenses in part because a defendant is given only 21 days to respond to a complaint and assert its affirmative defenses); *see also Michaud v. Greenberg & Sada, P.C.*, Civil Action No. 11-cv-01015-RPM-MEH, 2011 U.S. Dist. LEXIS 77521, at *7 (D. Colo. July 18, 2011) (quoting *Cagle v. The James St. Grp.*, 400 F. App'x 348, 355 (10th Cir. 2010) ([T]he "rules do not require a party to plead every step of legal reasoning that may be raised in support of its affirmative defense; they only require a defendant to state in short and plain terms its defenses to a plaintiff's claims.").

The Court in *Michaud* offered the following explanation and sound reasoning for maintaining the distinction between the pleading standards of Rule 8(a) and Rule 8(c):

> Rule 8(c) corroborates this distinction by laying out the specific rules for pleading an affirmative defense, without any mention of showing an entitlement to such defense through the inclusion of factual support. Practical considerations further support this finding; like the *Holdbrook* court, this Court believes it is untenable to require a defendant to plead an affirmative defense with the same level of thoroughness required to state a claim for relief, considering the limited time frame to produce an answer. Moreover, discovery is oftentimes needed to fully explore relevant defenses, as the grounds for certain defenses may rely on a plaintiff's own conduct. A short and plain statement of the affirmative defense (which of course must comport with Rule 11(b)'s requirements) provides notice to a plaintiff, who can then use the discovery process to investigate more fully the factual basis supporting the defense.

*Michaud,* 2011 U.S. Dist. LEXIS 77521, at *7.

### B.     Motion for Judgment on the Pleadings Standard Pursuant to Rule 12(c)

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) may be filed only "[a]fter the pleadings are closed." Fed. R. Civ. P. 12(c). A Rule 12(c) Motion is evaluated under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *See Corder v. Lewis Palmer Sch. Dist. No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009). However, courts consider a "broader factual record when evaluating a Rule 12(c) motion; the court is not limited to the well-pled allegations contained in the Complaint but instead considers 'the complaint, the answer, any written documents attached to them, ***and any matter of which the court can take judicial notice for the factual background of the case***.'" *Tuttle v. Nationwide Affinity Ins. Co. of Am.*, Civil Action No. 19-cv-00526-NYW, 2019 U.S. Dist. LEXIS 86142, at *3-4 (D. Colo. May 22, 2019) (quoting *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (emphasis added).

6

A court should not grant a Rule 12(c) motion unless "the moving party clearly establishes that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Ciber, Inc. v. ACE Am. Ins. Co.*, 261 F. Supp. 3d 1119, 1125 (D. Colo. 2017) (quoting *Park Univ. Enters., Inc. v. Am. Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006)). "A plaintiff may not secure a judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *SKS Invs. Ltd. v. Gilman Metals Co.*, No. 12-cv-00806-LTB-CBS, 2013 U.S. Dist. LEXIS 9042, 2013 WL 249099, at *1 (D. Colo. Jan. 23, 2013) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (3d ed. 2004)).

### C.     Motion to Strike Insufficient Defenses Pursuant to Rule 12(f)

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to strike from a pleading an "insufficient" defense. Fed. R. Civ. P. 12(f). "An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance." *Unger v. U.S. West, Inc.*, 889 F. Supp. 419, 422 (D. Colo.1995). "A motion to strike an affirmative defense is adjudicated under the same standard as a motion to dismiss: namely, the Court must strike the defense only if it cannot be maintained under any set of circumstances." *S.E.C. v. Nacchio*, 438 F. Supp. 2d 1266, 1287 (D. Colo. 2006); *see also Malibu Media, LLC v. Butler*, No. 13-cv-02707-WYD-MEH, 2014 U.S. Dist. LEXIS 129318, 2014 WL 4627454, at *1 (D. Colo. Sept. 16, 2014) (characterizing the appropriate inquiry for whether to strike a defense as whether the defense "could succeed as a matter of law").

The purpose of Rule 12(f) is "to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." *Sierra Club v. Tri-State Generation & Transmission Ass'n*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citing *United States v. Smuggler-Durant*

7

*Mining Corp.*, 823 F. Supp. 873, 875 (D. Colo. 1993)).  However, motions to strike are disfavored and will only be granted under the rarest of circumstances. *Sierra Club*, 173 F.R.D. at 285. "[S]triking an affirmative defense is considered a 'severe remedy,' and courts within this district have recognized that defenses should not be stricken 'if there is any real doubt' about their validity, and that 'the benefit of any doubt should be given to the pleader.'" *Alarid v. Biomet, Inc.*, No. 14-cv-02667-REB-NYW, 2015 U.S. Dist. LEXIS 143710, 2015 WL 6376171, at *2 (D. Colo. Oct. 22, 2015) (quoting *Chavaria v. Peak Vista Cmty. Health Ctrs.*, No. 08-cv-01466-LTB-MJW, 2008 U.S. Dist. LEXIS 91529, 2008 WL 4830792, at *1 (D. Colo. Nov. 5, 2008)).

