# UNITED STATES DISTRICT COURT

# DISTRICT OF COLORADO

Civil Action No. 2020-cv-01194-KMT

HAMKIM, INC. D/B/A VISTA INN,

       Plaintiff,

v.

AMGUARD INSURANCE COMPANY,

       Defendant.

---

**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUEST FOR ADMISSIONS, AND REQUEST FOR PRODUCTION COMBINED**

---

Defendant AmGUARD Insurance Company ("AmGUARD" or "Defendant"), through counsel, hereby submits the following responses to Plaintiff's First Set of Interrogatories, Requests for Admission, and Requests for Production, Combined as follows:

## GENERAL OBJECTIONS

1.    Defendant generally objects to the format of Plaintiff's discovery requests as not in keeping with the requirements set forth in Fed. R. Civ. P. 26(b)(1). By identifying and making information and/or documents available in response to Plaintiff's discovery requests, Defendant does not waive and do not intend to waive any objections which it may have about Plaintiff's use of this information and/or documents and expressly reserves (1) all questions about the competency, privilege, relevance, materiality, authenticity and admissibility of all information and/or documents produced and the contents thereof; (2) the right to object to Plaintiff's use of any produced information and/or document, in whole or in part, or to the subject matter covered thereby in any later stage or proceeding in this litigation, on any or all grounds set forth herein; and (3) the right to object on any and all proper grounds, at any time, to the discovery procedures

**EXHIBIT B**

involving or relating to the subject matter of the information and/or documents hereby made available.

2.     Defendant generally objects to Plaintiff's written discovery to the extent it seeks to impose requirements or obligations upon Defendant that are inconsistent with the Federal Rules of Civil Procedure.

3.     Defendant generally objects to Plaintiff's written discovery to the extent it calls for the production of information that is not material, necessary, nor relevant to this litigation.

4.     Defendant generally objects to Plaintiff's written discovery to the extent it is vague, overly burdensome, ambiguous, overly broad, and disproportionate to the claims and issues in the case, and does not identify with particularity the information sought.

5.     Defendant generally objects to Plaintiff's written discovery to the extent that it is not limited in terms of relevant time frame and seek to impose obligations and burdens beyond those permitted by the Federal Rules of Civil Procedure.

6.     Defendant generally objects to Plaintiff's written discovery on the grounds and to the extent that it covers persons and business entities which are not parties to this action.

7.     Defendant generally objects to Plaintiff's written discovery on the grounds and to the extent that it requires searching and/or obtaining information and/or documents which are not within its possession, custody, and control.

8.     Defendant generally objects to Plaintiff's written discovery on the grounds and to the extent that it seeks any information and/or documents the disclosure of which would violate rights of privacy and other judicially recognized protections and privileges, confidentiality agreements or arrangements or court orders restricting dissemination of information and/or documents, or result in disclosure of confidential trade secrets or proprietary information, materials prepared in anticipation of litigation, or confidential settlement discussions or conduct.

9.     Defendant generally objects to Plaintiff's written discovery to the extent it violates Fed. R. Civ. P. 33 by seeking, in one interrogatory, information on multiple subjects.

10.    Each of these general objections is incorporated into each and every response as though fully set forth therein in addition to any specific objection stated.

11.    Privileged information responsive to any discovery request is not being provided. Defendant does not waive, and intends to preserve and is preserving, the attorney/client privilege, the work product doctrine and every other privilege or doctrine with respect to any and all information and/or documents protected by same.

**EXHIBIT B**

12.     These responses and objections are based on information now known.  Defendant has not yet completed its investigation of the facts pertaining to this action and, therefore, reserve their right to amend, modify, or supplement the objections, answers or responses stated herein.

13.     Without waiver of, limited by, and subject to these objections, Defendant has endeavored to respond to Plaintiff's discovery requests.  These responses are based upon information known or believed by Defendant at the time of answering.  Defendant reserves the right to amend these answers if it learns of new information and/or documents through ongoing investigation and discovery.

