**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1:20-cv-01194-DDD-MDB

HAMKIM INC., d/b/a Vista Inn,

    Plaintiff,

v.

AMGUARD INSURANCE COMPANY, a/k/a Berkshire Hathaway Insurance Companies, a/k/a Berkshire Hathaway Inc.,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S PARTIAL MOTION
FOR JUDGMENT ON THE PLEADINGS**

---

Plaintiff HamKim Inc. moves, pursuant to Federal Rule of Civil Procedure 12(c), for judgment on the pleadings as to certain of Defendant AmGUARD Insurance Company's defenses, or in the alternative, to strike those defenses pursuant to Rule 12(f). (Doc. 32.) For the following reasons, the motion is DENIED.

## BACKGROUND

HamKim's complaint alleges, in short, that it owned property insured by AmGUARD; that said property was damaged by a covered wind, hail, and rain storm; and that AmGUARD improperly denied a portion of HamKim's insurance claim for the cost of repairs to the property related to that storm. (*See* Doc. 21 ¶¶ 5-38.) HamKim brings a breach-of-contract claim, a claim for unreasonable delay or denial of

- 1 -

payment, and a claim for bad-faith breach of an insurance contract. (*Id.* ¶¶ 39-56.) AmGUARD asserts various defenses, including:

> 8. To the extent that HamKim has failed to satisfy all conditions precedent to obtaining coverage, there is no coverage under the Policy.
>
> 9. Plaintiff's claims may be barred, in whole or in part, to the extent any alleged loss is not covered under any term or condition contained in the Policy.
>
> 10. To the extent Plaintiff may have failed to fully perform all of the obligations under the Policy, or to fully comply with the terms, conditions, obligations, limitations, exclusions and endorsements contained in the Policy, AmGUARD's obligation to Plaintiff, if any at all, may be limited or reduced, in whole or in part.

(Doc. 22 at 8-9.) HamKim moves for a judgment on the pleadings as to those affirmative defenses, on the basis that they are insufficiently specific. (Doc. 32 at 1, 2.)

## DISCUSSION

Fed. R. Civ. P. 8(c) requires parties to "affirmatively state any avoidance or affirmative defense." Rule 8(c) does not require detailed statements of defenses. "As long as an affirmative defense is raised in the trial court in a manner that does not result in unfair surprise, technical failure to comply with Rule 8(c) is not fatal," even if the defense is no more than "the bare assertion of a defense without being articulated with any rigorous degree of specificity." *Crutcher v. MultiPlan, Inc.*, 22 F.4th 756, 766 (8th Cir. 2022).

When the affirmative defense is the denial of a condition precedent, however, Fed. R. Civ. P. 9(c) requires that it be pled "with particularity." "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been

performed or occurred. A denial of performance or occurrence shall be made specifically and with particularity." *Ginsburg v. Ins. Co. of N. Am.*, 427 F.2d 1318, 1322 (6th Cir. 1970). "A party who intends to controvert the claimant's general allegation of performance or occurrence is given the burden of identifying those conditions that the denying party believes are unfulfilled and wishes to put into issue." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1306 (4th ed. 2008).

Two of the challenged defenses, numbers 8 and 10, deny HamKim's performance under the contract. Defense 8 states that "to the extent that Plaintiff failed to satisfy all conditions precedent to obtaining coverage, there is no coverage under the Policy" and defense 10 states that "to the extent Plaintiff may have failed to fully perform all of the obligations under the Policy, or to fully comply with the terms, conditions, obligations, limitations, exclusions and endorsements contained in the Policy, Amguard's obligation to the Plaintiff . . . may be limited or reduced." (Doc. 22 at 8.) Defense 9, that "Plaintiff's claims may be barred, in whole or in part, to the extent any alleged loss is not covered under any term or condition contained in the Policy," concerns contractual language, as opposed to a condition precedent, and therefore is not subject to the heightened pleading standard. *Id.*

Rule 12(f) offers the ordinary avenue to strike insufficient pleadings. Under Ruler 12(f), courts may strike from a pleading an insufficient defense on its own or "on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Defendants filed their answer on July 16, 2020, and HamKim missed the August 6 deadline to file a 12(f) motion. (Doc. 22.) Instead, HamKim proceeds now under both Rule 12(f) and Rule 12(c), which provides that "after the pleadings are closed—but

early enough not to delay trial—a party may move for judgment on the pleadings."

HamKim's motion to strike would have been meritorious if it had been filed in time as a Rule 12(f) motion. But it wasn't. The federal rules prevent parties from filing Rule 12(f) motions more than 21 days after being served with a pleading to provide stability in the parameters of the case. The plaintiff may not move to strike defenses after it has litigated the case and received the benefit of discovery.

That is presumably the reason HamKim couched its motion as one also for judgment on the pleadings under Rule 12(c). But that too is improper. Judgment on the pleadings is appropriate where "a court determines that there is no material issue of fact presented and that one party is clearly entitled to judgment." *Flora v. Home Fed. Sav. and Loan Ass'n*, 685 F.2d 209, 212 (7th Cir. 1982). "If a plaintiff seeks to dispute the legal sufficiency of fewer than all of the defenses raised in the defendant's pleading, he should proceed under Rule 12(f) rather than under Ruler 12(c) because the latter leads to the entry of a judgment." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1369 (4th ed. 2008). Here, HamKim seeks to strike three of Defendant's defenses, but does not seek entry of judgment, and even if the challenged defenses were stricken, would not be entitled to it because they are not AmGUARD's only defenses.

The parties have managed to conduct discovery and litigate the case thus far despite the Answer's relative lack of specificity. There is no reason to change course now.

## CONCLUSION

It is ORDERED that Plaintiff's Partial Motion for Judgment on the Pleadings (Doc. 32) is DENIED.

DATED: January 18, 2023                    BY THE COURT:

                                                                  ~~Daniel D.~~ Domenico
                                                                  United States District Judge