# UNITED STATES DISTRICT COURT

# DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01194-DDD-MDB

HAMKIM, INC., d/b/a/ VISTA INN,

       Plaintiff,

v.

AMGUARD INSURANCE COMPANY, a/k/a BERKSHIRE HATHAWAY
INSURANCE COMPANIES, a/k/a BERKSHIRE HATHWAY INC.,

       Defendant.

---

## PROPOSED JURY INSTRUCTIONS

---

       Pursuant to the Court's Order [Dkt. No. 43 at 4], Plaintiff HamKim, Inc. d/b/a Vista, Inn ("Plaintiff" or "Vista Inn" and Defendant AmGuard Insurance Company ("Defendant" or "AmGuard") (collectively "the Parties"), by and through their respective attorneys, hereby submit the following set of proposed jury instructions for use at trial. These proposed jury instructions and questions are based on the causes of action and defenses asserted by the parties' pleadings. The Parties reserve the right to withdraw, amend, modify, and/or add to these instructions at any time before closing argument to conform to the evidence admitted at trial. The Parties will continue to work together before the Final Pretrial Conference to resolve their differences.

By: */s/ Michael Y. Kim*
Michael Y. Kim, #53637
mkim@mkimlegal.com

**THE MICHAEL KIM LAW FIRM, PLLC**
1001 Bannock Street, Suite 126
Denver, Colorado 80204
Telephone:      (303) 569-8288
Facsimile:      (214) 357-7531

-AND-

Preston J. Dugas III, #24050189
pdugas@dcclawfirm.com

**PRESTON DUGAS LAW FIRM, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone:      (817) 945-3061
Facsimile:      (682) 219-0761

**ATTORNEYS FOR PLAINTIFF**

By: */s/ Laura J. Ellenberger*
Jason Melichar, Reg. #31114
jason.melichar@wilsonelser.com
Laura J. Ellenberger, #43931
laura.ellenberger@wilsonelser.com

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**
1225 17th Street, Suite 1700
Denver, Colorado 80202
Telephone:      (303) 572-5300
Facsimile:      (303) 573-5301

**ATTORNEYS FOR DEFENDANT AMGUARD
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record pursuant to the Federal Rules of Civil Procedure on March 22, 2023 in manner described below:

*Via e-serve*
Michael Y. Kim, #53637
mkim@mkimlegal.com

**THE MICHAEL KIM LAW FIRM, PLLC**
1001 Bannock Street, Suite 126
Denver, Colorado 80204
Telephone:      (303) 569-8288
Facsimile:      (214) 357-7531

**ATTORNEY FOR PLAINTIFF**

*/s/ Laura J. Ellenberger*
Laura J. Ellenberger.

## STIPULATED INSTRUCTION NO. 1[1]

Members of the Jury, now that you have been sworn to try this case, I will instruct you as to your conduct during the course of trial.

You may discuss the evidence during the trial, but only among yourselves and only in the jury room when all of you are present.

You must not, individually or as a group, discuss or form final opinions about any fact, or about any potential outcome of this case until after you have heard and considered all of the evidence, the closing arguments of the lawyers, and the final instructions I will give you on the law. Keep an open mind during the trial. Form your final opinions only after you have discussed this case as a group in the jury room at the end of the trial.

Do not talk with anyone else about this case, including your family and friends, the parties, their attorneys, witnesses, representatives of the media, or court staff, until this trial is over, and you have been formally discharged by the Court. At that time, you will be free to discuss this case with anyone if you wish to do so; you simply must not do so before the trial is over, and you have been formally discharged by the Court.

If anyone tries to talk with you or if you overhear others talking about any party, witness(s), evidence, or anything else about this case, walk away. Immediately notify the Bailiff, who will notify me. Also, do not read or listen to any accounts or discussions of the case that may be reported by newspapers or other publications or by television or radio.

As jurors, your job is to decide this case based solely on the evidence presented during the trial and the instructions that I will give you. You are not investigators or researchers, so you must not read or use any other material of any kind to obtain information about the case or to help you decide the case. This prohibition applies, to newspapers, magazines, television and radio broadcasts, dictionaries, medical, scientific, or technical publications, religious books or materials, law books, and the Internet. I want to emphasize that you must not seek or receive any information about this case from the Internet, which includes all social networking, Google, Wikipedia, blogs, and other websites.

If you were to violate this rule by receiving outside information about the case, it could force me to declare a mistrial, meaning that the trial would have to start over before a different jury, and all of the parties' work, my work, and your work on this trial would be wasted.

Therefore, it is very important that you not receive outside information about this case, whether it comes from other people, from the media, from books or publications, or from the Internet. You are free to use the Internet, but only for purposes unrelated to this case. Do not search for or receive any information about the parties, the lawyers, the witnesses, the judge, the evidence you will hear, or any place or location mentioned during the trial. Do not research the law. Do not look up the meaning of any words or scientific, or technical terms used during the

---

[1] *See* Colorado Jury Instructions for Civil Trial 2023, 1:1 (cited as CJI-Civ.) (modified); CJI-Civ. 1:4 (Pre-deliberation and Communications with Others); CJI-Civ. 1:5 (Outside Information).

trial. If necessary, I will give you definitions of words or terms before you begin your deliberations.

Also, you are not allowed to visit any place(s) involved in this case. If you normally travel through such a place, you should try to take a different route until I tell you that your jury service is completed. If you cannot take a different route, you must not stop or attempt to gather any information from that location.

Until I tell you that your jury service is completed, do not communicate with anyone, including family and friends, about the evidence or the issues in this case. This prohibition applies to all forms of communication, including in-person conversations, written communications, telephone or cell phone calls, and electronic communications through any device. For example, you must not communicate about this case by email, text messages, Twitter, blogging, or social media, (i.e., Facebook, Instagram, etc…).

When court is not in session, you may communicate about anything other than this case. You may tell others that you are on a jury and that you cannot talk about the trial until it is over, and you may tell them the estimated schedule of the trial, but do not tell them anything else about the case. If anyone tries to communicate with you about anything concerning the case, you must stop the communication immediately and report it to the Bailiff, who will notify me.

There will be six jurors in this case. The jury will consider the evidence and reach a verdict with the help of instructions about the law. The Court will now read you some of the instructions that may apply in this case. These are preliminary instructions about the law and may not be exactly the same as the final instructions about the law you will be given at the end of the case to use in your deliberations. If there is any difference between the preliminary and final instructions, you must follow and be governed by the final instructions in deciding the case. You should not be concerned about any difference between the preliminary instructions and the final instructions.

The jury must decide what the facts are from the evidence you hear and see during the trial.
You have a duty to be fair and impartial.

In this case, the parties are entitled to a jury trial. Trial by jury is part of our American system of justice. Each juror plays an equal and important part in this system. It is your duty to give this case your close attention, absolute fairness, and good judgment.

We estimate that this trial will last four business days.

You will not be required to stay together at noon or at night until the case is finally given to you for your decision.

Do not discuss this case among yourselves, or with anyone else, or read, view, or listen to any reports about the case in the press, radio, or television, or form or express any opinion on the outcome.

## STIPULATED INSTRUCTION NO. 2[2]

I will now explain the procedure that is usually followed during a trial. I am giving you preliminary instructions in order to provide you with a framework for the evidence that will be presented.

The attorneys will then have the opportunity to present opening statements. The purpose of opening statements is to give you an outline of each party's claims and defenses. You must remember, however, that what is said in opening statements and all other statements made by the attorneys are not evidence. Your verdict must be based upon the evidence in this case and the instructions regarding the law that governs this case. The evidence usually consists of the sworn testimony of witnesses, the exhibits which are received, and any facts which are admitted or agreed to, or are judicially noticed.

