## UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

Civil Action No. 2020-cv-01194-DDD-NRN

HAMKIM, INC. D/B/A VISTA INN,

        Plaintiff,

v.

AMGUARD INSURANCE COMPANY,

        Defendant.

---

## DEFENDANT AMGUARD INSURANCE COMPANY'S MOTION *IN LIMINE*

Defendant AmGuard Insurance Company ("AmGuard" or "Defendant"), by and through undersigned counsel, hereby submits the following Motion *in Limine*, prior to proceeding before the jury, and moves the Court for entry of an Order instructing counsel for Plaintiff HamKim, Inc. ("Plaintiff") and its witnesses not to mention or bring before the jury, either directly or indirectly, upon *voir dire* examination, opening statement, interrogation of witnesses, introduction of any evidence, argument, objections before the jury, reading any portion of the pleadings, or by any other means or in any manner any of the matters set forth in the numbered paragraphs below, unless and until such matters have been first called to the attention of the Court, out of the presence and/or hearing of the jury, and a favorable ruling obtained from the Court as to the admissibility and relevance of any such matters:

## D.C.COLO.LCivR7.1(a) CONFERRAL CERTIFICATION

On March 29, 2023, counsel for AmGuard conferred with counsel for Plaintiff regarding the relief sought in this Omnibus Motion *in Limine*. While Plaintiff is presently opposed to the relief sought herein, counsel agrees to continue conferral efforts prior to the deadline for submission of responses to these requests.

## INTRODUCTION AND LEGAL STANDARD

This case arises out of an alleged July 20, 2019 hailstorm that Plaintiff claims caused damage to hotel property it owns located in Pueblo, Colorado (the "Property"). Prior to the claimed date of loss, Plaintiff obtained insurance coverage for the Property from Defendant AmGuard Insurance Company, which Policy was effective on the date of the alleged loss. Plaintiff reported the alleged hailstorm damage to AmGuard, which assigned a claim number to the loss, inspected the Property, investigated and evaluated the claim, and issued a determination letter partially denying coverage for Plaintiff's claim for myriad reasons. Plaintiff then filed this lawsuit, alleging claims for breach of contract and unreasonable delay or denial of insurance benefits against AmGuard.

"A motion *in limine* is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995). Such motions permit courts "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *United States v. Cline*, 188 F. Supp. 2d 1287, 1291 (D. Kan. 2002). These rulings save the parties time, costs, and effort. *Cribari v. Allstate Fire & Cas. Ins. Co.*, 2019 WL 2436045, at *2 (D. Colo. June 11, 2019).

An order excluding evidence of the subjects outlined below comports with the Federal Rules of Evidence, will avoid unnecessary interruption to resolve objections, and will aid in efficiently presenting evidence and adjudicating the issues at trial. Each category warranting exclusion is addressed and set forth below.

**1.    Opinion Testimony That Was Not Properly and Timely Disclosed by Plaintiff's Retained Expert and Which is Not Relevant to the Claims at Issue:**

AmGuard requests that Plaintiff, by and through counsel or their witnesses, be prohibited from making any statement regarding, or offering any evidence or testimony about an expert opinion from Plaintiffs' retained expert that was not timely and properly disclosed. *See* Fed. R. Civ. P. 26(a)(2); Fed. R. Civ. P. 37(c). Specifically, AmGuard requests that Plaintiff's expert, Tom Irmiter, be precluded from testifying as to any updated estimates based on current pricing regarding the cost to repair alleged damage to the Property as untimely.

AmGuard further asks the Court to preclude Plaintiff from eliciting any evidence or testimony regarding estimates for the cost of repair based on current pricing because such evidence and testimony has no relevance to any issue in this proceeding.  Under the terms of the Policy at issue, the cost to repair is determined as of the date of loss.  Accordingly, evidence of "updated pricing" bears no relationship to Plaintiff's claims or damages or any other issue in this litigation, and would be highly prejudicial.  As such, AmGuard requests that the Court enter an order precluding any evidence or testimony regarding updated estimates for cost of repair based on current pricing pursuant to FRE 401 and 403 and Fed. R. Civ. P. 37(c).

