## UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01194-DDD-MDB

HAMKIM, INC., d/b/a/ VISTA INN,

       Plaintiff,

v.

AMGUARD INSURANCE COMPANY, a/k/a BERKSHIRE HATHAWAY
INSURANCE COMPANIES, a/k/a BERKSHIRE HATHWAY INC.,

       Defendant.

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE

TO THE HONORABLE JUDGE:

Plaintiff HamKim, Inc. d/b/a Vista, Inn ("Plaintiff" or "Vista Inn"), in the above-entitled and numbered cause, and files this its Response to Defendant's Motion in Limine and respectfully shows the Court as follows:

1. **<u>Opinion testimony that was not properly and timely disclosed by Plaintiff's retained expert and which is not relevant to the claims at issue</u>**.

Although beginning its motion in limine with a vague assertion as to preclusion of expert testimony not properly designated, the specific and ultimate issue sought by Defendant's motion in limine number 1 surrounds its request to preclude evidence and/or testimony regarding updated estimates and/or current pricing on the cost to repair the alleged damage to Plaintiff's property. Such is an ultimate issue of fact, encompassed within the various causes of action asserted by Plaintiff in this litigation. As an ultimate issue of fact, such is improper for inclusion in a motion for limine to the Court.

Further, as to Defendant's allegations of unfair prejudice pursuant to Federal Rules of Evidence 401 and 403, Defendant asserts that the contractual language limits the date and calculation of damages; however, Defendant fails to demonstrate any evidence of such alleged contractual language. Moreover, contract interpretation remains a fact issue for determination by the jury, and as such, is improper for inclusion in a motion for limine to the Court.

Plaintiff's expert's opinions, anticipated testimony, and basis were properly disclosed, and the scope of such testimony remains unchanged. In accordance with applicable Colorado law, Plaintiff is permitted to offer testimony and/or evidence in support of updated pricing and cost to repair, to reflect current day pricing and inflation, if applicable, as a part of its expectation damages in relation to its claims for breach of contract. *See Morgan v. The Genesee Co. LLC*, 86 P.3d 388, 396 (Colo. 2004) (holding that a property owner's earlier and no longer accurate list of repairs should not limit the damage sought by the property owner since the defendant was improperly attempting to bind [plaintiff] to an amount that, considered in context, was merely the latest bid for work not yet completed." *Id.*[1]

"In Colorado, the interpretation of an insurance contract is a question of law, to which traditional principles of contract interpretation apply. *USAA Cas. Ins. Co. v. Anglum*, 119 P.3d 1058, 1059 (Colo. 2005). A contract claim is brought to determine damages when one of the parties did not receive the benefit of the contract. "The root purpose of a contract remedy is 'to place the plaintiff-promisee in as good a position as [it] would have occupied had the defendant-promisor not breached the contract.'" *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1026 (10th Cir. 2018) (*quoting In re Carvalho*, 335 F.3d 45, 51 (1st Cir. 2003)). Such damages are known as "expectation damages," and in an action for breach of

---

[1] Whether a violation of Rule 26(a) or (e) is harmless is entrusted to the trial court's discretion. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

contract, "expectation damages are the norm." *Spring Creek*, 887 F.3d at 1026 (*citing Smith v. Farmers Ins. Exch.*, 9 P.3d 335, 337 (Colo. 2000))." *Yale Condos. Homeowner's Ass'n, Inc. v. Am. Fam. Mut. Ins. Co.*, S.I., 2021 WL 1222518, at *4 (D. Colo. Apr. 1, 2021).

Additionally, Colorado has adopted the "prevention doctrine" to bar insurers from asserting that a policyholder cannot recover replacement cost when the insurer's actions have precluded the policyholder from repairing the property. *Dupre v. Allstate Ins. Co.*, 62 P.3d 1024, 1032 (Colo. App. 2002), *cert den.* (Colo. 2003) (citing *Smith v. Mich. Basic Prop. Ins. Ass'n*, 441 Mich. 181 (1992) for holding that an "insurer could not deny replacement coverage based on insureds' failure to repair or replace the property within the policy time limit when insurer's denial of the claim stood in the way of obtaining financing for repair or replacement"). As the Colorado Court of Appeals noted in *Dupre*, "Defendant [in that case, Allstate Insurance Co.] may not rely on circumstances resulting from its own actions to deny coverage." 62 P.3d 1032. Any other result would be inequitable, i.e., where the carrier prevents the insured from doing repairs, the carrier cannot benefit from its own misconduct.

