# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

Civil Action No. 2020-cv-01194-DDD-NRN

HAMKIM, INC. D/B/A VISTA INN,

        Plaintiff,

v.

AMGUARD INSURANCE COMPANY,

        Defendant.

## DEFENDANT AMGUARD INSURANCE COMPANY'S TRIAL BRIEF

Defendant AmGuard Insurance Company ("AmGuard" or "Defendant"), by and through undersigned counsel, submits its Trial Brief, as follows:

## INTRODUCTION

Plaintiff HamKim, Inc., the owner of a hotel property known as the Vista Inn located in northern Pueblo, Colorado (the "Property"), alleges the Property was damaged by a wind and hail storm on or about July 20, 2019. AmGuard issued a Businessowner's insurance policy number HABP014417 (the "Policy") to Plaintiff, effective February 23, 2019 through February 23, 2020, which provides, *inter alia*, coverage for physical loss to the Property, but excludes such coverage in certain instances. Plaintiff submitted a notice of claim (the "Claim"), reporting interior water damage due to exterior building damage caused by an alleged hail and wind weather event on July 20, 2019 (the "Storm"). Following an investigation of the Claim, including an inspection of the Property by an independent adjuster and inspection by a licensed professional engineer, AmGuard concluded there was partial coverage afforded to Plaintiff under the Policy for the damages

Plaintiff asserted. AmGuard notified Plaintiff of the results of its investigation of the Claim. Plaintiff did not dispute this determination with AmGuard. Instead, Plaintiff initiated the instant lawsuit alleging, *inter alia*, that AmGuard breached the insurance contract; unreasonably delayed and/or denied payment of a covered benefit; and willfully and wantonly breached its duty of good faith and fair dealing. AmGuard will demonstrate at trial that each of Plaintiff's claims are unsupported by the evidence, and, therefore, fail as a matter of law.

## II. LAW APPLICABLE TO PLAINTIFF'S CLAIMS

Plaintiff alleges three distinct but related causes of action against AmGuard under Colorado law: 1) breach of contract; 2) violations of C.R.S. §§ 10-3-1115 and 1116; and 3) common law bad faith breach of insurance contract.

### A. Breach of Contract Claim.

To prevail on its breach of contract claim, Plaintiff must demonstrate: 1) a contract was in existence between the Parties; 2) AmGuard failed to perform under the contract; and 3) Plaintiff substantially performed and complied with its obligations under the contract. *See Coors v. Sec. Life of Denver Ins. Co.*, 91 P.3d 393, 402 (Colo. App. 2003); CJI-Civ. 3:10. The evidence at trial will show that Plaintiff's breach of contract claim fails on the second and third elements.

### B. Violation of C.R.S. §§ 10-3-1115 and 1116.

Colorado law provides for both common law and statutory causes of action for bad faith breach of an insurance contract. As a general rule, "[a]n insured should not be allowed to automatically accuse an insurer of bad faith in every situation in which the insurer disagrees with the insured about the value of a claim." *Canady v. Nationwide Affinity Ins. Co. of Am.*, 2020 WL

376494, at *4 (D. Colo. Jan. 23, 2020). This is precisely the nature of Plaintiff's claims against AmGuard in this matter.

To prevail on its statutory bad faith claim, Plaintiff must prove that a benefit to which it was entitled under an insurance policy was unreasonably delayed or denied. *Vaccaro v. Am. Family Ins. Grp.*, 275 P.3d 750, 756 (Colo. App. 2012). The applicable statute, C.R.S. § 10-3-1115(1)(a), states: "[A] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." If the statutory requirement is met, a plaintiff is entitled to receive a penalty payment of two times the benefit (in addition to the benefit itself), plus reasonable attorney fees and costs. *See* C.R.S. § 10-3-1116(1). To prove its statutory claim, Plaintiff must demonstrate that AmGuard delayed or denied payment of benefits without a reasonable basis. *See* C.R.S § 10-3-1113 ("Under a policy of first-party insurance, the determination of whether the insurer's delay or denial was reasonable shall be based on whether the insurer knew that its delay or denial was unreasonable or whether the insurer recklessly disregarded the fact that its delay or denial was unreasonable."). The evidence at trial will show that AmGuard's partial denial of benefits was more than reasonable and justified.