## IV.   ARGUMENT

A. **Plaintiff Received Sufficient Notice Both Before and Throughout These Proceedings Regarding the Factual Basis for Affirmatives Defenses Nos. 8, 9, and 10.**

For Plaintiff to argue that it is not on notice of the factual and legal bases for the three affirmative defenses Plaintiff alleges are insufficient is absurd.

First, in its operative Amended Complaint, Plaintiff refers to a "Decision Letter" dated January 13, 2020 issued by Defendant [*Doc. 21* at ¶ 24].  The "Decision Letter" to which Plaintiff refers is the coverage determination letter cited above [Deposition Exhibit 17 to Exhibit A, attached hereto].  In this Decision Letter, which Plaintiff admits to receiving in January of 2020, Defendant refers Plaintiff to specific Policy Exclusions to illustrate the reason for Defendant's partial denial of coverage for the claimed loss.  Specifically, the determination letter includes and quotes the following Exclusions from the Policy as the bases for its partial denial of coverage:

> **B. Exclusions**
> *2. We will not pay for loss or damage caused by or resulting from any of the following:*
> **I. Other Types Of Loss**
> *(1) Wear and tear;*
> *(2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;*

8

> *(4) Settling, cracking, shrinking or expansion;*
> **p. Continuous Or Repeated Seepage Or Leakage Of Water**
> *Continuous or repeated seepage or leak-age of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.*
> *3. We will not pay for loss or damage caused by or resulting from any of the following Paragraphs **a.** through **c.** But if an excluded cause of loss that is listed in Paragraphs **a.** through **c.** results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.*
> **c. Negligent Work**
> *Faulty, inadequate or defective:*
> *(2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;*
> *(3) Materials used in repair, construction, renovation or remodeling; or*
> *(4) Maintenance; of part or all of any property on or off the described premises.*

*See* Deposition Exhibit 17 at p. 3 to **Exhibit A**.

Accordingly, Plaintiff was on notice at least as early as January 13, 2020, of the Policy Exclusions that apply to limit or reduce coverage for Plaintiff's alleged loss.

Next, included in the Scheduling Order entered June 5, 2020, Statement of Defense, Defendant again referred Plaintiff to the Policy, which "specifically excludes coverage for loss or damage caused, among other causes, by or resulting from wear and tear, or negligent design, repair, construction, or renovation. AmGUARD retained an engineer to inspect the Property, which engineer concluded that the Property's roof showed signs of normal wear and tear for a surface of its age (more than ten years old) and signs of deferred maintenance." *See* Scheduling Order [*Doc. 18*] at p. 3, ¶ 3.b.  Therefore, Plaintiff was again put on notice of the specific Policy exclusions that apply to limit or reduce coverage for Plaintiff's alleged loss, and which provide the factual support for Affirmative Defenses Nos. 8, 9 and 10.

On August 20, 2020, Defendant responded to Plaintiff's First Set of Interrogatories, Request for Admissions, and Request for Production Combined, which responses are attached hereto as **Exhibit B**.  Plaintiff's Interrogatory No. 4 asked Defendant to identify all exclusions under the Policy applied to the Claim.  In answering this Interrogation, and pursuant to Fed. R.

Civ. P. 33(d), Defendant again referred Plaintiff to the January 13, 2020 Letter, which enumerates those specific Policy exclusions, quoted above.  Thus, Plaintiff was again put on notice of which policy exclusions apply to the Claim and form the factual support for Affirmative Defenses Nos. 8, 9 and 10.

Finally, undersigned counsel conducted the Rule 30(b)(6) deposition of Plaintiff HamKim, Inc., through its representative Chris Crosier, on June 17, 2021.  Plaintiff was extensively questioned regarding the condition of the Property's roof prior to the alleged date of loss; repairs and maintenance Plaintiff or its agents performed to the roof prior to the alleged date of loss; and Defendant's investigation of the Claim and inspections of the Property. *See*, *generally*, **Exhibit A**, Excerpts of Rule 30(b)(6) Deposition of HamKim, Inc.  Plaintiff admitted that Plaintiff received and reviewed the January 13, 2020 determination letter, and that it understood Defendant's position that certain exclusions, cited above, apply to limit or reduce coverage for Plaintiff's alleged loss, and which provide the factual support for Affirmative Defenses Nos. 8, 9 and 10. *See* **Exhibit A** at pp. 153 – 162.