14.     Defendant will supplement these responses to the extent required under the Federal Rules of Civil Procedure.

## RESPONSES TO FIRST SET INTERROGATORIES

1.  Identify the name, address, and role in the Claim, if any, for all persons providing information in answering these interrogatories.

    **ANSWER**:  **AmGUARD objects to this interrogatory on the basis it seeks privileged information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and seeks information subject to privacy rights.**

    **Without waiving such objections and subject to the same, AmGUARD states: William Ardoline and Anthony Bartoli, claims adjusters with AmGUARD, both care of counsel.**

2.  Identify all persons and/or entities who handled the Claim on behalf of Defendant. If You hired a third party to adjust Plaintiff's claim, please state the amount of money You paid for the third party's services.

    **ANSWER:  AmGUARD objects to this interrogatory on the basis it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and seeks confidential business information. AmGUARD further objects on the ground that the interrogatory is compound.**

    **Without waiving such objections and subject to the same, AmGUARD states: William Ardoline and Anthony Bartoli, claims adjusters with AmGUARD; and Jeff Taylor, independent adjuster, with Sedgwick.**

3.  Please state whether Defendant conducted an inspection of the Property prior to entering into an insurance agreement with Plaintiff. If Defendant did conduct an inspection, please provide the name, address, and telephone number of the person who performed the inspection and if a report was issued.

**EXHIBIT B**

**ANSWER**: An inspection of the Property was performed on or about April 13, 2017, by Harry Dhaliwal, an underwriter with AmGUARD. Mr. Dhaliwal may be contacted through undersigned counsel. A report was issue and will be produced pursuant to a mutually agreeable protective order.

4. Identify all exclusions under the Policy applied to the Claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

    **ANSWER**: Please see previously produced January 13, 2020 Letter from AmGUARD to HamKim, Inc. (Bates Labeled AMGUARD_000001-5).

5. Describe how You determined to hire Sedgwick Property and Loss Adjustment to inspect the Property and identify the number of times You have hired Sedgwick Property and Loss Adjustment in the past to handle similar claims.

    **ANSWER: AmGUARD objects to this interrogatory on the basis it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and seeks confidential business information. AmGUARD further objects to this interrogatory as vague and ambiguous.**

    **Subject to and without waiving such objections, AmGUARD states: AmGUARD maintains a working relationship with Sedgwick, one of the largest independent adjusting firms in the country, because Sedgwick has a good reputation and AmGUARD has had good experiences working with Sedgwick in the past because Sedgwick's adjusters are communicative and ensure claims are handled properly. AmGUARD has retained Sedgwick for countless matters over the course of the parties' business relationship.**

6. Identify all items on the Claim made the basis of this Lawsuit to which Defendant applied depreciation during the claims handling process, stating for each item the criteria used and the age of the item.

    **ANSWER: Please refer to previously produced Sedgwick Report (Bates Labeled AMGUARD_0000082-87). AmGUARD relies on the reports provided by Sedgwick. Pursuant to the Sedgwick Report, no depreciation was taken in this instance. Instead, the replacement cost value was used to value the Claim.**

7. To the extent Defendant utilized an estimating software program and modified the manufacturer's settings with respect to the Claim, identify those modifications.

    **ANSWER: AmGUARD did not use estimating software with respect to this Claim. Upon information and belief, Sedgwick utilized Xactimate software to value the Claim.**

4

**EXHIBIT B**

8. To extent Defendant is aware, state whether the estimate(s) prepared for the Claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the Claim made the basis this Lawsuit.

   **ANSWER**: **To AmGUARD's knowledge, no estimates prepared for the Claim either wrongly included or excluded any item or payment.**

9. Please state whether Jeff Taylor was a licensed insurance adjuster in the State of Colorado in July of 2019. If he was, please provide the license number, the date of issuance, and the date of expiration.