Also, during the course of this trial, I, and the attorneys may make brief statements summarizing the evidence already presented and outlining how this evidence relates to evidence that will be presented later in the trial. These statements are not evidence and are only made for the purpose of assisting you in understanding this case.

Once the trial begins, the Plaintiff's attorney will present evidence. The Defendant's attorney is permitted to cross-examine all witnesses presented by the Plaintiff. Upon the conclusion of the Plaintiff's case, the defendant's attorney may offer evidence on behalf of the defendant but is not required to do so. If the defendant presents witnesses in response to the Plaintiff's evidence or to establish any defense, the Plaintiff's attorney may cross-examine them. The Plaintiff's attorney may choose to present further evidence in response to any evidence presented by the Defendant.

After all the evidence has been received, I will give you final instructions on the law applicable to this particular case. After you have received all the instructions on the law governing this case, each attorney may present a final argument to you. The Plaintiff's attorney will first present his or her closing argument. Thereafter, the defendant's attorney will make a closing argument. The Plaintiff's attorney may respond to any statements made by the Defendant's attorney. After arguments are concluded, the case will be given to you for decision.

It is the right of an attorney to object when testimony or other evidence is offered which the attorney believes is not admissible. When I sustain an objection to a question, the jurors must disregard the question and must draw no conclusion from the question nor guess what the witness would have said. If any answer has been given, the jurors must disregard it.

When I sustain an objection to any evidence or strike any evidence, the jurors must disregard that evidence. When I overrule an objection to any evidence, the jurors must not give that evidence any more weight than if the objection had not been made. You should not be prejudiced against any party because that party's attorney makes an objection.

Legal arguments are occasionally required to be considered outside the presence of the jury. This may cause delay. All rulings I am required to make will be based solely on the law.

---

[2] *See* CJI-Civ. 1:7(Trial Procedures) (modified).

You must not infer from any ruling or from anything I say during trial I hold any views either for or against any party to this case.

During recesses and adjournments of court, you will be free to separate, to eat lunch, and to go home at the end of the day. During these times, you are not to discuss this case with one another or anyone else. Furthermore, you must not talk with any of the parties to this case, their attorneys, witnesses, or representatives of the media until after you have reached your verdict and have been discharged by the Court as jurors in this case.

We have a Bailiff, (name), and (he) (she) is here to take care of your needs during the course of this trial. Do not discuss this case with the Bailiff. If you have any personal problems or needs, take it up with (name of Bailiff) and (he) (she) will notify me.

## STIPULATED INSTRUCTION NO. 3[3]

You have received writing materials. You may use these materials to take notes during the trial. However, you are not required to do so.

If you take notes, you should not allow the note-taking to detract from your close attention to each witness and his or her testimony and all other evidence received during the trial.

Take notes sparingly. Do not try to summarize all testimony. For example, notes can be particularly helpful when dealing with measurements, times, distance, identities and relationships.

Whether you take notes or not, you should rely on your memory as much as possible and not upon your notes or the notes of other jurors. Any notes you take are to refresh your own individual memory.

These materials may only be used in the courtroom or jury room. You may take these materials from the courtroom to the jury room and from the jury room to the courtroom. However, these materials may not be taken anywhere else.

Please write your name on your materials. Be assured that no one else will read your notes. At the end of the case, these notes will be returned to the Court and destroyed.

---

[3] *See* CJI-Civ. 1:8 (Note-Taking); CJI-Civ. 1:9 (Juror Notebooks); CJI-Civ. 1:7(Trial Procedures).

## PLAINTIFF'S INSTRUCTION NO. 4[4]

I will now explain the claims and defenses of each party to the case and the law governing the case. Please pay close attention to these instructions. These instructions include both general instructions and instructions specific to the claims and defenses in this case. You must consider all the general and specific instructions together. You must all agree on your verdict, applying the law to the facts as you find them to be.

The parties to this case are: Hamkim, Inc., d/b/a/ Vista Inn, (the "Plaintiff"), and AmGuard Insurance Company, a/k/a Berkshire Hathaway Insurance Companies, a/k/a Berkshire Hathway Inc., (the "Defendant").

The Plaintiff claims that Defendant breached the insurance contract, unreasonably denied payments in violation of Colorado law, and breached its duty of good faith and fair dealing in handling Plaintiff's claim pursuant to the insurance contract.

Defendant denies that it breached any duties owed under the insurance contract, denies that it denied payment of any covered benefits owed under the insurance contract, and denies that its conduct in handling Plaintiff's claim for benefits violated Colorado law.

These are the issues you are to decide.

---

[4] *See* CJI-Civ. 2:1 (Liability in Issue).

# DEFENDANT'S INSTRUCTION NO. 4[5]

I will now explain the claims and defenses of each party to the case and the law governing the case. Please pay close attention to these instructions. These instructions include both general instructions and instructions specific to the claims and defenses in this case. You must consider all the general and specific instructions together. You must all agree on your verdict, applying the law to the facts as you find them to be.

The parties to this case are: HamKim, Inc., d/b/a/ Vista Inn (the "Plaintiff");   and AmGuard Insurance Company (the "Defendant" or "AmGuard").

The Plaintiff claims that Defendant breached an insurance contract, unreasonably denied payments in violation of Colorado law, and breached its duty of good faith and fair dealing in handling Plaintiff's claim pursuant to the insurance contract.

AmGuard denies all of Plaintiff's claims against it, including that it breached any duties owed under the insurance contract, that it unreasonably denied payment of any covered benefits owed under the insurance contract, and denies that its conduct in handling Plaintiff's claim for insurance benefits violated Colorado law in any way.  The Policy specifically excludes coverage for loss or damage caused, among other causes, by or resulting from wear and tear, or negligent design, repair, construction, or renovation. AmGuard retained a licensed, professional engineer to inspect the Property, who concluded that the Property's roof showed signs of normal wear and tear for a surface of its age and signs of deferred maintenance. Accordingly, AmGuard acted reasonably and in good faith with respect to its inspection, investigation, and adjustment of the Claim.

Whether AmGuard failed to pay covered insurance benefits that were owed to HamKim under the insurance contract, whether AmGuard unreasonably denied insurance benefits, and whether AmGuard acted in bad faith are the issues you are to decide.

---

[5] *See* CJI-Civ. 2:1 (Liability in Issue).

## PLAINTIFF'S INSTRUCTION NO. 5[6]

Plaintiff has the burden of proving its case by a preponderance of the evidence unless I The evidence in the case consists of the sworn testimony of all the witnesses, all exhibits which have been received in evidence, and the stipulated facts of the parties contained in Instruction No. 15.

In deciding the facts, you must consider only the evidence received at trial. Evidence offered at the trial and rejected or stricken by the Court must not be considered by you. Statements, remarks, arguments, and objections by counsel and remarks of the Court not directed to you are not evidence.

You are to consider only the evidence in the case and the reasonable inferences from that evidence. An inference is a deduction or conclusion that reason, and common sense lead the jury to draw from other facts that have been proved.

---

[6] *See* CJI-Civ. 3:8 (Evidence in the Case — Stipulations — Inferences Permitted).

## DEFENDANT'S INSTRUCTION NO. 5[7]

To prevail on it claims, Plaintiff HamKim has the burden of proving all of the elements of its claims by a preponderance of the evidence. AmGuard has the burden of proving each of its affirmative defenses by a preponderance of the evidence.

"Burden of proof" means the obligation a party has to prove its claims or defenses by a preponderance of the evidence. The party with the burden of proof can use evidence produced by any party to persuade you.

To prove something by a preponderance of the evidence simply means evidence that persuades you that a fact is more likely true than not true. This rule does not require proof to an absolute certainty because proof to an absolute certainty is seldom possible. A preponderance of the evidence has been described as the greater weight of the evidence.