## 2. Opinion Testimony From Witnesses That Plaintiff Did Not Disclose as Retained or Non-Retained Experts.

AmGuard requests that Plaintiff, by and through counsel or their witnesses, be prohibited from offering any evidence or testimony regarding an expert opinion from any witness not properly disclosed as a retained or non-retained expert. *See* Fed. R. Civ. P. 26(a)(2); Fed. R. Civ. P. 37(c); *see also Coastal Fuels Inc. v. Caribbean Petroleum Corp.*, 79 F.3d 182, 203 (1st Cir. 1996) ("A trial court may 'readily exclude a witness or exhibit if some previous order had set a deadline for identification and the proponent [has], without adequate excuse, failed to list the witness or exhibit.'" Specifically, Plaintiff should not be permitted to elicit expert opinions from any of the following witnesses identified by Plaintiff: Plaintiff's corporate representative, Chris Crosier, Kevin Kim, William Cox, and any other witnesses endorsed by Plaintiff to testify at trial. AmGuard also incorporates by reference its objections to Plaintiff's disclosure of non-retained experts, as more fully set forth in its Motion to Strike, filed contemporaneously herewith.

## 3. Limitation of Expert Testimony at Trial to Opinions Specifically Contained Within the Scope of their Disclosed, Written Reports.

Pursuant to Fed. R. Civ. P. 26(a)(2)(B) with respect to retained experts, a party must disclose a written report that contains, among other things, "a complete statement of all opinions the witness will express and the basis for them; the facts or data considered by the witness in forming them; and any exhibits that will be used to summarize or support them." Therefore, AmGuard request that the testimony of all experts be strictly limited to matters disclosed in detail in their reports pursuant to Fed. R. Civ. P. 26(a)(2) and Fed. R. Civ. P. 37(c).

**4.       Evidence of Speculative Damages**

AmGuard requests that Plaintiff be precluded from introducing evidence of Plaintiff's speculative damages, including but not limited to any evidence related to: 1) loss of occupancy suffered from loss of use due to damage to the property's roof; 2) net profits lost due to the decrease in occupancy; and 3) the extent of loss in net profits which will result from shutting the hotel for repair and remediation to the roof.  At the Rule 30(b)(6) deposition of Plaintiff on June 17, 2021, Plaintiff withdrew its designation of Chris Crosier and Kevin Kim as non-retained experts to testify as to these issues, and further withdrew its claim for damages regarding lost rents or lost profits at that time.  As such, Plaintiff is precluded from introducing any evidence on these issues at trial pursuant to Rules 26(a)(1)(A)(iii) and 37 of the Federal Rules of Civil Procedure and FRE 401, 402, and 403,

Plaintiff bears the burden of proving by a preponderance of the evidence the nature and extent of any alleged damages.  *See* CJI Civ. 6:1.  Plaintiff "must prove the damages [it] suffered with reasonable certainty" and, to do so, "must prove the fact of damage and provide evidence sufficient to allow a reasonable estimate of the loss sustained."  *Boulders at Escalante Ltd. Liab. Co. v. Otten Johnson Robinson Neff & Ragonetti Prof'l Corp.*, 412 P.3d 751, 763 (Colo. App. 2015); *Morrison v. Bradley*, 655 P.2d 385, 388 (Colo. 1982) (holding that an award of damages must be supported by "some evidence to prima facie establish with a reasonable degree of certainty damages of pecuniary loss"); *Gibbons v. Ludlow*, 304 P.3d 239, 249 (Colo. 2013) (plaintiff failed to establish any damages as a matter of law due to the lack of "evidence other than impermissible speculation" supporting the claimed damages).

Accordingly, AmGuard requests that Plaintiff be precluded from introducing evidence of speculative damages, including but not limited evidence regarding Plaintiff's withdrawn claim for lost rents and lost profits, pursuant to the FRE 401, 402, and 403, Fed. R. Civ. P. 37, and the legal authority set forth above.

5. **Allegations of Fraud or Acts of Impropriety.**

AmGuard requests that Plaintiff, by and through their counsel or their witnesses, be prohibited from alleging, suggesting, or arguing that AmGuard or its representatives committed any act of fraud or any other act of impropriety not alleged in its Amended Complaint [*ECF No. 21*].

6. **Undisclosed Economic Damages.**

AmGuard requests that Plaintiff be precluded from offering testimony or making arguments before the jury regarding elements or amounts of economic damages that were not timely disclosed by Plaintiff. *See* Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 37(c).