Such simply reflects "the general principle of law wherein if one prevents fulfillment of a condition precedent one cannot thereafter rely on such failure of the condition to defeat the agreement." *See Nat'l Life Ins. Co. v. Pre-Need Camelback Plan, Inc.*, 509 P.2d 652, 654 (Ariz. App. 1973). "'When "a promisor is [itself] the cause of the failure of performance of a condition upon which his own liability depends, [it] cannot take advantage of that failure."'" *Copper Creek Inc. v. State Farm Fire and Casualty Co.*, 2022 WL 17454493, at * 9 (D. Colo. December 6, 2022) (slip copy) (quoting *Montemayor v. Jacor Commc'ns, Inc.*, 64 P.3d 916, 920 (Colo. App. 2002)). To date, Defendant has paid nothing on Plaintiff's claim.

Accordingly, such evidence is proper, and can be elicited in admissible form from Plaintiff's expert at the time of trial and is subject to cross examination by Defendant. Furthermore, as the scope of Plaintiff's expert's testimony has not changed, such updated cost to repair and/or replace has no bearing on, and in no way affects, Defendant's expert's opposing position, and/or the testimony of its designated expert(s), which previously disagreed with, and refuted, the claims of Plaintiff's expert witness(es).

Taking the aforementioned into consideration, Defendant cannot demonstrate that the probative value of such evidence and/or testimony is substantially outweighed by unfair prejudice, nor that such testimony is irrelevant, under Federal Rule of Evidence 401 or 403. Moreover, Plaintiff reserved the right to supplement its expert(s)' opinions and/or designations in its disclosures.

As such, this motion in limine should be denied, in all things.

2. **Opinion testimony from witnesses that Plaintiff did not disclose as retained or non-retained experts**.

This limine request is improper, as it is more properly addressed in an expert challenge. Moreover, Defendant admits, and incorporates, its Motion to Strike into this request, and as such, this motion in limine is duplicative of another pending motion before the Court. This limine request would be more appropriately addressed in the Court's ruling on Defendant's Motion to Strike. To the extent necessary, Plaintiff herein fully incorporates by this specific reference its Response to Defendant's Motion to Strike.

Furthermore, Plaintiff contends that any issue with the qualifications and/or extent of the testimony to be offered by Plaintiff's proposed non-retained experts would also be appropriately challenged by voir dire examination of the witness outside the presence of the jury. The scope of their testimony, and qualifications thereof, are improper in a motion for limine.

Nonetheless, this limine request seeks exclusion of expert witness testimony from the following witnesses: Chris Crosier, Kevin Kim, and William Cox. The aforementioned witnesses were all properly identified and timely disclosed. Plaintiff has demonstrated basis for its motion in limine, aside from reference to its motion to strike, and as such, in the event the Court denies Defendant's Motion to Strike, this limine request should likewise be denied.

Additionally, to the extent the Court grants, in full or in part, any portion of Defendant's Motion to Strike with regard to the aforementioned witnesses, Plaintiff specifically reserves, and explicitly does not waive, its right to present fact witness testimony from Chris Crosier, Kevin Kim, and/or William Cox with regard to the relevant issues in dispute.

3. **Limitation of expert testimony at trial to opinions specifically contained within the scope of their disclosed, written reports**.

Plaintiff does not intend to elicit testimony from its retained experts as to matters outside of its expert's report, in compliance and conjunction with Federal Rule of Civil Procedure 26(a)(2)(B). As set forth in Plaintiff's expert disclosures, Plaintiff's expert witnesses shall offer testimony and opinions as to the causation and damages sustained by Plaintiff, which are set forth within his expert report, and supporting documentation, including but not limited to estimates. With the exception of supplementation and testimony of damages through updated estimates reflecting current pricing and/or cost to repair and/or replace, Plaintiff's expert(s) will offer no testimony outside of the disclosed expert report(s). To the extent necessary, Plaintiff fully incorporates by this specific reference its response to Defendant's motion in limine numbers 1 and 6, which address the issue of supplementation of updated damages to reflect current pricing and cost to repair and/or replace.