**C.    Common Law Breach of Implied Covenant of Good Faith and Fair Dealing.**

The second cause of action for "bad faith" arises from the common law implied covenant of good faith and fair dealing implicit in every insurance contract. *Sanderson v. Am. Family Mut. Ins. Co.*, 251 P.3d 1213, 1217 (Colo. App. 2010). To prevail on its common-law bad faith claim, Plaintiff must prove that: "(1) the insurer acted unreasonably under the circumstances, and (2) the insurer either knowingly or recklessly disregarded the validity of the insured's claim." *Id*. Here,

3

Plaintiff cannot prevail on either point, let alone both. "Under Colorado law, it is reasonable for an insurer to challenge claims that are 'fairly debatable.'" *See Williams v. Owners Ins. Co.*, 621 F. App'x 914, 919 (10th Cir. 2015) (quoting *Zolman v. Pinnacol Assurance*, 261 P.3d490, 496 (Colo. App. 2011)). As to common law bad faith, there can be no recovery for extra-contractual relief when the policy at issue does not provide coverage for the alleged loss. *Am. Family Mut. Ins. Co. v. Allen*, 102 P.3d 333, 342 (Colo. 2004).

**D.     AmGuard's Partial Denial was Reasonable.**

Both Colorado common law and statutory bad faith claims impose liability if the insurer acted unreasonably. Both types of claim are evaluated objectively, based on industry standards. *Williams v. Owners Ins. Co.*, 621 F. App'x 914 (10th Cir. 2015). The question is whether a reasonable insurer under the circumstances would have denied/delayed payment of the claim. *Bankr. Estate of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 523 (Colo. App. 2008). Importantly, if the standard of care involves questions beyond that competence of ordinary persons, expert testimony may be required, but not if the standard is within the knowledge and experience of an average juror. *Surdyka v. DeWitt*, 784 P.2d 819, 822 (Colo. App. 1989).

Here, a determination of the applicable industry standards is not within the purview of ordinary persons and the aid of expert witnesses is required in order to establish objective evidence of industry standards. *See Redden v. SCI Colorado Funeral Services, Inc.*, 38 P.3d 75, 81 (Colo. 2001). The issue presented in this case - whether the defendant acted unreasonably even though they acted in reliance on an engineer's report and full investigation - are well outside the common experience of the jurors who will hear this case. A reasonably prudent person would not understand even the standard to which AmGuard must be judged, let alone be able to determine if

it met that standard. Plaintiff bears the burden of proof on this issue, but has failed to properly designate an expert to testify as to the applicable industry standards and whether AmGuard met those standards. David Werber, AmGuard's standard of care expert, will testify at trial that AmGuard's conduct in this matter was both reasonable and met the standard of care applicable to insurers in Colorado. For this reason, and those set forth above, Plaintiff's claims against AmGuard will fail.