**B.    Defendant Has Met the Rule 8(c) Standard of Pleading Affirmative Defenses**

Defendant's Affirmative Defenses Nos. 8, 9, and 10 meet the liberal standard of pleading pursuant to Rule 8(c), which requires only that a defendant "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c).  In its Motion, however, Plaintiff conflates (or confuses) this liberal pleading standard with the burden of *proving* such affirmative defenses.

For example, all of the cases Plaintiff cites in support of its argument that Affirmative Defenses Nos. 9 and 10 are insufficiently pled are decisions on motions for summary judgment. *See* Motion at pp. 7-8.  None of these cases address the Rule 8(c) pleading standard and are,

10

therefore, inapposite to the determination of Plaintiff's Motion. *See Nat'l Union Fire Ins. Co. of Pittsburgh v. DISH Network, L.L.C.*, 445 F.Supp.3d 1191, 1197 (D. Colo. 2020) (granting insurer's motion for summary judgment on a declaratory judgment action regarding a duty to defend); *Cont'l W. Ins. Co. v. Shay Const., Inc.*, 805 F.Supp.2d 1125, 1128 (D. Colo. 2011) (granting insurer's motion for summary judgment on declaratory judgment action); *Pac. Specialty Ins. Co. v. Poirier*, 408 F.Supp.3d 1241, 1246 (D. Colo. 2019) (granting insurer's motion for summary judgment on declaratory judgment action); *Omnibank Parker Rd., N.A. v. Emps. Ins. Of Wausau*, 961 F.2d 1521, 1523 (10th Cir. 1992) (affirming district court's order granting summary judgment in favor of insurer).

Plaintiff presents no legal or factual explanation or basis to support its Motion, other than a single conclusory statement that, "Defendant leaves Plaintiff to guess, speculate, and surmise what defenses it may try to raise at the time of trial." *See* Motion at p. 8. As demonstrated in detail above, Plaintiff has been on notice for over a year and a half, since at least January of 2020, of the Policy exclusions that apply to limit and reduce its Claim. Defendant has maintained its position that these exclusions apply throughout the course of this litigation, and has restated this position in the Scheduling Order, its Answer, and its responses to written discovery.

Plaintiff further argues that Defendant has "wholly failed to allege any specific exclusion, nor offer any proof in support thereof…" *Id*. Perhaps Plaintiff (or its counsel) has not reviewed the January 2020 determination letter; the pre-litigation report prepared by a professional engineer, Matthew Sitzmann, following his inspection of the Property and investigation of the Claim, which was disclosed to Plaintiff, at the very latest, in Defendant's Initial Fed. R. Civ. P. 26(a)(1) Disclosures on May 29, 2020; or Mr. Sitzmann's expert rebuttal report disclosed pursuant

to Fed. R. Civ. P. 26(a)(2) on April 16, 2021. Had it reviewed the pleadings, filings, discovery responses, documents and reports disclosed throughout the course of this litigation, there would be no room for guessing, speculation or surmising as to what Defendant's defenses are in this litigation. Because the "ultimate purpose" of Rule 8(c) is "to guarantee that the opposing party has notice of any additional issue that may be raised at trial," when such notice is given before trial, as in this case, "it is not error for the trial court to hear evidence on the issue." *MDM Grp. Assocs. v. Resortquest Int'l, Inc.*, Civil Action No. 06-cv-01518-PAB-KLM, 2009 U.S. Dist. LEXIS 82318, at *51 (D. Colo. Sep. 9, 2009) (quoting *Creative Consumer Concepts*, 563 F.3d at 1076). Accordingly, Plaintiff's Motion fails and should be denied.

## V.     CONCLUSION

Defendant sufficiently pled the contested Affirmatives Defenses Nos. 8, 9 and 10 pursuant to the Rule 8(c) liberal pleading standard. Therefore, Plaintiff's Motion for Judgment on the Pleadings fails, as does its alternative Motion to Strike those affirmatives defenses. Should the Court determine that Affirmative Defenses Nos. 8, 9, or 10 are not sufficiently pled, Defendant hereby requests leave to amend its Answer pursuant to Fed. R. Civ. P. 15(a).

DATED: August 6, 2021.

        Respectfully submitted,

        By:  /s/ *Laura J. Ellenberger*
        Robert B. Hinckley, Jr., Reg. #33726
        Laura J. Ellenberger, #43931
        Wilson Elser Moskowitz Edelman & Dicker, LLP
        1225 17th Street, Suite 2750
        Denver, CO 80202
        (303) 572-5300
        (303) 573-5301 (fax)
        Robert.Hinckley@wilsonelser.com
        Laura.Ellenberger@wilsonelser.com
        *Attorneys for Defendant*
        *AmGUARD Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of August, 2021, a true and correct copy of the foregoing was filed with the Clerk of the United States District Court using the CM/ECF system, and served to all counsel of record.

        /s/ *Laura J. Ellenberger*
        Laura J. Ellenberger

13