   **ANSWER**: **AmGUARD objects to this interrogatory on the basis it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and seeks confidential business information. AmGUARD further objects to this interrogatory as it seeks public information that is equally available to Plaintiff.**

10. Please state whether You or someone on Your behalf inspected the Property from January 1, 2018 through today. If Your answer is yes, please provide the date and time of the inspection, identify who the person(s) is that inspected the Property, the amount of time expended at the inspection actually examining the Property, and a detailed list of the specific property inspected.

    **ANSWER:** **Please see Sedgwick Report dated July 17, 2019 (AMGUARD_0000734-755); Sedgwick Report dated August 5, 2019 (AMGUARD_0000965-1002); and Haag Report dated October 1, 2019 (AMGUARD_0000391-425).**

11. Please state whether Plaintiff has paid each and every monthly premium payment and the amount paid by Plaintiff during the duration of the Policy.

    **ANSWER**: **AmGUARD states that HamKim, Inc.'s monthly premium payments are on a direct draft payment plan. Plaintiff's August 2018 monthly payment was returned by the bank. All other payments have been timely made.**

12. Please state the following:

    (a) the date You received notice of the Claim;
    (b) the date You acknowledged receipt of the Claim;
    (c) the date You commenced any investigation into the Claim;
    (d) what items you requested from Plaintiff that You believed would be required from Plaintiff to evaluate the Claim, and
    (e) the date You received all items, statements, and forms required by Plaintiff to secure a final proof of loss.

**ANSWER**:   AmGuard objects to this interrogatory as vague and ambiguous. AmGUARD further objects on the grounds that the interrogatory is compound.

(a) July 23, 2019
(b) July 23, 2019
(c) July 23, 2019
(d) AmGUARD did not request documents or other items from the Plaintiff.  Any such request would have come from Jeff Taylor, Sedgwick, who was retained by AmGUARD to investigate the Claim.
(e) *See* Response to (d).

13. Please describe in detail Your reasoning for denying portions or all of the Claim.

**ANSWER**:  Please see January 13, 2020 Letter from AmGUARD to HamKim, Inc. (AMGUARD_000001-5); Sedgwick Report (AMGUARD_0000007-12); and Haag Report dated October 1, 2019 (AMGUARD_0000391-425).

### REQUEST FOR ADMISSIONS TO DEFENDANT

**REQUEST FOR ADMISSION NO. 1:**

Admit you committed statutory bad faith in adjusting Plaintiff's claim.

**RESPONSE:  Denied.**

**REQUEST FOR ADMISSION NO. 2:**

Admit you committed common law bad faith in adjusting Plaintiff's claim.

**RESPONSE:  Denied.**

**REQUEST FOR ADMISSION NO. 3:**

Admit you breached the insurance agreement by failing to pay the full amount owed there under.

**RESPONSE: Denied.**

**REQUEST FOR ADMISSION NO. 4:**

Admit you breached the insurance agreement by failing to pay the full amount owed there under on a timely basis.

**RESPONSE: Denied.**

**EXHIBIT B**

**REQUEST FOR ADMISSION NO. 5:**

Admit that a storm event occurred in Pueblo County during the Policy Period.

**RESPONSE: AmGUARD objects to this Request for Admission as outside the scope of AmGUARD's knowledge. This Request is, therefore, denied.**

**REQUEST FOR ADMISSION NO. 6:**

Admit that Plaintiff paid its premium each and every month it was obligated under the Policy.

**RESPONSE:  Admit.**

**REQUEST FOR ADMISSION NO. 7:**

Admit that Plaintiff and Defendant entered into a valid and enforceable insurance policy that covered the Property during July 2019.

**RESPONSE:  Defendant objects to this Request for Admission as vague and calling for a legal conclusion.  This request is, therefore, denied.**

### REQUEST FOR PRODUCTION TO DEFENDANT

1. The following insurance documents issued for the Property as identified in live complaint in this Lawsuit:

    a. the Policy at issue for the wind/hailstorm as identified in live complaint in this Lawsuit; and

    b. the policy declarations page for the Policy for the 3 years preceding the storm(s) (at issue in this Lawsuit) and any endorsements.