If a party fails to meet its burden of proof as to any claim or defense or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject that claim or defense.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

---

[7] *See* CJI-Civ. 3:8 (Evidence in the Case — Stipulations — Inferences Permitted); *see* CJI-Civ. 3:1 (Burden of Proof and Preponderance of Evidence —Defined).

## PLAINTIFF'S INSTRUCTION NO. 6[8]

 Evidence may be either direct or circumstantial. Circumstantial evidence is the proof of facts or circumstances from which the existence or nonexistence of other facts may reasonably be inferred. All other evidence is direct evidence. The law makes no distinction between the effect of direct evidence and circumstantial evidence.

---

[8] *See* CJI-Civ. 3:9 (Direct and Indirect (Circumstantial) Evidence — Defined).

## DEFENDANT'S INSTRUCTION NO. 6[9]

In deciding the facts, you must consider only the evidence received at trial. Evidence offered at the trial and rejected or stricken by the Court must not be considered by you. Statements, remarks, arguments, and objections by counsel and remarks of the Court not directed to you are not evidence.

You are to consider only the evidence in the case and the reasonable inferences from that evidence. An inference is a deduction or conclusion that reason, and common sense lead the jury to draw from other facts that have been proved.

There are two types of evidence you may consider. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence, the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

---

[9] *See* CJI-Civ. 3:9 (Direct and Indirect (Circumstantial) Evidence — Defined).

## STIPULATED INSTRUCTION NO. 7[10]

These instructions contain the law that you must use in deciding this case. No single instruction states all the applicable law. All the instructions must be read and considered together. You must not be concerned with the wisdom of any rule of law. Regardless of any opinion you may have as to what the law should be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court. I do not, by these instructions, express any opinions as to what has or has not been proved in the case, or to what are or are not the facts of the case.

---

[10] *See* CJI-Civ. 4:1 (Summary Closing Instruction).

**PLAINTIFF'S INSTRUCTION NO. 8**[11]
**(Defendant suggests merging Plaintiff's Instruction No. 8 with Instruction No. 5)**

1.    Plaintiff has the burden of proving its claims by a preponderance of the evidence.

2.    Defendant has the burden of proving each of its affirmative defenses by a preponderance of the evidence.

3.    To prove something by a "preponderance of the evidence" means to prove that it is more probably true than not.

4.    "Burden of proof" means the obligation a party has to prove its claims or defenses by a preponderance of the evidence. The party with the burden of proof can use evidence produced by any party to persuade you.

5.    If a party fails to meet its burden of proof as to any claim or defense or if the evidence weighs so evenly that you are unable to say that there is a preponderance on either side, you must reject that claim or defense.

---

[11] *See* CJI-Civ. 3:1 (Burden of Proof and Preponderance of Evidence —Defined).

## STIPULATED INSTRUCTION NO. 9[12]
## (Defendant's No. 8)[13]

Any finding of fact you make must be based on probabilities, not possibilities. You should not guess or speculate about a fact.

---

[12] *See* CJI-Civ. 3:4 (No Speculation).

[13] To aid the Court the Parties have included in parentheses below Defendant's proposed instructions the number that would correspond with Defendant's Jury Instruction on that page if all of Defendant's proposed changes were made. However, for ease of comparison, the instruction in the title may be used to compare Defendant's disputed jury instruction with Plaintiff's disputed jury instruction. The Parties will continue to work together to resolve as many disputes as possible before the Final Pretrial Conference.

## PLAINTIFF'S INSTRUCTION NO. 10[14]
### (Defendant suggests not including)

The weight of evidence is not necessarily determined by the number of witnesses testifying to a particular fact.

---

[14] *See* CJI-Civ. 3:12 (Preponderance Not Determined by Number of Witnesses).

## STIPULATED INSTRUCTION NO. 11[15]
### (Defendant's No. 9)

You must not be influenced by sympathy, bias, or prejudice for or against any party in this case.

---

[15] *See* CJI-Civ. 3:14 (Sympathy — Prejudice).

## STIPULATED INSTRUCTION NO. 12[16]
### (Defendant's No. 10)

The lawyers have highlighted certain parts of some exhibits. However, it is for you to determine the significance of the highlighted parts.

---

[16] *See* CJI-Civ. 3:17 (Highlighted Exhibits).

## PLAINTIFF'S INSTRUCTION NO. 13[17]

A witness qualified as an expert by education, training, or experience may state opinions. You should judge expert testimony just as you would judge any other testimony. You may accept it or reject it, in whole or in part. You should give the testimony the importance you think it deserves, considering the witness's qualifications, the reasons for the opinions, and all of the other evidence in the case.

---

[17] *See* CJI-Civ. 3:15 (Expert Witnesses).

## DEFENDANT'S INSTRUCTION NO. 13[18]
### (Defendant's No. 11)

[The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. There is an exception to this rule for "expert witnesses." An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling. Expert witnesses give state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field, an expert witness, is permitted to state their opinion on those technical matters

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. Should you decide the opinion of an expert witness is not based upon sufficient education and experience, conclude the reasons given in support of the opinion are not sound, or if you believe the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.][19]

[You should judge expert testimony just as you would judge any other testimony.][20] You may accept it or reject it, in whole or in part. You should give the testimony the importance you think it deserves, considering the witness's qualifications, the reasons for the opinions, and all of the other evidence in the case.

---

[18] *See* CJI-Civ. 3:15 (Expert Witnesses).
[19] The bracketed portion is Defendant's suggested additions to Plaintiff's Instruction No. 13.
[20] Defendant suggests the deletion of this sentence from Plaintiff's Instruction No. 13.

## PLAINTIFF'S INSTRUCTION NO. 14[21]

You are the sole judges of the credibility of the witnesses and the weight to be given their testimony. You should take into consideration their means of knowledge, strength of memory and opportunities for observation; the reasonableness or unreasonableness of their testimony; the consistency or lack of consistency in their testimony; their motives; whether their testimony has been contradicted or supported by other evidence; their bias, prejudice or interest, if any; their manner or demeanor upon the witness stand; and all other facts and circumstances shown by the evidence which affect the credibility of the witnesses. Based on these considerations, you may believe all, part or none of the testimony of a witness.

---

[21] *See* CJI-Civ. 3:16 (Determining Credibility of Witnesses).

## DEFENDANT'S INSTRUCTIONS NO. 14[22].
## (Defendant's No. 12)

You, as jurors, are the sole judges of the credibility of witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence that contradicts the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive and state of mind, and demeanor while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimonies of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; and innocent mis-recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight as you may think it deserves. You may, in short, accept or reject the testimony of any witness in whole or part.

The testimony of a witness may be discredited, or, as we sometimes say, impeached, by showing that he or she previously made statements which are different from or inconsistent with his or her testimony in court. It is the province of the jury to determine the credibility, if any, to be given the testimony of a witness who has made prior inconsistent or contradictory statements. If you believe that any witness has been discredited, it your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If any witness is shown to have testified falsely concerning any material matter, you have the right to distrust such witness's testimony in other particulars and you may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

You are not to decide any issue of fact solely upon the number of witnesses that present testimony directed to that issue. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witnesses, and which evidence, you believe are most accurate and trustworthy.

---

[22] *See* CJI-Civ. 3:16 (Determining Credibility of Witnesses).

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

## PLAINTIFF'S INSTRUCTION NO. 15[23]

You have heard the parties stipulate to the existence of a fact. This agreement makes the presentation of any evidence to prove this fact unnecessary. The agreement means that you must accept this fact as true.