7. **Reference to Other Litigation.**

Plaintiff should be precluded from making any reference, directly or indirectly, concerning the existence, issues, outcomes or any other matter relating to any other claims or suits which have been made against AmGuard and its adjusters. Reference to any such matters is irrelevant to this case, unfairly prejudicial, and likely to confuse the jury pursuant to FRE 401, 402, and 403. *See Locke v. Vanderark*, 843 P.2d 27, 31 (Colo. App. 1992) (information concerning unrelated litigation should be barred from lawsuits, even for purposes of cross-examination, because such evidence tends to divert the jury's attention from the dispositive issues in the case, causing the sideshow to take over the circus); *Martensen v. Koch*, Civil Action No. 13-cv-02411-REB-CBS,

2015 U.S. Dist. LEXIS 8463, at *2 (D. Colo. Jan. 26, 2015) (excluding evidence of other lawsuits where "clear that the dangers of unnecessarily misleading the jury, confusing the issues, and unduly delaying the trial will substantially outweigh whatever marginal probative value this evidence might have").

**8.      Premiums Paid.**

Plaintiff should be precluded from offering evidence or statements at trial relating to Plaintiff's payment of premiums to AmGuard and/or the length of time Plaintiff has received insurance from AmGuard, as such matters are irrelevant and immaterial to any issue to be determined by the jury and are unduly prejudicial pursuant to FRE 401, 402, and 403.

**9.      Pre-Underwriting Inspection.**

AmGuard requests that counsel for Plaintiff or their witnesses, suggest, allude to, or argue that AmGuard failed to inspect the roof at issue prior to issuing a policy of insurance. The Policy at issue specifically provides that AmGuard has the right, but not the obligation to make inspections and surveys at any time, issue reports on conditions it finds, and recommend changes. *See* Businessowner's Policy at p. 47, Section III, Paragraph E. Inspections and Surveys (AMGUARD_000545). The Policy further provides that AmGuard is "not obligated to make any inspections, surveys, reports or recommendations…" *Id*.

Therefore, any comment, argument, or suggestion regarding whether AmGuard conducted an inspection of the property to determine whether or not the roof at issue was properly installed, maintained, and/or repaired prior to issuance of the policy at issue or prior to renewal of said policy is improper and irrelevant. Plaintiff has not disclosed any witness to testify on the scope or purpose of an underwriting inspection, nor testimony or evidence that suggests AmGuard had a duty to

inspect the property pre-loss to discover defective conditions. As such any evidence regarding underwriting inspections is irrelevant and would be unfairly prejudicial to AmGuard pursuant to FRE 401, 402, and 403.

## CONCLUSION

WHEREFORE, AmGuard prays that counsel for Plaintiff be instructed not to mention or bring before the jury, either directly or indirectly, upon *voir dire* examination, opening statement, interrogation of witnesses, argument, objections before the jury, or by any other means, or in any other manner, inform the jury or bring to the jury's attention, any of the matters set forth above unless and until any such matters have been first called to the Court's attention out of the presence and/or hearing of the jury, and a favorable ruling received from the Court as to the admissibility and relevance of any such matters; and that counsel for Plaintiff be specifically instructed to advise all of their witnesses not to volunteer, interject, disclose, state, mention in the presence of the jury, or in any way refer to any of the matters stated above, unless and until specifically questioned thereon after prior favorable ruling by the Court; and that counsel for Plaintiff be instructed that a violation of any and/or all of the Court's instructions, if any, in connection with items listed above, would be likely to constitute prejudicial harm to AmGuard's case and deprive AmGuard of a fair and impartial jury trial, and that such violation and failure to abide by the Court's Order may bring about a mistrial.

DATED: March 29, 2023

                                      Respectfully submitted,

                                      By: /s/ *Laura J. Ellenberger*
                                      Laura J. Ellenberger, #43931
                                      Jason D. Melichar, #31114
                                      Ryan A. Williams, #34545
                                      Wilson Elser Moskowitz Edelman & Dicker, LLP
                                      1225 17th Street, Suite 1700
                                      Denver, CO 80202
                                      (303) 572-5300
                                      (303) 573-5301 (fax)
                                      Laura.Ellenberger@wilsonelser.com
                                      Jason.Melichar@wilsonelser.com
                                      Ryan.Williams@wilsonelser.com
                                      *Attorneys for Defendant AmGuard Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2023, a true and correct copy of the foregoing **DEFENDANT AMGUARD INSURANCE COMPANY'S MOTION *IN LIMINE*** was filed via CM/ECF and served to the following counsel of record:

| | |
|---|---|
| Michael Y. Kim, #53637 | Preston J. Dugas, III |
| The Michael Kim Law Firm, PLLC | PJD Law Firm PLLC |
| 7700 E. Arapahoe Road, Suite 255 | 1701 River Run, Suite 703 |
| Centennial, CO 80112 | Fort Worth, TX 76107 |
| mkim@mkimlegal.com | preston@pjdlawfirm.com |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |

                                      /s/ *Laura J. Ellenberger*
                                      Laura J. Ellenberger