Taking the aforementioned into consideration, all issues relevant to this motion in limine have been properly, and timely, designated and disclosed to Defendant, and as such, this motion in limine is inapplicable, and should be denied.

4. **Evidence of speculative damages**.

Plaintiff agrees that it will not offer testimony and/or evidence of lost rents and/or lost profits as sought in Defendant's motion in limine number 4, based upon its withdrawal of such testimony and non-retained expert designation. Plaintiff: however, asserts that testimony related to non-monetary damage is not sought to be precluded by the wording of Defendant's motion in limine, and such is not waived, as it is highly probative to the fact issues to be presented to the jury.

5. **Allegations of fraud of acts of impropriety**.

Defendant's motion in limine number 5 seeks to restrict testimony to allegations of fraud and/or impropriety to those alleged in its live Complaint. Such factual allegations are directly relevant to Plaintiff's claims for bad faith handling of Plaintiff's claim, including but not limited to the unreasonable and improper acts of Defendants, and as such, relates to a core issue in dispute. Moreover, Plaintiff's expert(s) in this cause intend to offer testimony as to causation and damages, which also directly relates to the aforementioned claims. Such expert opinions are not required to be set forth in Plaintiff's pleadings, and as such, this motion in limine seeks to exclude extremely probative testimony and/or evidence. Further, such a limine requests disregards the fact that Federal Rule of Evidence 404(b)(2) sets forth permitted admission of evidence for purposes such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, and/or lack of accident, which could also directly related to Plaintiff's claims for bad faith in this litigation. Accordingly, this motion in limine should be denied, in all things.

6. **Undisclosed economic damages**.

At the outset, Plaintiff would show that Defendant's motion in limine number 6 is duplicative of its motion in limine number 1. As such, to the extent necessary and applicable, Plaintiff fully incorporates by this specific reference its response to Defendant's motion in limine number 1.

As previously demonstrated, Plaintiff's expert's opinions, anticipated testimony, and basis were properly disclosed, and the scope of such testimony remains unchanged. In accordance with applicable Colorado law, Plaintiff is permitted to offer testimony and/or evidence in support of updated pricing and cost to repair, to reflect current day pricing and inflation, if applicable, as a part of its expectation damages in relation to its claims for breach of contract. *See Morgan*, 86 P.3d at 396 (holding that a property owner's earlier and no longer accurate list of repairs should not limit the damage sought by the property owner since the defendant was improperly attempting to bind [plaintiff] to an amount that, considered in context, was merely the latest bid for work not yet completed." *Id*.[2] Such evidence is proper and can be elicited in admissible form from Plaintiff's expert at the time of trial, and is subject to cross examination by Defendant. Furthermore, as the scope of Plaintiff's expert's testimony has not changed, such updated cost to repair and/or replace has no bearing on, and in no way affects Defendant's expert's opposing position, and/or the testimony of its designated expert(s), which previously disagreed with, and refuted, the claims of Plaintiff's expert witness(es). In this respect, and for the reasons as set forth in response to Plaintiff's motion in limine number 1, which as noted above are fully incorporated herein by this specific reference, Defendant's motion in limine number 6 should be denied.

---

[2] Whether a violation of Rule 26(a) or (e) is harmless is entrusted to the trial court's discretion. *Woodworker's Supply, Inc.*, 170 F.3d at 993.

As to testimony and evidence regarding economic damages, aside from those set forth immediately above to which Plaintiff maintains its position on admissibility, Plaintiff does not intend to offer evidence and/or testimony of economic damages not set forth in its Federal Rule of Civil Procedure 26(a)(1) disclosures.

7. **Reference to other litigation**.