**E.     Plaintiff's Claims are Frivolous.**

AmGuard intends to request an award of costs and attorney fees because the evidence at trial will demonstrate that Plaintiff's statutory bad faith claim is frivolous. Under Colorado law, a court *shall* award costs and attorney fees to the defendant in an action for unreasonable delay or denial of benefits if the action was "frivolous." *See* C.R.S. § 10-3-1116 (5). "A claim is frivolous if a party is unable to present a rational argument supporting it." *Villa Maison Homeowners Assoc., Inc. v. Owners Ins. Co.*, No. 17-cv-01542-RM-KMT, 2019 WL 3302165, at *1 (D. Colo. July 23, 2019) (citing *Bernal v. Lumbermeans Mut. Cas. Co.*, 97 P.3d 197, 204 (Colo. App. 2003)). C.R.S. § 13-17-101 provides for recovery of attorney fees when an action or part of an action "is determined to have been substantially frivolous, substantially groundless, or substantially vexatious." *See also Sifton v. Stewart Title Guar. Co.*, 259 P.3d 542, 546 (Colo. App. 2011) ("Such an award is an important sanction against an attorney or a party who improperly prolongs litigation."). "A claim is substantially groundless if the allegations in the complaint, while sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence at trial." *City of Aurora ex rel. Util. Enter. v. Colorado State Eng'r*, 105 P.3d 595, 618 (Colo. 2005). The evidence at trial will show that Plaintiff's statutory claims against

AmGuard are frivolous, and that AmGuard should be awarded its attorney fees and costs incurred in defending this matter.

### III. EXCLUSION OF PLAINTIFF'S RETAINED EXPERT PURSUANT TO FRE 702

Plaintiff designated Thomas J. Irmiter with Forensic Building Science, Inc. ("FBS") and disclosed Mr. Irmiter's Storm Damage Report and Estimate dated December 3, 2020. AmGuard intends to conduct extensive *voir dire* of Mr. Irmiter at trial pursuant to FRE 702 because the majority of the opinions Irmiter expresses in his Report and Estimate are neither relevant nor reliable under the applicable standards, and therefore not admissible.

Mr. Irmiter purports to opine on three areas of expertise:

1. Engineering and building science;
2. The severity and effects of the storm event in question; and
3. The cause of and reasonable and necessary scope of repairs, including the restoration and replacement work required.

As will be shown on *voir dire*, Mr. Irmiter is not qualified to offer expert testimony on these issues. First, Irmiter is not an engineer and has never been licensed as such. His company, FBS does not employ any licensed engineers. As such, Irmiter is not qualified to provide reliable expert opinions on scientific issues in this matter, *i.e.* whether wind and/or hail caused damage to the Property's roof. Second, Mr. Irmiter is not a meteorologist and has no training or education in this area. Therefore, he is not qualified to offer meteorological opinions regarding: the severity of the alleged Storm, whether hail or wind affected the Property on the date of the alleged loss, or that certain weather reports in the general vicinity of the Property indicate severe hail or wind that damaged the Property's roof.

Mr. Irmiter and Forensic Building Science are not qualified to render expert opinions on these issues, as will be demonstrated on *voir dire* of Mr. Irmiter at trial. Accordingly, Mr. Irmiter's proffered expert testimony should be excluded.

DATED: April 5, 2023

Respectfully submitted,

By: /s/ *Laura J. Ellenberger*
Laura J. Ellenberger, #43931
Jason D. Melichar, #31114
Ryan A. Williams, #34545
Wilson Elser Moskowitz Edelman & Dicker, LLP
1225 17th Street, Suite 1700
Denver, CO 80202
(303) 572-5300
(303) 573-5301 (fax)
Laura.Ellenberger@wilsonelser.com
Jason.Melichar@wilsonelser.com
Ryan.Williams@wilsonelser.com
*Attorneys for Defendant AmGuard Insurance Company*

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 5th day of April, 2023, a true and correct copy of the foregoing **DEFENDANT AMGUARD INSURANCE COMPANY'S TRIAL BRIEF** was filed via CM/ECF and served to the following counsel of record:

| | |
|---|---|
| Michael Y. Kim, #53637 | Preston J. Dugas, III |
| The Michael Kim Law Firm, PLLC | PJD Law Firm PLLC |
| 7700 E. Arapahoe Road, Suite 255 | 1701 River Run, Suite 703 |
| Centennial, CO 80112 | Fort Worth, TX 76107 |
| mkim@mkimlegal.com | preston@pjdlawfirm.com |
| *Attorney for Plaintiff* | *Attorney for Plaintiff* |

          /s/ *Laura J. Ellenberger*
          Laura J. Ellenberger