    **RESPONSE:  See AmGUARD's initial and supplemental disclosures.**

2. Produce Your entire Underwriting File for the Property.

    **RESPONSE: AmGUARD objects to this request to the extent that it seeks documents, information or knowledge protected by privilege, including the attorney client privilege and work product doctrine. Further, AmGUARD objects to this request as vague, overly broad, and unduly burdensome because such information is not relevant to any party's claim or defense.  Additionally, AmGUARD objects to this request to the extent it seeks documents, information or knowledge that constitute trade secrets, proprietary business information, commercially sensitive information, or information in which its employees, agents or representatives have a privacy interest.**

7

**EXHIBIT B**

>  **Subject to and without waiving the foregoing objections, AmGUARD states that non-privileged portions of the underwriting file will be produced pursuant to a mutually agreeable protective order.**

3. All documents relating to the condition of the Property prior to the date of loss at issue in this Lawsuit.

   **RESPONSE: AmGUARD objects to this request as vague, overly broad, and unduly burdensome because such information is not relevant to any party's claim or defense. Additionally, AmGUARD objects to this request to the extent it seeks documents, information or knowledge that constitute trade secrets, proprietary business information, commercially sensitive information, or information in which its employees, agents or representatives have a privacy interest.**

   **Subject to and without waiving the foregoing objections, AmGUARD states that any responsive documents to this Request will be produced upon receipt.**

4. All documents relating to any prior insurance claims associated with the Property.

   **RESPONSE: AmGUARD objects to this request as vague, overly broad, and unduly burdensome because such information is not relevant to any party's claim or defense. Additionally, AmGUARD objects to this request to the extent it seeks documents, information or knowledge that constitute trade secrets, proprietary business information, commercially sensitive information, or information in which its employees, agents or representatives have a privacy interest.**

   **Subject to and without waiving the foregoing objections, AmGUARD states that any responsive documents to this Request will be produced upon receipt.**

5. All requests for information, whether informally or through a deposition upon written questions, to any third party in relation to the Property.

   **RESPONSE: AmGUARD objects to this request to the extent that it seeks documents, information or knowledge protected by privilege, including the attorney client privilege and work product doctrine.**

   **Subject to the foregoing objection, none at this time.**

6. All requests for information, whether informally or through a deposition upon written questions, relating to Plaintiff.

   **RESPONSE: AmGUARD objects to this request to the extent that it seeks documents, information or knowledge protected by privilege, including the attorney client privilege and work product doctrine.**

**EXHIBIT B**

**Subject to the foregoing objection, none at this time.**

7. All documents used to instruct, advise, guide, inform, educate, or assist any person handling the Claim made the basis of this Lawsuit. This request is limited to documents related to the adjustment of claims similar to the one at issue in this Lawsuit, i.e., hail property damage.

    **RESPONSE: AmGUARD objects to this request to the extent that it seeks documents, information or knowledge protected by privilege, including the attorney client privilege and work product doctrine. Further, AmGUARD objects to this request as vague, overly broad, and unduly burdensome because such information is not relevant to any party's claim or defense. Additionally, AmGUARD objects to this request to the extent it seeks documents, information or knowledge that constitute trade secrets, proprietary business information, commercially sensitive information, or information in which its employees, agents or representatives have a privacy interest.**

8. All documents received (prior to litigation) directly from Plaintiff(s) or a representative of Plaintiff. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

    **RESPONSE:  AmGUARD objects to this request as vague, overly broad, and unduly burdensome.**

    **Subject to and without waiving the foregoing objections, AmGUARD states that any responsive documents to this Request will be produced upon receipt.**

9. Produce a copy of all price lists used to prepare any estimates for the Claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

    **RESPONSE: AmGUARD objects to this request as vague, overly broad, and unduly burdensome.**

    **Subject to the foregoing objection, none at this time.**

10. A complete copy of the personnel file (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the Claim, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years. This request excludes any medical records or information related to any Persons' health.