The stipulated facts are as follows:

1.      The date of loss is July 20, 2019.

2.      Plaintiff owns the Property located at 4005 N. Elizabeth Street, Pueblo, Colorado 81008 (the "Property").

3.      Plaintiff's Property was insured under a Businessowners Property Insurance policy under Policy Number HABP014417 (the "Policy"), effective February 23, 2019 to February 23, 2020.

4.      The Policy covered the Property for damage to the Property caused by hail, wind, or wind-driven rain.

5.      Plaintiff notified Defendant of its claim and Defendant assigned claim number HABP014417-002-002-002 (the "Claim") under the Policy for damage to the Property.

6.      Defendant assigned Claim Number HABP014417-002-002-002 to Plaintiff's claim for covered damages to the Property.

7.      Defendant denied Plaintiff's Claim on January 13, 2020.

You are to take these facts as true for the purposes of this case.

---

[23] *See* CJI-Civ. 1:4 (Pre-deliberation and Communications with Others); CJI-Civ. 1:5 (Outside Information); CJI-Civ. 1:7(Trial Procedures); CJI-Civ. 1:8 (Note-Taking); CJI-Civ. 1:9 (Juror Notebooks).

## DEFENDANT'S INSTRUCTION NO. 15[24]
### (Defendant's No. 13)

You have heard the parties stipulate to the existence of a fact. This agreement makes the presentation of any evidence to prove this fact unnecessary. The agreement means that you must accept this fact as true.

The stipulated facts are as follows:

1.      Plaintiff owns real property located at 4005 N. Elizabeth Street, Pueblo, Colorado 81008 (the "Property").

2.      AmGuard issued insurance policy number HABP014417 (the "Policy") to Plaintiff.

3.      The Policy was effective from February 23, 2019 through February 23, 2020 (the "Policy Period").

4.      Plaintiff submitted a claim to AmGuard against the Policy for damage to the Property that Plaintiff claims the Property sustained during the Policy Period (the "Claim").

5.      AmGuard assigned claim number HABP014417-002-002-002 to the Claim.

6.      AmGuard concluded that there was partially no coverage afforded to Plaintiff under the Policy for the damages Plaintiff asserted in the Claim.

You are to take these facts as true for the purposes of this case.

---

[24] *See* CJI-Civ. 1:4 (Pre-deliberation and Communications with Others); CJI-Civ. 1:5 (Outside Information); CJI-Civ. 1:7(Trial Procedures); CJI-Civ. 1:8 (Note-Taking); CJI-Civ. 1:9 (Juror Notebooks).

## PLAINTIFF'S INSTRUCTION NO. 16[25]

A corporation can act only through natural persons who are its agents or employees. Any act or omission of an agent or employee while acting within the scope of his/her employment or authority is the act or omission of the corporation.

An agent is acting within the scope of his/her/its authority when the agent is carrying on business for its principal which the principal has expressly authorized or which is within the incidental, implied, or apparent authority of the agent.

---

[25] *See* CJI-Civ. 8:25 (Employer and Employee — Only Employer Sued) (modified); CJI-Civ. 8:9 (Scope of Authority of Agent — Defined).

## DEFENDANT'S INSTRUCTION NO. 16[26]
### (Defendant's No. 14)

Both Plaintiff and AmGuard are corporations, and can act only through natural persons who are its agents or employees. Any act or omission of an agent or employee of Plaintiff or AmGuard, respectively, while acting within the scope of their employment or authority is the act or omission of Plaintiff or AmGuard, respectively.

An agent is acting within the scope of his/her/its authority when the agent is carrying on business for its principal which the principal has expressly authorized or which is within the incidental, implied, or apparent authority of the agent.

---

[26] *See* CJI-Civ. 8:25 (Employer and Employee — Only Employer Sued) (modified); CJI-Civ. 8:9 (Scope of Authority of Agent — Defined).

## PLAINTIFF'S INSTRUCTION NO. 17[27]

A breach of contract is the failure to perform a contractual promise when performance is due.

For the Plaintiff to recover from the Defendant on its claim of breach of contract, you must find all of the following have been proved by a preponderance of the evidence:

1.    The Defendant entered into a contract with the Plaintiff; and

2.    The Defendant did not perform under the contract by failing to timely pay the amounts owed.

If you find that either of these statements has not been proved then your verdict on this claim must be for the Defendant.

On the other hand, if you find that both of these statements have been proved, then your verdict on this claim must be for the Plaintiff.

Here the parties do not dispute that both parties entered into a contract. The parties dispute whether Defendant failed to perform under the contract by paying the full benefits promised under the contract for covered damage to the Property.

---

[27] *See* CJI-Civ. 3:10 (Breach of Contract — Elements of Liability); CJI-Civ. 3:11 (Breach of Contract Defined).

## DEFENDANT'S INSTRUCTION NO. 17[28]
### (Defendant's No. 15)

For the Plaintiff to recover from the Defendant, AmGuard, on its claim of breach of contract, you must find all of the following have been proved by a preponderance of the evidence:

1. The Defendant entered into a contract with the Plaintiff to provide insurance benefits; and

2. The Defendant failed to provide insurance benefits to which the Plaintiff was entitled to receive under the insurance contract; and

3. The Defendant's failure to provide insurance benefits caused the Plaintiff to suffer damages.

The Parties do not dispute that Plaintiff and Defendant entered into an insurance contract. The parties dispute whether Plaintiff was entitled to receive insurance benefits for the Claim under that insurance contract and whether Defendant failed to provide insurance benefits which Plaintiff was entitled to receive under the insurance contract.

If you find that any one or more of these three statements has not been proved, then your verdict on this claim must be for the Defendant.

On the other hand, if you find that all of these three statements have been proved, then you must consider the Defendant's affirmative defense that the following exclusions apply:

1. AmGuard will not pay for loss or damage caused by or resulting from any of the following:  wear and tear; rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself; and/or settling, cracking, shrinking or expansion; and

2. AmGuard will not pay for a loss or damage caused by or resulting from continuous or repeated seepage or leak-age of water, of the presence or condensation of humidity, moisture, or vapor, that occurs over a period of 14 days or more; and

3. AmGuard will not pay for a loss or damage caused by or resulting from: (a) faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, remodeling, grading, or compaction; (b) faulty, inadequate or defective materials used in repair, construction, renovation; or (c) faulty, inadequate or defective maintenance.

You must also consider AmGuard's additional affirmative defenses: Plaintiff failed to mitigate its damages; failure to satisfy all conditions precedent such as failing to cooperate and assist AmGuard in its investigation and adjustment by failing to provide full and accurate

---

[28] *See* CJI-Civ. 3:10 (Breach of Contract — Elements of Liability); CJI-Civ. 3:11 (Breach of Contract Defined); Authority: Travelers Ins. Co. v. Savio, 706 P.2d 1258 (Colo. 1985). Sanderson v. American Family Mut. Ins. Co., 251 P.3d 1213 (Colo.App. 2010). Pham v. State Farm Mut. Ins. Co. 70 P.3d 567, 572 (Colo.App. 2003).

information regarding the Claim; Plaintiff failed to comply with the terms, conditions, obligations, limitations, exclusions, and endorsements contained in the Policy; and Plaintiff's claims are barred by the fairly debatable doctrine.

A contract may include one or more conditions precedent. A condition precedent is an event that must occur before performance under a contract becomes due.

Under Colorado law, it is reasonable for an insurer to challenge claims that are "fairly debatable." A claim is fairly debatable if a reasonable person would find that the insurer had justification for denying or delaying payment of a claim. An insurer has wide latitude to challenge claims which are fairly debatable without incurring liability. If some aspect of an insured's claims is fairly debatable, an insurer acts reasonably in contesting the disputed claim.

If you find that any one or more of these affirmative defenses have been proved by a preponderance of the evidence, then your verdict must be for AmGuard.

However, if you find that none of these defenses have been proved by a preponderance of the evidence, then your verdict must be for the Plaintiffs.