Evidence of Defendant's prior mishandling of other claims and resulting litigation is not only public record, but relevant of their pattern of conduct, unreasonableness, bad faith, and failure to adhere to industry standards. Such evidence its directly relevant to the claims asserted in this litigation and is proper pursuant Federal Rule of Evidence 404(b)(2), which outlines possible permitted admission of evidence for purposes such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, and/or lack of accident. As such, this motion in limine should be denied.

8. **Premiums paid**.

This limine seeks to exclude evidence and testimony that is directly relevant to Plaintiff's claims and elements, which necessitate that Plaintiff demonstrate it fulfilled its contractual obligations to Defendant. Such is a material element, and exclusion would preclude Plaintiff the ability to demonstrate that it committed no breach which would excuse, and/or otherwise waive its claims, to performance by Defendant. As such information is directly relevant to Plaintiff's claims, Defendant's challenge to relevancy and prejudice are outweighed by its probative value. Accordingly, this motion in limine should be denied.

9. **Pre-underwriting inspection**.

Defendant first seeks to limine reference to and/or testimony regarding Defendant's failure to inspect the underlying premises prior to issuance of a policy. On the other hand, Defendant then

in its paragraph two of this motion in limine seeks to limit evidence, testimony, and/or reference to whether Defendant ever inspected the underlying premises prior to the issuance of an insurance policy and/or renewal. At the outset, Plaintiff would show that Defendant's motion in limine, and the evidence and/or testimony sought to be precluded therefrom, is contradictory, confusing, and unclear, and for such reason, the motion in limine should be denied.

Despite such, Plaintiff would show the Court that Defendant's sole basis for such limine request is Defendant's claim that evidence of pre-underwriting inspection (either failure or actual occurrence, whichever is applicable) is irrelevant to the underlying claims and would act to be highly prejudicial. In response, Defendant would demonstrate that not only is evidence of pre-issuance inspection of the underlying premises highly probative, but there is no prejudice as such directly relates to an ultimate issue of fact. In this litigation, Defendant contends, and has based its defenses, upon its claim that the underlying premises possessed pre-existing damage prior to the occurrence upon which Plaintiff bases its claims. A pre-issuance inspection of the premises would provide direct and relevant evidence as to the condition of the property at the time the policy of insurance was issued and/or renewed, and which would directly relate to Defendant's defense of pre-existing damage. *See Sunflower Condo Ass'n Inc. v. Owners Ins. Co.*, 2018 WL 4901159, at *4—5 (D. Colo. Oct. 9, 2018) (aff'd 802 F.App'x 376 (10th Cir. 2020)) (finding underwriting materials may be probative of for distinguishment of pre- and post-storm damage).

Moreover, Defendant has included as part of its proffered exhibits for trial portions of its underwriting file. As such, Defendant is attempting to pick and choose which evidence it presents to the jury, without providing a clear picture of the full scope of the claims and defenses.

As such, Defendant cannot establish that the relevance and probative value of such evidence and/or testimony is substantially outweighed by prejudice, nor that any possible prejudice

would be unfair, given Defendant has based its position in this litigation, in substantial part, to its claim that Plaintiff's property had pre-existing damage. Accordingly, this motion in limine should be denied.

> Respectfully submitted,
>
> By: /s/*Michael Y. Kim*
> Michael Y. Kim, #53637
> The Michael Kim Law Firm, PLLC
> d/b/a MKim Legal
> 1001 Bannock Street, Suite 126
> Denver, Colorado 80204
> (303) 569-8288
> (214) 357-7531 Facsimile
> mkim@mkimlegal.com
>
> ATTORNEY FOR PLAINTIFF
> HAMKIM INC. d/b/a VISTA INN

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of April, 2023, I electronically served the foregoing document via electronic service and/or electronic mail to the following counsel of record:

Jason D. Melichar, #31114
Laura J. Ellenberger, #43931
Wilson Elser Moskowitz Edelman & Dicker, LLP
1225 17th Street, Suite 1700
Denver, Colorado 80202
(303) 572-5300
(303) 573-5301 Facsimile
Jason.Melichar@wilsonelser.com
Laura.Ellenberger@wilsonelser.com.

> /s/ *Michael Y. Kim*
> Michael Y. Kim