9

**EXHIBIT B**

    **RESPONSE: AmGUARD objects to this request to the extent that it seeks documents, information or knowledge protected by privilege, including the attorney client privilege and work product doctrine. Further, AmGUARD objects to this request as vague, overly broad, and unduly burdensome because such information is not relevant to any party's claim or defense.  Additionally, AmGUARD objects to this request to the extent it seeks documents, information or knowledge that constitute trade secrets, proprietary business information, commercially sensitive information, or information in which its employees, agents or representatives have a privacy interest.**

11. If an engineer and/or engineering firm evaluated the Property prior to Your denial/payment of the Claim, produce all communication between You and the engineer firm and its representatives.

    **RESPONSE: AmGUARD objects to this request to the extent that it seeks documents, information or knowledge protected by privilege, including the attorney client privilege and work product doctrine.**

    **Subject to the foregoing objection, none at this time.**

12. If an engineer and/or engineering firm evaluated the Property prior to Your denial/payment of the Claim, produce all reports written at Your request by that engineer or engineering firm within the last 5 years.

    **RESPONSE: AmGUARD objects to this request to the extent that it seeks documents, information or knowledge protected by privilege, including the attorney client privilege and work product doctrine. Further, AmGUARD objects to this request as vague, overly broad, and unduly burdensome because such information is not relevant to any party's claim or defense.  Additionally, AmGUARD objects to this request to the extent it seeks documents, information or knowledge that constitute trade secrets, proprietary business information, commercially sensitive information, or information in which its employees, agents or representatives have a privacy interest.**

13. If an engineer and/or engineering firm evaluated the Property prior to Your denial/payment of the Claim, produce all invoices and payment of services related to the engineer's work on the Claim.

    **RESPONSE: AmGUARD objects to this request to the extent that it seeks documents, information or knowledge protected by privilege, including the attorney client privilege and work product doctrine. Further, AmGUARD objects to this request as vague, overly broad, and unduly burdensome because such information is not relevant to any party's claim or defense.  Additionally, AmGUARD objects to this request to the extent it seeks documents, information or knowledge that constitute trade secrets, proprietary business information, commercially sensitive information,**

**EXHIBIT B**

or information in which its employees, agents or representatives have a privacy interest.

**Subject to and without waiving the foregoing objections, AmGUARD states that any responsive documents to this Request will be produced upon receipt.**

14. All documents relating to issues of honesty, criminal actions, past criminal record, criminal conduct, fraud investigation, and/or inappropriate behavior, which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the Claim made the basis of this Lawsuit, Plaintiff(s), or any person assisting on the Claim made the basis of this Lawsuit.

    **RESPONSE:** AmGUARD objects to this request to the extent that it seeks documents, information or knowledge protected by privilege, including the attorney client privilege and work product doctrine. Further, AmGUARD objects to this request as vague, overly broad, and unduly burdensome because such information is not relevant to any party's claim or defense. Additionally, AmGUARD objects to this request to the extent it seeks documents, information or knowledge that constitute trade secrets, proprietary business information, commercially sensitive information, or information in which its employees, agents or representatives have a privacy interest.

15. All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the Claim made the basis of this Lawsuit.

    **RESPONSE:** AmGUARD objects to this request to the extent that it seeks documents, information or knowledge protected by privilege, including the attorney client privilege and work product doctrine. Further, AmGUARD objects to this request as vague, overly broad, and unduly burdensome because such information is not relevant to any party's claim or defense. Additionally, AmGUARD objects to this request to the extent it seeks documents, information or knowledge that constitute trade secrets, proprietary business information, commercially sensitive information, or information in which its employees, agents or representatives have a privacy interest.

16. All documents between Defendant and any third party who worked on the Claim in any way.

    **RESPONSE:** AmGUARD objects to this request to the extent that it seeks documents, information or knowledge protected by privilege, including the attorney client privilege and work product doctrine. Further, AmGUARD objects to this request as vague, overly broad, and unduly burdensome because such information is not relevant to any party's claim or defense.