## STIPULATED INSTRUCTION NO. 18[29]
### (Defendant's No. 16)

When interpreting a contract, you should consider the following principles:

**Contract as a Whole:** The entire agreement (with any attachments) is to be considered in determining the existence or nature of the contractual duties. You should consider the agreement as a whole and not view clauses or phrases in isolation.

**Ordinary Meaning:** Words or phrases not defined in a contract should be given their plain, ordinary, and generally accepted meaning.

---

[29] *See* CJI-Civ. 30:32 (Contract as a Whole); CJI-Civ. 30:33 (Ordinary Meaning).

# STIPULTED INSTRUCTION NO. 19[30]
## (Defendant's No. 17)

If you find in favor of the Plaintiff on its claim of breach of contract, then you must award it general or nominal damages.

To award general damages, you must find by a preponderance of the evidence that Plaintiff had damages as a result of the breach, and you must determine the amount of those damages.

"General damages" means the amount required to compensate Plaintiff for benefits provided by the insurance contract.

Losses that are a "nature" result of a breach are those losses that an ordinary person of common experience would expect to follow from a breach.

Losses are "probable" if the losses were reasonably foreseeable when the contract was made and would likely occur if the contract were breached.

If you find in favor of Plaintiff, but do not find any general damages, you shall award Plaintiff nominal damages in the sum of one dollar.

---

[30] *See* CJI-Civ. 30:37 (Damages — Introduction); CJI-Civ. 30:38 (Damages — General); CJI-Civ. 30:41 (Damages — Nominal).

## INSTRUCTION NO. 20[31]

For Plaintiff to recover from the Defendant on its claim of unreasonable denial of payment of benefits, you must find all the following have been proved by a preponderance of the evidence:

1.      The Defendant denied payment of benefits to Plaintiff; and

2.      The denial of payment was without a reasonable basis.

If you find that either of these statements has not been proved by a preponderance of the evidence, then your verdict must be for the Defendant.

On the other hand, if you find that both statements have been proved by a preponderance of the evidence, then your verdict must be for Plaintiff.

---

[31] *See* CJI-Civ. 25:4 (Elements of Liability — First-Party Statutory Claims).

## DEFENDANT'S INSTRUCTION NO. 20[32]
### (Defendant's No. 18)

For Plaintiff to recover from the Defendant on its claim of unreasonable denial of payment of benefits, you must find all the following have been proved by a preponderance of the evidence:

3.       The Defendant denied payment of benefits to Plaintiff; and

4.       The Defendant's denial of payment was without a reasonable basis.

If you find that either of these statements has not been proved by a preponderance of the evidence, then your verdict must be for the Defendant.

On the other hand, if you find that both statements have been proved by a preponderance of the evidence, then you must consider AmGuard's affirmative defenses of Plaintiff's failure to cooperate and assist AmGuard in its investigation and adjustment by failing to provide full and accurate information regarding the Claim; Plaintiff failed to comply with the terms, conditions, obligations, limitations, exclusions, and endorsements contained in the Policy; and Plaintiff's claims are barred by the fairly debatable doctrine. Under Colorado law, it is reasonable for an insurer to challenge claims that are "fairly debatable." A claim is fairly debatable if a reasonable person would find that the insurer had justification for denying or delaying payment of a claim

If you find that any one or more of these affirmative defenses have been proved by a preponderance of the evidence, then your verdict must be for the defendant.

However, if you find that none of these affirmative defenses have) been proved, then your verdict must be for the plaintiff.

---

[32] *See* CJI-Civ. 25:4 (Elements of Liability — First-Party Statutory Claims).

## DEFENDANT'S NEW PROPOSED INSTRUCTION[33]
### (Defendant's No. 19)

The insurance contract between the parties requires that the Plaintiff cooperate in the investigation and settlement of their claim, including the duty to provide accurate information, and provides that no suit can be filed against Defendant until Plaintiff complies with its obligations under the policy.

---

[33] *See* CJI-Civ. 25:4 (Elements of Liability — First-Party Statutory Claims).

## PLAINTIFF'S INSTRUCTION NO. 21[34]

An insurer's denial in authorizing payment of a covered benefit is unreasonable if that action is without a reasonable basis. The reasonableness of the insurer's conduct is to be determined objectively, according to industry standards.

"Unreasonable conduct" means the failure to do an act that a reasonably careful insurance company would do, or the doing of an act that a reasonably careful insurance company would not do, under the same or similar circumstances.

"Unreasonable position" means a position taken by an insurance company with respect to a claim being made on one of its policies that a reasonably careful insurance company would not take under the same or similar circumstances.

---

[34] *See* CJI-Civ. 25:3 (Unreasonable Conduct/Unreasonable Position — Common-Law Claims); CJI-Civ. 25:5 (Unreasonable Delay or Denial); *see also American Family Mut. Ins. Co. v. Allen*, 102 P.3d 333 (Colo. 2004); *Goodson v. American Std. Ins. Co.*, 89 P.3d 409 (Colo. 2004); *Travelers Ins. Co. v. Savio*, 706 P.2d 1258 (Colo. 1985).

## DEFENDANT'S INSTRUCTION NO. 21[35]
## (Defendant's No. 20)

An insurer's denial in authorizing payment of a covered benefit is unreasonable if that action is without a reasonable basis. The reasonableness of the insurer's conduct is to be determined objectively, according to industry standards.

"Unreasonable conduct" means the failure to do an act that a reasonably careful insurance company would do, or the doing of an act that a reasonably careful insurance company would not do, under the same or similar circumstances.

"Unreasonable position" means a position taken by an insurance company with respect to a claim being made on one of its policies that a reasonably careful insurance company would not take under the same or similar circumstances.

[To determine whether Defendant, AmGuard, had or did not have a "reasonable basis" for delaying and/or denying Plaintiff's claim for alleged wind and hail damage coverage benefits, you must evaluate the Defendant's conduct objectively. That means your evaluation must be based upon standards of conduct in the insurance industry and you must consider whether a reasonable insurer under the circumstances would have denied or delayed payment of the claim. In this case, the applicable industry standards are outside of the common knowledge and experience of an ordinary lay person; accordingly, expert testimony has been presented on this issue for your consideration.][36]

---

[35] *See* CJI-Civ. 25:3 (Unreasonable Conduct/Unreasonable Position — Common-Law Claims); CJI-Civ. 25:5 (Unreasonable Delay or Denial); *see also American Family Mut. Ins. Co. v. Allen*, 102 P.3d 333 (Colo. 2004); *Goodson v. American Std. Ins. Co.*, 89 P.3d 409 (Colo. 2004); *Travelers Ins. Co. v. Savio*, 706 P.2d 1258 (Colo. 1985).
[36] This bracketed portion is the only additional change to Plaintiff's suggested Jury Instruction No. 21. The Parties stipulate to the remainder of the instruction.

## PLAINTIFF'S INSTRUCTION NO. 22 [37]

You may consider any of the conduct below in determining whether the Defendant acted unreasonably in delaying and/or denying payment of benefits if you find that:

1.    The Defendant willfully engaged in such conduct;

2.    Such conduct caused or contributed to the delay and/or denial of payment of the insurance benefits; and

3.    Such conduct caused or contributed to any of the claimed damages.

The statutes of Colorado prohibit an insurance company from willfully:

(I)    Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;  or

(II)    Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;  or

(III)    Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;  or

(IV)    Refusing to pay claims without conducting a reasonable investigation based upon all available information;  or

(V)    Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;  or

(VI)    Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;  or

(VII)    Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;  or

(VIII)    Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;  or

(IX)    Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured;  or

(X)    Making claims payments to insureds or beneficiaries not accompanied by statement setting forth the coverage under which the payments are being made;  or

---

[37] *See* CJI-Civ. 25:6 (Unreasonable Conduct/Unreasonable Position — Statutory Violations — Defined) (modified); *see also* C.R.S. § 10-3-1104(1)(h)(I)–(XIV).