**EXHIBIT B**

> **Subject to and without waiving the foregoing objections, AmGUARD refers Plaintiff to its initial and supplemental disclosures. AmGUARD further states that any additional responsive documents to this Request will be produced upon receipt.**

17. The entire claim file related to the Claim, including but not limited to a certified copy of the Policy.

    **RESPONSE:** See AmGUARD's initial and supplemental disclosures.

18. Produce any documents You have related to the storm event(s) that occurred during the Policy Period.

    **RESPONSE:** See AmGUARD's initial and supplemental disclosures.

19. Produce all treatises, scholarly articles, or other similar documents You rely upon in formulating Your opinion that any exclusion applies to the Claim.

    **RESPONSE: AmGUARD objects to this request to the extent that it seeks documents, information or knowledge protected by privilege, including the attorney client privilege and work product doctrine.**

    **Subject to and without waiving the foregoing objections, AmGUARD responds that it does not currently have in its possession any documents responsive to this request.**

20. Produce a complete copy of Your testifying expert's entire file for this Lawsuit.

    **RESPONSE: AmGUARD objects to this request to the extent that it seeks documents, information or knowledge protected by privilege, including the attorney client privilege and work product doctrine. Additionally, AmGUARD objects to this request because it is premature and seeks documents discoverable pursuant to the expert disclosure deadlines.**

    **Subject to and without waiving the foregoing objections, AmGUARD responds that it does not currently have in its possession any documents responsive to this request.**

21. Produce a complete copy of all documents Your testifying experts reviewed and/or relied upon in formulating his/her opinions in this Lawsuit.

    **RESPONSE: AmGUARD objects to this request to the extent that it seeks documents, information or knowledge protected by privilege, including the attorney client privilege and work product doctrine. Additionally, AmGUARD objects to this request because it is premature and seeks documents discoverable pursuant to the expert disclosure deadlines.**

    **Subject to and without waiving the foregoing objections, AmGUARD responds that it does not currently have in its possession any documents responsive to this request.**

**EXHIBIT B**

22. Produce all deposition transcripts of Your testifying experts for the past ten years.

**RESPONSE: AmGUARD objects to this request because it is premature and seeks documents discoverable pursuant to the expert disclosure deadlines.**

**Subject to and without waiving the foregoing objections, AmGUARD responds that it does not currently have in its possession any documents responsive to this request.**

DATED: August 20 , 2020.

          Respectfully submitted,

By:  /s/ *Robert B. Hinckley, Jr.*
Robert B. Hinckley, Jr., Reg. #33726
Laura J. Ellenberger, #43931
Wilson Elser Moskowitz Edelman & Dicker, LLP
1225 17th Street, Suite 2750
Denver, CO 80202
(303) 572-5300
(303) 573-5301 (fax)
Robert.Hinckley@wilsonelser.com
Laura.Ellenberger@wilsonelser.com
*Attorneys for Defendant AmGUARD Insurance Company*

### CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August 2020, a true and correct copy of the foregoing was served to the following via email:

Michael Y. Kim, #53637
The Michael Kim Law Firm, PLLC
7700 E. Arapahoe Road, Suite 255
Centennial, CO 80112
mkim@mkimlegal.com
*Attorney for Plaintiff*

          /s/ *Robert B. Hinckley, Jr.*
          Robert B. Hinckley, Jr.

**EXHIBIT B**

## VERIFICATION

  I, William Ardoline, pursuant to 28 U.S.C. § 1746, verify under penalty of perjury that I have read the above Responses to Plaintiff's Interrogatories, and, as a representative of AmGUARD Insurance Company, I verify under penalty of perjury, that the above responses to the Plaintiff's Interrogatories are true and correct to the best of my knowledge.

*/s/ Bill Ardoline*

———————————————————

William Ardoline
P&C CLAIMS ADJUSTER II
AmGUARD Insurance Company

**REMAINDER OF THIS PAGE LEFT BLANK INTENTIONALLY**

**EXHIBIT B**