(XI)     Making known to insureds or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration; or

(XII)    Delaying the investigation or payment of claims by requiring an insured or claimant, or the physician of either of them, to submit a preliminary claim report, and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information; or

(XIII)   Failing to promptly settle claims, where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; or

(XIV)    Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement

## DEFENDANT'S INSTRUCTION NO. 22[38]
### (Defendant's No. 21)

You may consider any of the conduct below in determining whether the Defendant acted unreasonably in delaying and/or denying payment of benefits if you find that:

1.      The Defendant willfully engaged in such conduct;

2.      Such conduct caused or contributed to the delay and/or denial of payment of the insurance benefits; and

3.      Such conduct caused or contributed to any of the claimed damages.

Colorado law prohibits an insurance company from willfully:

(I)      Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;  or

(II)     Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;  or

(III)    Refusing to pay claims without conducting a reasonable investigation based upon all available information;  or

(IV)    Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;  or

(V)     Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear;  or

(VI)    Compelling insureds to institute litigation to recover amounts due under an insurance policy;  or

(VII)   Making claims payments to insureds not accompanied by statement setting forth the coverage under which the payments are being made.

---

[38] *See* CJI-Civ. 25:6 (Unreasonable Conduct/Unreasonable Position — Statutory Violations — Defined) (modified); *see also* C.R.S. § 10-3-1104(1)(h)(I)–(XIV).

**STIPULATED INSTRUCTION NO. 23**[39]

  Plaintiff has the burden of proving, by a preponderance of the evidence, the extent of its benefits that were improperly denied. If you find in favor of the Plaintiff on its claim under Instruction No. 20, you must determine the total dollar amount of the benefits for which payment was denied without a reasonable basis.

---

[39] *See* CJI-Civ. 25:10 (Benefit Amount — First Party Statutory Claims).

# PLAINTIFF'S INSTRUCTION NO. 24[40]

An insurance company owes to those it insures the duty of good faith and fair dealing. That duty is breached if the company unreasonably denies payment, fails to communicate promptly and effectively, fails to perform a reasonable inspection of the claim, and the company knows that its denial, failure to communicate promptly and effectively, failure to perform a reasonable inspection of the claim is unreasonable or it recklessly disregards whether its position is unreasonable.

For Plaintiff to recover from the Defendant on its claim of of bad faith breach of insurance contract, you must find all the following have been proved by a preponderance of the evidence:

1. The Plaintiff had damages;

2. The Defendant acted unreasonably in denying payment of the Plaintiff's claim;

3. The Defendant knew that its position was unreasonable or the defendant recklessly disregarded the fact that its position was unreasonable; and

4. The Defendant's unreasonable position was a cause of the Plaintiff's damage.

If you find that any one or more of these four statements has not been proved, then your verdict must be for the defendant.

On the other hand, if you find that all of these four statements have been proved, then your verdict must be for the plaintiff.

An insurer's denial in authorizing payment of a covered benefit is unreasonable if that action is without a reasonable basis. The reasonableness of the insurer's conduct is to be determined objectively, according to industry standards.

"Unreasonable conduct" means the failure to do an act that a reasonably careful insurance company would do, or the doing of an act that a reasonably careful insurance company would not do, under the same or similar circumstances.

"Unreasonable position" means a position taken by an insurance company with respect to a claim being made on one of its policies that a reasonably careful insurance company would not take under the same or similar circumstances.

---

[40] *See* CJI-Civ. 25:8 (Duty of Good Faith and Fair Dealing); CJI-Civ. 25:2 (Elements of Liability — First-Party Common Law Claims); CJI-Civ. 25:3 (Unreasonable Conduct/Unreasonable Position — Common-Law Claims); CJI-Civ. 25:5 (Unreasonable Delay or Denial); *see also American Family Mut. Ins. Co. v. Allen*, 102 P.3d 333 (Colo. 2004); *Goodson v. American Std. Ins. Co.*, 89 P.3d 409 (Colo. 2004); *Travelers Ins. Co. v. Savio*, 706 P.2d 1258 (Colo. 1985).

## DEFENDANT'S INSTRUCTION NO. 24[41]
### (Defendant's No. 23)

An insurance company owes to those it insures the duty of good faith and fair dealing. That duty is breached if the company unreasonably denies payment, fails to communicate promptly and effectively, fails to perform a reasonable inspection of the claim, and the company knows that its denial, failure to communicate promptly and effectively, and/or failure to perform a reasonable inspection of the claim is unreasonable or it recklessly disregards whether its position is unreasonable.

For Plaintiff to recover from the Defendant on its claim of bad faith breach of insurance contract, you must find all the following have been proved by a preponderance of the evidence:

5. The Plaintiff had losses and damages caused by wind and hail damage to the Property;

6. The Defendant acted unreasonably in partially denying coverage for those damages;

7. The Defendant knew that its position was unreasonable or recklessly disregarded the unreasonableness of its conduct, and

8. The Defendant's unreasonable conduct caused Plaintiff to suffer damages.

If you find that any one or more of these four statements has not been proved, then your verdict must be for the Defendant.

On the other hand, if you find that all of these four statements have been proved, then your verdict must be for the plaintiff.

---

[41] *See* CJI-Civ. 25:8 (Duty of Good Faith and Fair Dealing); CJI-Civ. 25:2 (Elements of Liability — First-Party Common Law Claims); CJI-Civ. 25:3 (Unreasonable Conduct/Unreasonable Position — Common-Law Claims); CJI-Civ. 25:5 (Unreasonable Delay or Denial); *see also American Family Mut. Ins. Co. v. Allen*, 102 P.3d 333 (Colo. 2004); *Goodson v. American Std. Ins. Co.*, 89 P.3d 409 (Colo. 2004); *Travelers Ins. Co. v. Savio*, 706 P.2d 1258 (Colo. 1985).

## STIPULATED INSTRUCTION NO. 25[42]
### (Defendant's No. 24)

An insurance company recklessly disregards the unreasonableness of its position when it takes a position with knowledge of facts that indicate that its position lacks a reasonable basis or when it is deliberately indifferent to information concerning the claim.

---

[42] *See* CJI-Civ. 25:7 (Reckless Disregard — Defined).

## DEFENDANT'S NEW PROPOSED INSTRUCTION NO.[43]
### (Defendant's No. 25)

An insurer need not issue payment on a claim if there is a reasonable dispute between the parties concerning the claim. A reasonable dispute also includes situations where the information necessary to make a decision on the claim has not been submitted or obtained; or where conflicting information is submitted or obtained and additional investigation is necessary; or where litigation has been commenced on the claim.

---

[43] Division Of Insurance, Amended Regulation 5-1-14.

## STIPULATED INSTRUCTION NO. 26[44]
### (Defendant's No. 26)

Plaintiff has the burden of proving, by a preponderance of the evidence, the nature and extent of its damages. If you find in favor of the Plaintiff, you must determine the total dollar amount of Plaintiff's damages, if any, that were caused by the bad faith breach of insurance contract by the Defendant.

In determining these damages, you shall consider the following:

Any economic losses that plaintiff has had or will probably have in the future, including the reasonable and necessary cost to repair and replace the covered damages to the Property.

---

[44] *See* CJI-Civ. 25:9 (Actual Damages — Common Law Claims) (modified).

# STIPULATED INSTRUCTION NO. 27[45]
## (Defendant's No. 27)

If you find in favor of the Plaintiff on its claim of claim of duty of good faith and far dealing then you shall consider whether Plaintiff should recover punitive damages against the Defendant. If you find beyond a reasonable doubt that the defendant acted in a willful and wanton manner, in causing the Plaintiff's damages you shall determine the amount of punitive damages, if any, that the Plaintiff should recover.

Reasonable doubt means a doubt based upon reason and common sense which arises from a fair and rational consideration of all of the evidence, or the lack of evidence, in the case. It is a doubt which is not a vague, speculative, or imaginary doubt, but such a doubt as would cause reasonable people to hesitate to act in matters of importance to themselves.

"Willful and wanton conduct" means an act or omission purposefully committed by a person/entity who must have realized that the conduct was dangerous, and which conduct was done heedlessly and recklessly, either without regard to the consequences, or without regard to the rights and safety of others, particularly the Plaintiff.

An insurer's failure to conduct a reasonable investigation in its handling of a claim may be sufficient to support a punitive damages claim.

Punitive damages, if awarded, are to punish the defendant and to serve as an example to others.

---

[45] *See* CJI-Civ. 25:11 (Punitive Damages) (modified); CJI-Civ. 3:3 (Reasonable Doubt); CJI-Civ. 9:30 (Willful and Wanton Conduct); *see also Giampapa v. Am. Family Mut. Ins. Co.*, 919 P.2d 838 (Colo. App. 1995) (punitive damages award affirmed where insurer failed to conduct any investigation into medical necessity of claim and violated statutory requirements); *Burgess v. Mid-Century Ins. Co.*, 841 P.2d 325 (Colo. App. 1992) (insurer's deviation from industry standards and failure to follow its own investigative procedures sufficient to support punitive damage award); *Brewer v. Am. & Foreign Ins. Co.*, 837 P.2d 236 (Colo. App. 1992) (same).

## DEFENDANT'S NEW PROPOSED INSTRUCTION No.[46]
### (Defendant's No. 28)

Plaintiff has sued for the same damages on three different claims for relief. The claims for relief on which Plaintiff has sued and on which you have been instructed are: claim for breach of contract, unreasonable delay of benefits owed, and bad faith breach of insurance contract. If you find for Plaintiff on more than one claim for relief, you may award Plaintiff damages only once for the same damages.

---

[46] C.J.I. Civ. 6:14 MULTIPLE RECOVERY PROHIBITED (WHEN PLAINTIFF SUING ON ALTERNATIVE BUT DUPLICATIVE CLAIMS FOR RELIEF).

## STIPULATED INSTRUCTION NO. 28[47]
### (Defendant's No. 29)

The fact that an instruction on measure of damages has been given to you does not mean that I am instructing you to award or not to award damages. The question of whether or not damages are to be awarded is a question for the jury's consideration.

---

[47] *See* CJI-Civ. 5:1 (Damages Not to Be Inferred).

## STIPULATED INSTRUCTION NO. 29[48]
### (Defendant's No. 30)

     In your deliberations, your duty is to apply my instructions of law to the evidence that you have seen and heard in the courtroom. You are not allowed to look at, read, consult, or use any material of any kind, including any newspapers, magazines, television and radio broadcasts, dictionaries, medical, scientific, technical, religious, or law books or materials, or the Internet in connection with your jury service. I want to emphasize that you must not seek or receive any information about this case from the Internet, which includes all social networking, Google, Wikipedia, blogs, and any other website. You are not allowed to do any research of any kind about this case. Do not use any information from any other source concerning the facts or the law applicable to this case other than the evidence presented and the instructions that I give you. Do not do your own investigation about this case.

---

[48] *See* CJI-Civ. 4:1A (Applying Law to the Evidence).

## STIPULATED INSTRUCTION NO. 30[49]
### (Defendant's No. 31)

Once you begin your deliberations, if you have a question about the evidence in this case or about the instructions or verdict form that you have been given, your foreperson should write the question on a piece of paper, sign it and give it to the Bailiff who will bring it to me. I will then confer with the attorneys as to the appropriate way to answer your question. However, there may be some questions that, under the law, I am not permitted to answer. If it is improper for me to answer the question, I will tell you that. Please do not speculate about what the answer to your question might be or why I am not able to answer a particular question.

---

[49] *See* CJI-Civ. 4:2A (Questions During Deliberations).

## STIPULATED INSTRUCTION NO. 31[50]
### (Defendant's No. 32)

The original forms of the written instructions and the exhibits are a part of the court record. Do not place any marks or notes on them. After the attorneys present closing arguments, the Bailiff will escort you to the jury room. After you get to the jury room you shall select one of your members to be the foreperson of the jury. That person will be in charge of your discussions. You must all agree on your verdict, and you must sign the original form of whatever verdict you reach. Please notify the Bailiff when you have reached a verdict, but do not tell the Bailiff what your verdict is. You shall keep the verdict forms, these instructions, and the exhibits until I give you further instructions.

---

[50] *See* CJI-Civ. 4:2 (Duties Upon Retiring — Selection of Foreperson).

# UNITED STATES DISTRICT COURT

# DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01194-DDD-MDB

HAMKIM, INC., d/b/a/ VISTA INN,

        Plaintiff,

v.

AMGUARD INSURANCE COMPANY, a/k/a BERKSHIRE HATHAWAY
INSURANCE COMPANIES, a/k/a BERKSHIRE HATHWAY INC.,

        Defendant.

---

## PARTIES' PROPOSED JURY VERDICT

---

        Pursuant to the Court's Order [Dkt. No. 43 at 4], Plaintiff HamKim, Inc. d/b/a Vista, Inn ("Plaintiff" or "Vista Inn" and Defendant AmGuard Insurance Company ("Defendant" or "AmGuard") (collectively "the Parties"), by and through their respective attorneys, hereby submit the following proposed jury verdict form. The proposed jury verdict form is based on the causes of action and defenses asserted by the parties' pleadings. The Parties reserve the right to withdraw, amend, modify, and/or add to the jury verdict form at any time before closing argument to conform to the evidence admitted at trial. The Parties will continue to work together before the Final Pretrial Conference to resolve their differences.

By: */s/ Michael Y. Kim*
Michael Y. Kim, #53637
mkim@mkimlegal.com

**THE MICHAEL KIM LAW FIRM, PLLC**
1001 Bannock Street, Suite 126
Denver, Colorado 80204
Telephone:      (303) 569-8288
Facsimile:       (214) 357-7531

-AND-

Preston J. Dugas III, #24050189
pdugas@dcclawfirm.com

**PRESTON DUGAS LAW FIRM, PLLC**
1701 River Run, Suite 703
Fort Worth, Texas 76107
Telephone:      (817) 945-3061
Facsimile:       (682) 219-0761

**ATTORNEYS FOR PLAINTIFF**

By: */s/ Laura J. Ellenberger*
Jason D. Melichar, #31114
Laura J. Ellenberger, #43931
jason.melichar@wilsonelser.com
laura.ellenberger@wilsonelser.com

**WILSON ELSER MOSKOWITZ
EDELMAN & DICKER, LLP**
1225 17th Street, Suite 1700
Denver, Colorado 80202
Telephone:      (303) 572-5300
Facsimile:       (303) 573-5301

**ATTORNEYS FOR DEFENDANT AMGUARD
INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record pursuant to the Federal Rules of Civil Procedure on March 22, 2023 in manner described below:

*Via e-serve*
Michael Y. Kim, #53637
mkim@mkimlegal.com

**THE MICHAEL KIM LAW FIRM, PLLC**
1001 Bannock Street, Suite 126
Denver, Colorado 80204
Telephone:      (303) 569-8288
Facsimile:       (214) 357-7531

**ATTORNEY FOR PLAINTIFF**

*/s/ Laura J. Ellenberger*
Laura J. Ellenberger.

# UNITED STATES DISTRICT COURT

# DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01194-DDD-MDB

HAMKIM, INC., d/b/a/ VISTA INN,

       Plaintiff,

v.

AMGUARD INSURANCE COMPANY, a/k/a BERKSHIRE HATHAWAY
INSURANCE COMPANIES, a/k/a BERKSHIRE HATHWAY INC.,

       Defendant.

---

# PLAINTIFF'S PROPOSED VERDICT

---

       We, the jury, present our Answers to Questions submitted by the Court, to which we have

unanimously agreed:

## CATEGORY I

### QUESTION 1:

       Did Plaintiff prove by the preponderance of the evidence that Defendant breached the
insurance policy? (See Jury Instructions Nos. 17, 18, and 19.)

       Yes _____

       No _____

If your answer to Question 1 is NO, do not answer the Question 2 and proceed to Question 3. If
your answer is YES, please proceed to Questions 2 through 8.

### QUESTION 2:

       What is the value of the damage caused by the breach of the insurance policy? (See Jury
Instruction No. 19)

       $_____

**CATEGORY II**

**QUESTION 3:**

Did Plaintiff prove by a preponderance of evidence that Defendant delayed or denied payment of benefits owed without a reasonable basis? (See Jury Instructions Nos. 20, 21, 22)

Yes _____

No _____

If your answer to Question 3 is NO, do not answer the following question and sign where indicated below. If your answer to Question 3 is YES, please proceed to Question 4.

**QUESTION 4:**

What is the value of the benefits owed to Plaintiffs that were unreasonably delayed or denied? (See Jury Instruction No. 23)

$_____

**CATEGORY III**

**QUESTION 5:**

Did Plaintiff prove by a preponderance of the evidence that Defendant breached its duty of good faith and fair dealing? (See Jury Instructions Nos. 24, 25)

Yes _____

No _____

If your answer to Question 5 is NO, do not answer the following question and sign where indicated below. If your answer to Question 5 is YES, please proceed to Question 6.

**QUESTION 6:**

What is the value of the actual damages owed to Plaintiff caused by Defenadant's breach of duty of good faith and fair dealing? (See Jury Instructions No. 26)

$_____

**CATEGORY IV**

**QUESTION 7:**

Did Plaintiff prove beyond a reasonable doubt that Defendant acted in a willful and wanton manner, in causing the Plaintiff's damages in breaching its duty of good faith and fair dealing? (See Jury Instructions Nos. 21, 22, 25, 27)

Yes _____

No _____

If your answer to Question 7 is NO, do not answer the following question. If your answer to Question 7 is YES, please proceed to Question 8.

**QUESTION 8:**

What is the amount that, if awarded, would punish Defendant for its willful and wontan breach of the duty of good faith and fair dealing and serve as an example to others? (See Jury Instruction No. 27)

$_____

## VERDICT CERTIFICATE

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return the same into court as our verdict.

SO SAY WE ALL this _____ day of _____, 2023.


_____          _____
Presiding Juror (signature)                    Presiding Juror (name printed)

# UNITED STATES DISTRICT COURT

# DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01194-DDD-MDB

HAMKIM, INC., d/b/a/ VISTA INN,

        Plaintiff,

v.

AMGUARD INSURANCE COMPANY, a/k/a BERKSHIRE HATHAWAY
INSURANCE COMPANIES, a/k/a BERKSHIRE HATHWAY INC.,

        Defendant.

---

# DEFENDANT'S PROSPOSED VERDICT

---

      We, the jury, present our Answers to Questions submitted by the Court, to which we have

unanimously agreed:

## CATEGORY I: BREACH OF INSTUANCE CONTRACT CLAIM

### QUESTION 1:

      Do you find that the Plaintiff, HamKim, Inc., proved by a preponderance of the evidence
all three (3) of the essential elements that Defendant breached the insurance contract, as set forth
in Jury Instruction No. 15?

      Yes _____

      No _____

**If your answer to Question 1 is NO, then do not answer Question 2, and proceed to
CATEGORY II, below. If your answer is YES, please proceed to Question 2.**

### QUESTION 2:

      Do you find that Defendant, AmGuard Insurance Compnay, has proven by a preponderance
of the evidence the elements of any one or more of its affirmative defenses, as set forth in Jury
Instruction No. 15?

      Yes _____

      No _____

---

If your answer to Question 2 is YES, then do not answer Questions 3 and 4, and proceed to CATEGORY II, below. If your answer is NO, please proceed to Questions 3 and 4.

**QUESTION 3:**

What amount of general damages, if any, as defined by Jury Instruction No. 17, do you find by a preponderance of the evidence were caused by the breach of the insurance contract by Defendant?

$_____

If you enter an amount of more than one dollar in your answer to Question No. 4, then do not answer question No. 3.  If your answer to Question No. 2 is zero dollars, then please answer Question No. 3.  Regardless of the amount you enter in response to Question Nos. 2 and 3, please proceeed to Question No. 4.

**QUESTION 4:**

If you find that the Plaintiff, HamKim, Inc. did not suffer any general damages caused by the breach of contract, then you may award it nominal damages of not more than one dollar.

$_____

**CATEGORY II: UNREASONABLE DENIAL OF INSURANCE BENEFITS**

**QUESTION 5:**

Do you find that the Plaintiff, HamKim, Inc., proved by a preponderance of evidence both of the two (2) essential elements of its claim for unreasonable denial of insurance benefits, as set forth in Jury Instruction No. 18?

Yes _____

No _____

If your answer to Question 5 is NO, then do not answer Question 6, and proceed to CATEGORY III, below. If your answer is YES, please proceed to Question 6.

**QUESTION 6:**

Do you find that Defendant, AmGuard Insurance Compnay, has proven by a preponderance of the evidence the elements of any one or more of its affirmative defenses, as set forth in Jury Instruction No. 18?

Yes _____

No _____

If your answer to Question 6 is YES, then do not answer Question 7, and proceed to CATEGORY III, below. If your answer is NO, please proceed to Question 7.

**QUESTION 7:**

What is the value of the insurance benefits, if any, do you find by a prepondance of the evidence owed to Plaintiff that were denied by AmGuard Insurance Company without a reasonable basis? (See Jury Instruction No. ?)

$_____

## CATEGORY III: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

**QUESTION 8:**

Do you find that the Plaintiff, HamKim, Inc., proved by a preponderance of evidence all four (4) essential elements of its claim that Defendant breached a duty of good faith and fair dealing, as set forth in Jury Instruction No. 23?

Yes _____

No _____

**If your answer to Question 8 is NO, do not answer the following question and sign where indicated below. If your answer to Question 8 is YES, please proceed to Question 9.**

**QUESTION 9:**

What is the value of the actual damages owed to Plaintiff caused by Defenadant's breach of duty of good faith and fair dealing? (See Jury Instructions No. 26)

$_____

## CATEGORY IV: WILLFUL AND WANTON

**QUESTION 10:**

Did Plaintiff prove beyond a reasonable doubt that Defendant acted in a willful and wanton manner in causing the Plaintiff's damages in breaching its duty of good faith and fair dealing as set forth in Jury Instruction No. 27? (See Jury Instructions Nos. 21, 22, 25, 27)

Yes _____

No _____

**If your answer to Question 10 is NO, do not answer the following question. If your answer to Question 10 is YES, please proceed to Question 11.**

**QUESTION 11:**

What is the amount that, if awarded, would punish Defendant for its willful and wanton breach of the duty of good faith and fair dealing and serve as an example to others? (See Jury Instruction No. 27)

$_____

## VERDICT CERTIFICATE

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return the same into court as our verdict.

SO SAY WE ALL this _____ day of _____, 2023.


_____          _____
Presiding Juror (signature)                                Presiding Juror (name printed)